**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTOPHER BROOK FISHBECK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:18-cv-02248-CRC |
| v. ) | |
| ) | |
| THE ISLAMIC REPUBLIC OF IRAN, et al., ) | |
| ) | |
| Defendants ) | |
| ) | |

**AFFIDAVIT REQUESTING FOREIGN MAILING**

I, the undersigned, counsel of record for Plaintiffs, hereby request that the clerk mail a copy of the Second Amended Complaint, Summons, and Notice of Related Case to the following listed Defendants, as agencies and instrumentalities of a foreign state:

1. Bank Markazi Jomhouri Islami Iran, Mirdamad Boulevard, No. 198, Tehran, Iran, P.O. Box 15875/7177;

2. Bank Melli Iran, Ferdowsi Avenue, 10 Building, Tehran, Iran, 1135931596, Mail Box 11365.144; and

3. National Iranian Oil Company, Roodsar Street No. 18, District 6, Tehran, Iran

by: (*check one*)　　✓　**Certified or registered mail, return receipt requested**
　　　　　　　　　___　DHL
　　　　　　　　　___　Fed Ex

Pursuant to the provisions of (*check one*)
　　　　　　　___　FRCP 4(f)(2)(C)(ii)
　　　　　　　___　28 U.S.C. § 1608(a)(3)
　　　　　　　✓　**28 U.S.C. § 1608(b)(3)(B)**
　　　　　　　___　28 U.S.C. § 1608(a)(4)

In support of the above, Plaintiffs state as follows:

1. Defendants Bank Markazi Jomhouri Islami Iran (a/k/a "Bank Markazi"), Bank Melli Iran, and the National Iranian Oil Company ("NIOC"), are all agencies and

instrumentalities of Iran. Therefore, service of process involving these Defendants is governed by 28 U.S.C. § 1608(b).

2.     The Foreign Sovereign Immunities Act (FSIA) provides that a "foreign state… includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state…" 28 U.S.C. § 1603(a). Subsection (b) of the FSIA defines an "agency or instrumentality" of a foreign state as any entity which is (1) a separate legal person, corporate or otherwise; (2) an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.[1]

3.     **Defendant Bank Markazi is an Agency & Instrumentality of Iran** - Bank Markazi meets the criteria for an "agency or instrumentality of a foreign state" under 28 U.S.C. § 1603(b). Defendant Bank Markazi is a corporation formed under the laws of Iran with its principal place of business in Iran. Bank Markazi is the central bank of Iran and is, and was at all times since Plaintiffs first filed their original Complaint, wholly owned by the government of Iran. *See e.g.* 31 C.F.R. § 560.304. As Iran's central bank, Bank Markazi "is responsible for the design and implementation of the monetary and credit policies with due regard to the general economic policy of the country.., [and] also covers such functions as lending to banks, purchase and sale of government participation papers as well as other legal banking operations."[2] Therefore, Bank Markazi serves commercial purposes in Iran. Bank Markazi has been found to meet the criteria as an agency and instrumentality of Iran in prior cases. *See Havlish v. Usama Bin Laden (In re Terrorist Attacks on Sept. 11, 2001)*, No. 03 MDL 1570 (GBD), 2011 WL 13244047, at *41 (S.D.N.Y. Dec. 22, 2011) (finding Defendants Bank Markazi and the NIOC subject to liability "as agents of Iran under § 160[5]A of the FSIA"); and *Peterson v. Islamic Republic of Iran*, 758 F.3d 185, 188 (2d Cir. 2014), *aff'd sub nom. Bank Markazi v. Peterson*, 136 S. Ct. 1310 (2016) (finding Bank Markazi "is wholly-owned by the Iranian government").

4.     **Defendant Bank Melli Iran is an Agency & Instrumentality of Iran** – Defendant Bank Melli Iran meets the criteria for an "agency or instrumentality of a foreign state" under 28 U.S.C. § 1603(b). Bank Melli Iran is, and was at all times since Plaintiffs first filed their original Complaint, wholly owned by the government of Iran, formed under the laws of Iran and its principal place of business is in Iran. Bank Melli Iran serves commercial purposes in Iran. Bank Melli Iran describes itself as a "powerful arm of the government,"[3] and is identified as a "Commercial Government-Owned Bank."[4] Bank Melli Iran has previously been found to be an agency and instrumentality of Iran. *See Bennett v. Islamic Republic of Iran*, 927 F. Supp. 2d 833, 835 (N.D. Cal. 2013), *aff'd*, 799 F.3d 1281 (9th Cir. 2015), *opinion*

---

[1] 28 U.S.C. § 1332 (c) states "(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or Foreign State where it has its principal place of business…"; and 28 U.S.C. § 1332(e) states, "[t]he word 'States'", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico."

