UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF<br>CHRISTOPHER BROOK FISHBECK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendants | Civil Action No. 1:18-cv-02248-CRC |

## MOTION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY

Plaintiffs respectfully move the Court for entry of an order permitting them to conduct third-party discovery pursuant to Federal Rules of Civil Procedure 26, 30, and 45. This motion is in support of Plaintiffs' obligation to prove Defendants' liability and Plaintiffs' resulting damages "by evidence satisfactory to the court." 28 U.S.C. 1608(e).

### Background

Plaintiffs are American service members and contractors, and family members thereof, who were killed or injured in terrorist attacks while serving in Iraq. Each of the attacks at issue was committed by terrorists armed, trained, funded, harbored, and otherwise materially supported by Defendants.[1] Plaintiffs allege that the Islamic Republic of Iran ("Iran") utilized its political subdivision, and its agents and instrumentalities to launch and sustain a coordinated campaign of terrorism in Iraq in order to sow discord and disrupt the Iraqi people (and Coalition

---

[1] Defendants include: 1) the Islamic Republic of Iran; 2) the Islamic Revolutionary Guard Corps; 3) the Iranian Ministry of Intelligence and Security; 4) National Iranian Oil Company; 5) Bank Markazi Jomhouri Islami Iran; and 6) Bank Melli Iran.

1

Forces) from achieving a free and democratic Iraq. First Amended Complaint, ECF. No 10 ("FAC"), ¶¶ 1-14; 168-192; 199; 453-464.

In order to fund this campaign of terror, and to imbue its terroristic goals with a semblance of plausible deniability, Iran and its Co-Defendants (as well as other unnamed co-conspirators), conspired with Western financial institutions to launder dollar-denominated assets through the United States in violation of U.S. and international economic sanctions. *See e.g*, *Id. at* ¶¶ 94-96; 110-118; 121; 136; 139; 446-452.  Defendants also conducted illicit trade-finance transactions and disguised financial payments to and from U.S. dollar-denominated accounts resulting in the transfer of hundreds of millions of U.S. dollars to the IRGC, MOIS, and Hezbollah which in turn used those funds to direct, train, arm, supply, fund and harbor Iran's terrorist agents in Iraq including the Jaysch al Mahdi (JAM) and the Special Groups, al Qaeda/al Qaeda in Iraq (AQ/AQI), and Ansar al Islam (AAI, f/k/a Ansar al Sunna).[2] Iran and its co-Defendants provided this material support so that these groups could carry out their attacks against Plaintiffs and their family members. *Id*. at ¶¶ 405-445. Therefore, Plaintiffs initiated this action under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq. (FSIA), against Defendants for "provi[ding] material support or resources" for acts of "extrajudicial killing" or attempted extrajudicial killing. 28 U.S.C § 1605A(a)(1).

---

[2] The United States designated Al Qa'ida, Ansar al Islam, and Al-Qa'ida in Iraq ("AQI") as Foreign Terrorist Organizations ("FTO") on October 8, 1999, March 22, 2004, and December 17, 2004, respectively. Lebanese Hezbollah was deemed a Specially Designated Terrorist (SDT) group on January 25, 1995, an FTO on October 8, 1997, and a Specially Designated Global Terrorist (SDGT) group on October 31, 2001. Kata'ib Hizbollah was designated an FTO and SDGT on June 24, 2009. Similarly, The U.S. Dept. of State designated Defendant IRGC a Foreign Terrorist Organization ("FTO") on April 15, 2019. Defendant NIOC was deemed a Specially Designated National ("SDN") in 2008 and an "agent" of the IRGC on September 9, 2012. Defendant Bank Melli Iran was designated as an SDN in October 2007. Defendant Bank Markazi has been designated and sanctioned several times as an SDN, and most recently on September 20, 2019, for its support of the IRGC and Hezbollah.

Plaintiffs filed their Amended Complaint on January 2, 2019. By November 7, 2019, Plaintiffs had served the Defendants and the Clerk of Court had entered notices of default against each Defendant. ECF Nos. 32, 33, 34, and 38. Plaintiffs' have filed a motion seeking an order to deem service of process upon each Defendant sufficient. ECF No. 39.

### Grounds for Granting Leave to Conduct Third Party Discovery

Even though the Defendants have failed to appear in this action, each Plaintiff must still "establish[] his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). Where a party must present evidence in a default action, third party discovery is appropriate. *See, e.g., Holness v. Nat'l Mobile Television, Inc.*, No. 09-cv-2601-KAM-RML, 2011 WL 1059115, at *4 (E.D.N.Y. Jan. 6, 2011), *report and recommendation adopted as modified*, No. 09-cv-2601-KAM-RML, 2011 WL 1085167 (E.D.N.Y. Mar. 21, 2011); *J & J Sports Prods., Inc. v. Wood*, No. 11-cv-1160-PJH-JSC, 2011 WL 6961334, at *4 (N.D. Cal. Nov. 2, 2011), *report and recommendation adopted*, No. C 11-1160 PJH, 2012 WL 33258 (N.D. Cal. Jan. 6, 2012) ("a defendant's default does not eliminate the opportunity to take third party discovery").

