UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE ISLAMIC REPUBLIC OF IRAN, et al., )<br>)<br>Defendants )<br>) | Civil Action No. 1:18-cv-02248-CRC |

**PLAINTIFFS' DECEMBER 1, 2020 STATUS REPORT**

Pursuant to the Court's Minute Order, dated August 11, 2020 Plaintiffs submit this Status Report outlining the progress of discovery.[1]

On April 21, 2020, Plaintiffs, by and through counsel, filed a Motion for Leave to Conduct Third Party Discovery.  Dkt. No. 40.  The Court granted the motion in its minute order dated August 11, 2020, providing Plaintiffs until October 21, 2020 to serve their discovery requests.  The Court further ordered Plaintiffs to submit a status report on the progress of discovery by December 1, 2020, and every 90 days thereafter.

Pursuant to the Court's August 11, 2020 Order, and as more fully detailed in the Declaration of Dustin B. Herman, Esq., attached hereto as **Exhibit 1**, Plaintiffs served 10 subpoenas on governmental agencies: eight (8) subpoenas on the Department of Defense ("DOD"), one (1) subpoena on the Department of Justice ("DOJ"), and one (1) subpoena on the Department of the Treasury.

---

[1] This status report provides an overview of the third-party discovery that was sent out, and the current status in order to keep the report brief.  If the Court desires additional briefing on the specific subpoenas and why the information sought is relevant, counsel for Plaintiffs will be happy to provide that information.

A DOJ attorney reached out to Plaintiffs regarding all 10 subpoenas. Plaintiffs and the DOJ attorney have agreed that written objections to the 10 subpoenas will be due on January 11, 2021 (which may be extended if necessary).

The subpoenas served on DOD, DOJ, and the Treasury requested documents pertinent to Plaintiffs' cases including information on attack locations, munitions used, terrorist groups responsible, and other documents that will assist Plaintiffs in establishing their claims "by evidence satisfactory to the court." *See* 28 U.S.C. § 1608(e). These discovery requests seek information used to support similar claims in cases involving Iranian-supported terrorist attacks in Iraq. *See e.g. Karcher, et al. v. Islamic Republic of Iran,* 396 F. Supp. 3d 12 (D.D.C. 2010). Plaintiffs' subpoenas and discovery requests are also similar to discovery sought in other cases involving the same Iranian-supported terrorist groups that operated in Iraq to attack and kill U.S. service members (*See e.g. Hake, et al. v. Bank Markazi Jomhouri Islami Iran, et al.*, Case No. 1:17-cv-00114-TJK (D.D.C); and *Holladay, et al., v. Islamic Republic of Iran, et al.,* Case No. 1:17-cv-915-RDM (D.D.C). Through meet and confers with DOD and DOJ, counsel for Plaintiffs have learned the primary custodians for the documents requested, as well as information pertinent to identifying the proper records. As such, Plaintiffs tailored their subpoenas to request the information most relevant to this case with as minimal burden on the government as possible.

Plaintiffs additionally served subpoenas on the Bank of China, Societe Generale, BNY Mellon, Bank of America, NatWest, Wells Fargo N.A, Citibank, JPMorgan Chase, and Intesa San Paolo, as detailed in the declarations attached hereto as **Exhibit 2** and **Exhibit 3**. These subpoenas requested information pertinent to showing how Iran laundered funds and financed various terrorist groups responsible for the attacks on Plaintiffs.

Bank of China and Societe Generale have already agreed to proposed protective orders with counsel for Plaintiffs. Wells Fargo, N.A, Citibank, JP Morgan Chase, Intesa San Paolo, Bank of America and BNY Mellon are still in negotiation with counsel for Plaintiffs for proposed protective orders. NatWest has not been responsive to date.

Counsel for Plaintiffs have further agreed with Bank of China, Societe Generale and BNY Mellon that the time clock to respond to their subpoenas will not begin until the protective orders are submitted and approved by the Court. Plaintiffs anticipate filing all of the agreed-upon protective orders at the same time once executed versions from each bank are received.

Furthermore, while third-party discovery is ongoing, Plaintiffs are continuing to obtain client-specific damages information such as medical records and military records to support a motion for default judgment and any evidentiary hearing(s) the Court deems necessary under 28 U.S.C. § 1608(e).

Dated: December 1, 2020

Respectfully submitted,

By: */s/ Dustin B. Herman*
DUSTIN B. HERMAN (*Pro Hac Vice*)
Ohio Bar No. 0093163
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Ave., East, Suite 1700
Cleveland, Ohio 44114
Telephone: (216) 696-3232
Facsimile: (216) 696-3924
Email: dherman@spanglaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been served by electronic filing with the Clerk via the CM/ECF system, which electronically notifies all registered participants. I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 1, 2020                              Respectfully submitted,

                                                            By: */s/ Dustin B. Herman*