# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>*Defendants*. | § § § § § § § § § § § § | **Case No.: 1:18-cv-02248-CRC** |

## PROTECTIVE AGREEMENT AND ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and among the plaintiffs in *Estate of Christopher Brook Fishbeck, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02248-CRC (the "*Fishbeck* Plaintiffs"); plaintiffs in *Joshua L. Holladay, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:17-cv-00915-RDM (the "*Holladay* Plaintiffs"); plaintiffs in *Estate of Robert P. Hartwick, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-1612-CKK (the "*Hartwick* Plaintiffs"); and plaintiffs in *George Lon Williams, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02425-RDM (the "*Williams* Plaintiffs" and collectively with the *Fishbeck* Plaintiffs, *Holladay* Plaintiffs, and *Hartwick* Plaintiffs, the "Plaintiffs") , on the one hand, and non-parties Bank of America, N.A., Citibank, N.A., Intesa Sanpaolo S.p.A., and JPMorgan Chase Bank, N.A. (collectively, the "Banks"), on the other hand, by and through their respective undersigned counsel, as follows:

1. This Protective Agreement and Order (the "Agreement") applies to "Confidential Information," as defined below, produced or otherwise disclosed by the Banks to the *Fishbeck* Plaintiffs in response to non-party subpoenas ("Subpoenas") that the *Fishbeck* Plaintiffs serve on

the Banks in *Estate of Christopher Brook Fishbeck, et al. v. The Islamic Republic of Iran, et al.,* Case No. 1:18-cv-02248-CRC (the "*Fishbeck* Action") pursuant to the August 11, 2020 Minute Order issued therein authorizing the *Fishbeck* Plaintiffs to commence third-party discovery. Counsel for the *Fishbeck* Plaintiffs represent each of the Plaintiffs in the *Fishbeck* Action; *Joshua L. Holladay, et al. v. The Islamic Republic of Iran, et al.,* Case No. 1:17-cv-00915-RDM; *Estate of Robert P. Hartwick, et al. v. The Islamic Republic of Iran, et al.,* Case No. 1:18-cv-1612-CKK; and *George Lon Williams, et al. v. The Islamic Republic of Iran, et al.,* Case No. 1:18-cv-02425-RDM (collectively with the *Fishbeck* Action, the "Actions," and each an "Action").

2.   The term "Confidential Information" as used in this Agreement means any record, spreadsheet, or other document produced by the Banks in response to the Subpoenas that the producing Bank, after reviewing such record, spreadsheet, or other document, designates or labels as "Confidential," including any information recorded or contained within such documents. For the avoidance of doubt, "Confidential Information" as used in this Agreement shall not include information derived exclusively from any public source or through discovery in another matter that is not subject to a protective order or confidentiality agreement, regardless of whether such information is duplicative of the information contained in the documents produced by the Banks.

3.   The *Fishbeck* Plaintiffs shall have the Agreement entered by the Court in the *Fishbeck* Action before the Banks' Confidential Information is produced to the *Fishbeck* Plaintiffs in response to the Subpoenas.

4.   Neither the *Fishbeck* Plaintiffs nor their counsel shall use the Banks' Confidential Information for any purpose other than to pursue the *Fishbeck* Plaintiffs' claims against, or enforce any judgment they may obtain against, the defendants in the *Fishbeck* Action, and shall not share the Banks' Confidential Information with the Plaintiffs in any other Action; *provided, however,*

that upon the entry of an order authorizing third-party discovery in another Action, then, and only then, the *Fishbeck* Plaintiffs and their counsel may share the Banks' Confidential Information with the Plaintiffs in such Action, who may use the Confidential Information solely for the purpose of pursuing such Plaintiffs' claims against, or enforcing any judgment they may obtain against, the defendant or defendants in such Action. For the avoidance of doubt, neither the *Fishbeck* Plaintiffs nor their counsel shall share the Banks' Confidential Information with the Plaintiffs in any Action unless and until an order authorizing third-party discovery is issued in such Action, and, if such an order is issued in an Action, neither the Plaintiffs in that Action nor their counsel shall use the Banks' Confidential Information for any purpose other than to pursue such Plaintiffs' claims against, or enforce a judgment against, the defendant or defendants in such Action. Moreover, Plaintiffs in the Actions other than the *Fishbeck* Action agree not to issue any further subpoenas to the Banks for the Confidential Information or for any other documents or information in the Actions.

5. Confidential Information may be used in connection with discovery proceedings in the Actions and as evidence in any application, motion, hearing, trial, or other proceeding in any of the Actions.

