UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, *et al.*, | § § § § |
| *Plaintiffs*, | § **Case No.: 1:18-cv-02248-CRC** |
| v. | § § |
| THE ISLAMIC REPUBLIC OF IRAN, *et al.*, | § § |
| *Defendants*. | § § |

## PROTECTIVE AGREEMENT AND ORDER

**IT IS HEREBY STIPULATED AND AGREED** by Plaintiffs Joshua L. Holladay, et al., Estate of Christopher Brook Fishbeck, et al., Estate of Robert P. Hartwick, et al., and George Lon Williams, et al. ("Plaintiffs")[1] and non-party Bank of China New York Branch[2] (the "Bank"), by and through their respective undersigned counsel, as follows:

1. This Protective Agreement and Order (the "Agreement") applies to "Confidential Information," as defined below, produced or otherwise disclosed by the Bank to Plaintiffs in response to the subpoenas served by Plaintiffs in the above-captioned actions (the "Subpoenas").

2. The term "Confidential Information" as used in this Agreement means any record, document, thing or information that is designated or labeled "Confidential" by the Bank, including any summaries of information that was labeled as Confidential and produced by the Bank.

3. Plaintiffs shall have the Agreement entered by the Court in the following actions before the Bank's Confidential Information is shared with Plaintiffs: *Joshua L. Holladay, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:17-cv-00915-RDM; *Estate of Christopher Brook Fishbeck, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02248-CRC; *Estate of Robert P. Hartwick, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-1612-CKK; and *George Lon Williams, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02425-RDM (collectively, the "Actions").

4. After the Courts in each of the Actions enter the Agreement, Plaintiffs may use or

---

[1] As the term is used herein, "Plaintiffs" collectively refers to all named plaintiffs in the following actions currently pending in the United States District Court for the District of Columbia: *Estate of Christopher Brook Fishbeck, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02248-CRC; *Estate of Robert P. Hartwick, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-1612-CKK; *Joshua L. Holladay, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:17-cv-00915-RDM; and *George Lon Williams, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02425-RDM.

[2] For purposes of clarity, the Bank as defined herein refers only to the Bank of China New York Branch, and does not include the Bank's other branches, affiliates or subsidiaries, who are not subject to the Subpoenas.

3

disclose the Confidential Information in relation to Plaintiffs' claims against the defendant or defendants in any and all of the Actions. Confidential Information shall not be used or disclosed for any purpose other than in relation to Plaintiffs' claims against the defendant or defendants in the Actions.

5. Confidential Information may be used in connection with discovery proceedings in the Actions and as evidence in any application, motion, hearing, trial or other proceeding in the Actions in accordance with the procedures set forth in Paragraph 10 of this Agreement.

6. Once Confidential Information is produced, it may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Actions:

   a. counsel who represent parties in the Actions, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Agreement;

   b. experts or consultants assisting counsel for those parties in the Actions;

   c. potential or anticipated witnesses, and their counsel, in the Actions;

   d. the courts in the Actions;

   e. court reporters employed in connection with the Actions; and

   f. any person that may be examined as a witness at trial in the Actions concerning any Confidential Information.

7. Before counsel may show or disclose Confidential Information to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Agreement and must agree to be bound by the terms of the Agreement. Any disclosure of Confidential Information to witnesses, experts and/or consultants must be useful or necessary, in

the opinion of counsel, for the preparation for or conduct of the Actions.

8. The inadvertent disclosure by Bank of any information subject to the claim of attorney-client privilege, attorney work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Neither shall this Agreement be construed as requiring the Bank or any other branch, affiliate or subsidiary of the Bank to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law shall not be considered a waiver thereof.

9. Plaintiffs and the Bank further recognize that the obligations embodied herein shall not apply to information already in the public domain, or information already known to counsel of the Plaintiffs or Plaintiffs, consultants or experts, or information obtained from a third party not under any obligation of confidentiality to the Bank regarding the information.

10. Any Confidential Information filed or otherwise submitted in any court proceeding related to the Actions shall be lodged under seal. Any person filing, submitting or otherwise using Confidential Information in any such proceeding shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record, including, without limitation, seeking an order permanently excluding any Confidential Information used in the proceeding from the public record.

11. The obligations under this Agreement shall survive the termination of the Actions and continue to bind Plaintiffs and the Bank and the parties to whom Confidential Information is disclosed.

12. This Agreement may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall

have the same force and effect as original signatures.

13. This Agreement shall be governed by, and construed and interpreted in accordance with, the law of the State of New York. Any action or proceeding related in any way to this Agreement shall be brought in any State or Federal court located in the 1st Judicial District, State of New York. The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.

| LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY AND PROCTOR, P.A.<br><br>By: _____<br>Christopher G. Paulos (*Pro Hac Vice*)<br>Florida Bar No. 0091579<br>316 South Baylen Street, Suite 600<br>Pensacola, Florida 32502<br>Telephone: 850.435.7000<br>Facsimile: 850.436.6067<br>Email: cpaulos@levinlaw.com<br><br>Signed this __5th__ day of __March__, 2021 | DORSEY & WHITNEY LLP<br><br>By: _____<br>Daniel P. Goldberger<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: 212.415.9200<br>Email: goldberger.dan@dorsey.com<br><br>Signed this 11th day of November, 2020. |
|---|---|
| **THE NATIONS LAW FIRM**<br><br>Howard L. Nations<br>DC Bar No. TX143<br>9703 Richmond Avenue, Suite 200<br>Houston, TX 77042<br>Telephone: 713.807.8400<br>Facsimile: 713.807.8423<br>Email: howard@howardnations.com | |

*Counsel for non-party Bank of China New York Branch*

*Counsel for Plaintiffs*

SO ORDERED this __12th__ day of __March 2021__, ▇

_____
The Honorable Christopher R. Cooper

6