[2] Bank Markazi a/k/a "CBI," "General Information," *available at* https://www.cbi.ir/Page/GeneralInformation.aspx (last accessed April 24, 2019).

[3] Bank Melli Iran Corporate History, *available at* http://bmi.ir/En/BMIHistory.aspx?smnuid=10011 (last accessed April 24, 2019).

[4] *See* http://www.cbi.ir/simplelist/3088.aspx (last accessed April 24, 2019).

*withdrawn and superseded,* 817 F.3d 1131 (9th Cir. 2016), *and aff'd,* 817 F.3d 1131 (9th Cir. 2016), *and aff'd,* 825 F.3d 949 (9th Cir. 2016). Further, in other FSIA cases in which Bank Melli Iran has chosen to appear, it has conceded it is an agency and instrumentality. *See Kirschenbaum v. 650 Fifth Ave.,* 257 F. Supp. 3d 463, 519 (S.D.N.Y. 2017); *Weinstein v. Islamic Republic of Iran,* 609 F.3d 43, 48 (2d Cir. 2010) ("Finally, Bank Melli concedes that it is an instrumentality of Iran").

     5.    **Defendant NIOC is an Agency & Instrumentality of Iran** - Defendant NIOC- meets the criteria for an "agency or instrumentality of a foreign state" under 28 U.S.C. § 1603(b). NIOC is, and was at all times since Plaintiffs first filed their original Complaint, wholly owned by the government of Iran. It was formed under the laws of Iran, and its principal place of business is in Iran. NIOC is owned by Iran through its Ministry of Petroleum and operates as an agency of Iran that is directly affiliated with co-Defendant IRGC.[5] According to its website, "NIOC, in accordance with Article 44 of the Constitution, gives authority to different sectors, while supervising oil industry activities."[6] As the entity responsible for overseeing Iran's oil exploration, refinement, sales and distribution, NIOC serves commercial purposes in Iran. The court in *Havlish v. Usama Bin Laden* also found NIOC liable as an agency and instrumentality of Iran under the terrorism exception to sovereign immunity provided by FSIA. *In re Terrorist Attacks on Sept. 11, 2001,* No. 03 MDL 1570 (GBD), 2011 WL 13244047, at *41 (S.D.N.Y. Dec. 22, 2011); *see also National Iranian Oil Co. v. Ashland Oil, Inc.,* 817 F. 2d 326, 328 (5th Cir. 1987) (finding that NIOC is "an instrumentality of the Islamic Republic of Iran"). Similarly, The U.S. Treasury has designated NIOC and considers NIOC part of the Iranian government.[7]

     6.    I confirm that no special arrangement exists that provides for service between the Plaintiffs and these agency and instrumentality Defendants that would allow for service of process pursuant to 28 U.S.C. § 1608(b)(1).

     7.    I also confirm that Plaintiffs have undertaken a diligent and good faith search for an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process in the United States and have been unable to locate or identify any such agent or officer. Therefore this service option provided by 28 U.S.C. § 1608(b)(2) is not available to Plaintiffs.

     8.    I further certify that I have contacted the Overseas Citizens Services, U.S. Department of State through its website and confirmed that no treaty or applicable international convention governing service of judicial documents between the United States and Iran is in effect or applicable. Therefore this service option provided by 28 U.S.C. § 1608(b)(2) is not available to Plaintiffs.

---

[5] *See also* https://www.treasury.gov/press-center/press-releases/Pages/tg1718.aspx (last accessed April 24, 2019).

[6] "NIOC at a Glance," *available at* http://www.nioc.ir/portal/home/?generaltext/81026/81171/67776/ (last accessed April 24, 2019*).*

[7] *See* U.S. Treasury Resource Center, OFAC FAQ on Iran Sanctions, "the National Iranian Oil Company (NIOC) is a non-financial institution that has been identified as the Government of Iran and bears the [IRAN] tag." Available at https://www.treasury.gov/resource-center/faqs/sanctions/pages/faq_iran.aspx (last accessed April 24, 2019).

**9.** In further support of this Affidavit, I attach *Exhibit A – Letter to Clerk from Counsel.*

Based upon the foregoing, I certify and affirm that service of process pursuant to the provisions of 28 U.S.C. § 1608(b)(3)(B), by certified or registered mail with return receipt requested, is the appropriate method of service for Defendants Bank Markazi, Bank Melli Iran, and NIOC.

*/s/ Howard L. Nations*
Howard L. Nations
DC Bar No. TX 143
3131 Briarpark Drive
Suite 208
Houston, TX 77042