Plaintiffs request leave to conduct third party discovery because under FED.R.CIV.P. 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Because Defendants have defaulted, and Plaintiffs have no reason to believe they will appear in this case, a Rule 26(f) conference will likely not occur. *See, e.g., Alstom Power, Inc. v. Graham*, No. 3:15CV174, 2016 WL 354754, at *2 (E.D. Va. Jan. 27, 2016) ("The Court has 'broad discretion' to supervise discovery. This latitude extends to allowing discovery in the absence of a Rule 26(f)

conference.") (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014)).

This Court has permitted third party discovery relating to liability in 28 U.S.C. § 1605A default actions like this one. *See* Order, *Fritz v. Islamic Republic of Iran*, No. 15-cv-00456-RDM (D.D.C. Nov. 3, 2017) ("Plaintiffs may issue third-party subpoenas in light of Defendant Islamic Republic of Iran's default") (Moss, J.). Moreover, the FSIA does not add any restrictions to discovery requests against non-sovereign third parties. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 209-10 (2d Cir. 2012), a*ff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250 (2014) (noting that the FSIA does not relate to discovery and permitting discovery against "commercial banks that have no claim to sovereign immunity").

Plaintiffs propose seeking third-party discovery as described below. First, Plaintiffs will issue subpoenas or *Touhy* requests for the following governmental and third-party records:

- U.S. Department of Defense CIDNE Database files and data, including but not limited to, reports and analyses specifically referring to or referencing the attacks at issue in this case;

- Reports, documents, and evidence related to the attacks prepared or collected by Combined-Joint Task Force Troy and/or generated by its subordinate sections;

- AR-15-6 investigation reports, command investigation reports (a.k.a. JAGMAN investigations), preliminary inquiry reports, line of duty (LOD) investigation reports, and/or criminal investigations (e.g., from Army CID, NCIS or OSD) related to the attacks;

- U.S. Departments of Defense and Justice briefings, reports, maps, and notes that reference the attacks at issue and/or Iran's support of terrorist groups in Iraq;

- Casualty Reports, Report of Casualty Forms DD 1330, Serious Incident Reports (SIRs), AMHS messages and/or other similar documents that record the death or injury of a service member involved in the specific attacks;

- Third parties' documents and communications relating to Dollar-denominated ("USD") transactions with any Defendant that implicate U.S. or state laws and regulations prohibiting such transactions.

4

Second, Plaintiffs will seek discovery from the following third parties:

- United States Department of Defense and its sub-agencies and commands responsible for conducting operations in Iraq;

- Financial institutions that process or processed dollar-denominated transactions for Defendants;

- Other entities involved in processing dollar-denominated transactions for Defendants, such as the Society for Worldwide Interbank Financial Telecommunication (SWIFT), the Clearing House Interbank Payments System (CHIPS), and FedWire; and

- United States or New York state government agencies that enforce the laws and regulations described above.

Third, and as detailed in the Proposed Order annexed hereto, Plaintiffs intend to seek discovery according to the following schedule:

- Plaintiffs will undertake to serve all presently-contemplated third-party discovery subpoenas and requests by July 1, 2020; and

- Plaintiffs will be prepared to update the Court on their progress in pursuing this discovery in case status reports beginning August 14, 2020 or at any other interval preferred by the Court.

**Leave to Take More than 10 Depositions**

Plaintiffs also seek leave under FED.R.CIV.P. 30(a)(2) to take more than 10 depositions by oral examination and, likewise, to take more than 10 depositions by written questions pursuant to FED.R.CIV.P. 31(a)(2). Plaintiffs' counsel anticipates taking depositions of those Plaintiffs who were victims of the subject attacks as well as of non-party fact witnesses, including eyewitnesses to the attacks. Plaintiffs' counsel also anticipates taking depositions of family members of the attack victims and, potentially, of damages experts (*e.g.*, economists, medical providers). These depositions would be used during the damages proceeding. Counsel may also seek to present deposition testimony in lieu of live testimony at the liability hearings. *See* FED.R.CIV.P. 32(a)(4) (allowing the use of depositions in court proceedings where the

5

witness is more than 100 miles from the place of hearing, where the witness cannot attend because of age, illness, or infirmity, or where "exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used."). To the extent Plaintiffs intend to use depositions in lieu of live testimony pursuant to FED.R.CIV.P. 32, Plaintiffs will file a motion expressly seeking permission to do so. Such depositions may obviate the need for live testimony and streamline the presentation of evidence.

Dated: April 21, 2020.                                      Respectfully submitted,

/s/ Christopher G. Paulos
Christopher G. Paulos, *Pro Hac Vice*
Florida Bar No. 0091579
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY AND PROCTOR, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7067
Facsimile: (850) 436-6067
Email: cpaulos@levinlaw.com

/s/ Howard L. Nations
Howard L. Nations
DC Bar No. TX143
**THE NATIONS LAW FIRM**
9703 Richmond Avenue, Suite 200
Houston, TX 77042
Telephone: (713) 807-8400
Facsimile: (713) 807-8423
Email: howard@howardnations.com

*Attorneys for Plaintiffs*