6. Once Confidential Information is produced by the Banks to the *Fishbeck* Plaintiffs, it may be disclosed, summarized or otherwise communicated, in whole or in part, consistent with the terms of this Agreement, only to the following persons, who may make use of such information only in connection with the Actions:

   a. counsel who represent parties in the Actions and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Agreement;

    b.   experts or consultants assisting counsel for those parties in the Actions, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Agreement, as set forth in ¶ 7 below;

    c.   potential or anticipated witnesses and their counsel in the Actions, but only after such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Agreement, as set forth in ¶ 7 below;

    d.   the courts in the Actions;

    e.   court reporters employed in connection with the Actions; and

    f.   any person that may be examined as a witness at trial in the Actions concerning any Confidential Information.

    7.    Before counsel may show or disclose Confidential Information to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Agreement and must sign the agreement, annexed as Exhibit A, to be bound by this Agreement. Any disclosure of Confidential Information to witnesses, experts and/or consultants must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the proceedings in the Actions.

    8.    The inadvertent disclosure by the Banks of any information subject to a claim of attorney-client privilege, attorney work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Nor shall this Agreement be construed as requiring the Banks, or any other branches or subsidiaries thereof, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law shall not be considered a waiver thereof.

9. Plaintiffs and the Banks further recognize that the obligations embodied herein shall apply only to the Confidential Information produced by the Banks, and shall not apply to information derived exclusively from other sources, including information already in the public domain, or information already known to counsel of the Plaintiffs or Plaintiffs, consultants or experts, or information obtained from a third party not under any obligation of confidentiality to the Banks regarding the information.

10. Any Confidential Information filed or otherwise submitted in any court proceeding in the Actions shall be filed under seal unless the producing Bank expressly waives that requirement in writing. Absent such a waiver, any person filing, submitting or otherwise using Confidential Information in any of the Actions shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record, including but not limited to seeking an order permanently excluding any Confidential Information used in the proceeding from the public record.

11. The obligations under this Agreement shall survive the termination of the Actions and shall continue to bind Plaintiffs and the Banks and any persons to whom Confidential Information is disclosed pursuant to this Agreement.

12. This Agreement may be signed by counsel in counterparts, which shall have the same force and effect as if all signatures appeared on one document. Email or facsimile copies of signatures shall also have the same force and effect as original signatures.

13. This Agreement shall be governed by, and construed in accordance with, the law of the State of New York. Any action or proceeding related to any dispute arising from this Agreement or the Subpoenas shall be brought in and resolved by the United States District Courts for the Southern District of New York. The parties hereby irrevocably and unconditionally waive

trial by jury in any such action or proceeding or the right to contest personal jurisdiction or venue in the Southern or Eastern District of New York.

**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY AND PROCTOR, P.A.**

By: */s/ Christopher G. Paulos*
Christopher G. Paulos (*Pro Hac Vice*)
Florida Bar No. 0091579
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: 850.435.7000
Facsimile: 850.436.6067
Email: cpaulos@levinlaw.com

Signed this 3rd day of February, 2021.

**THE NATIONS LAW FIRM**

By: */s/ Howard L. Nations*
Howard L. Nations
DC Bar No. TX143
9703 Richmond Avenue, Suite 200
Houston, TX 77042
Telephone: 713.807.8400
Facsimile: 713.807.8423
Email: howard@howardnations.com

Signed this 3rd day of February, 2021.

*Counsel for the Fishbeck Plaintiffs, Holladay Plaintiffs, Hartwick Plaintiffs, & Williams Plaintiffs*

**DAVIS POLK & WARDWELL LLP**

By: */s/ Craig Cagney*
Craig Cagney
450 Lexington Ave.
New York, NY 10017
Telephone: 212.450.3162
Email: Craig.Cagney@davispolk.com

*Counsel for Bank of America, N.A.*

Signed this 3rd day of February, 2021.

**KATSKY KORINS LLP**

By: */s/ Steven B. Feigenbaum*
Steven B. Feigenbaum
605 Third Avenue
New York, NY 10158
Telephone: 212.953.6000
Email: sfeigenbaum@katskykorins.com

*Counsel for JPMorgan Chase Bank, N.A.*

Signed this 3rd day of February, 2021.

**DAVIS POLK & WARDWELL LLP**

By: */s/ Gina Cora*
Gina Cora
450 Lexington Ave.
New York, NY 10017
Telephone: 212.450.4132
Email: Gina.Cora@davispolk.com

*Counsel for Intesa Sanpaolo S.p.A.*

Signed this 3rd day of February, 2021.

**DAVIS WRIGHT TREMAINE LLP**

By: */s/ Sharon L. Schneier*
Sharon L. Schneier
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212.489.8230
Email:  sharonschneier@dwt.com

*Counsel for Citibank, N.A..*

Signed this 3rd day of February, 2021.

SO ORDERED:

_____
CHRISTOPHER R. COOPER
UNITED STATES DISTRICT JUDGE

8