UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, *et al.*, | § § § § |
| *Plaintiffs*, | §  **Case No.: 1:18-cv-02248-CRC** |
| v. | § § |
| THE ISLAMIC REPUBLIC OF IRAN, *et al.*, | § § |
| *Defendants*. | § § |

## PROTECTIVE AGREEMENT AND ORDER

**IT IS HEREBY STIPULATED AND AGREED** by Plaintiffs Joshua L. Holladay, et al., Estate of Christopher Brook Fishbeck, et al., Estate of Robert P. Hartwick, et al., and George Lon Williams, et al. ("Plaintiffs")[1] and non-party Societe Generale (the "Bank"), by and through their respective undersigned counsel, as follows:

1. This Protective Agreement and Order (the "Agreement") applies to "Confidential Information," as defined below, produced or otherwise disclosed by Bank to Plaintiffs.

2. The term "Confidential Information" as used in this Agreement means any record, document, thing or information that is designated or labeled "Confidential" by Bank, after reviewing such record, document, thing or information.

3. Plaintiffs shall have the Agreement entered by the Court in the following actions before the Bank's Confidential Information is shared with Plaintiffs: *Joshua L. Holladay, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:17-cv-00915-RDM; *Estate of Christopher Brook Fishbeck, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02248-CRC; *Estate of Robert P. Hartwick, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-1612-CKK; and *George Lon Williams, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02425-RDM (collectively, the "Actions").

4. Plaintiffs, their counsel and agents shall not use or disclose the Confidential Information for any reason other than in relation to Plaintiffs' current claims against the current defendant or defendants in the Actions. Plaintiffs, their counsel and agents shall not use or disclose

---

[1] As the term is used herein, "Plaintiffs" collectively refers to all named plaintiffs in the following actions currently pending in the United States District Court for the District of Columbia: *Estate of Christopher Brook Fishbeck, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02248-CRC; *Estate of Robert P. Hartwick, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-1612-CKK; *Joshua L. Holladay, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:17-cv-00915-RDM; and *George Lon Williams, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02425-RDM.

the fact that the Bank has produced Confidential Information for any purpose other than in relation to Plaintiffs' claims against the defendant or defendants in the Actions. Bank reserves all of its rights including as to personal jurisdiction, or any domestic, state or local laws, or any law of a foreign jurisdiction and any production by Bank pursuant to Plaintiff's subpoena shall not effect a waiver of any defenses based on personal jurisdiction or otherwise, in the Actions or other matters.

5. Confidential Information may be used in connection with discovery proceedings in the Actions and as evidence in any application, motion, hearing, trial or other proceeding in the Actions.

6. Once Confidential Information is produced, it may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Actions:

   a. counsel who represent parties in the Actions, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Agreement;

   b. experts or consultants assisting counsel for those parties in the Actions;

   c. potential or anticipated witnesses, and their counsel, in the Actions;

   d. the courts in the Actions;

   e. court reporters employed in connection with the Actions; and

   f. any person that may be examined as a witness at trial in the Actions concerning any Confidential Information.

7. Before counsel may show or disclose Confidential Information to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Agreement. Any disclosure of Confidential Information to witnesses, experts and/or

consultants must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Actions.

8. The inadvertent disclosure by Bank of any information subject to a claim of U.S. or non-U.S. attorney-client privilege, attorney work-product, restrictions on production or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim.

9. Plaintiffs and Bank further recognize that the obligations embodied herein shall not apply to information already in the public domain, or information obtained by Plaintiff's counsel that is not subject to any confidentiality obligations.

10. Any Confidential Information filed or otherwise submitted in any court proceeding related to the Actions shall be filed in compliance with the Court's local rules, discovery orders, or other applicable law(s) or order(s). Any person filing, submitting or otherwise using Confidential Information in any such proceeding shall make a reasonable effort to prevent the Confidential Information from becoming part of the public record, including, without limitation, seeking filing such information under seal where such information is filed and an order permanently excluding any Confidential Information used in the proceeding from the public record where such information is used at trial, hearings related to default judgment, or other similar proceedings. However, if the plaintiff seeks such relief and the court does not grant it, then The Confidential Information may be used at trial, hearings relating to default judgment, and as the court may otherwise allow.

11. The obligations under this Protective Agreement shall survive the termination of the Actions and continue to bind Plaintiffs and Bank and the parties to whom Confidential Information is disclosed.

12. This Protective Agreement may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

13. This Agreement shall be governed by, and construed and interpreted in accordance with, the law of the State of New York. The parties hereby irrevocably and unconditionally waive trial by jury in any action or proceeding related in any way to this Agreement.

| LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY AND PROCTOR, P.A.<br><br>By: _____<br>Christopher G. Paulos (*Pro Hac Vice*)<br>Florida Bar No. 0091579<br>316 South Baylen Street, Suite 600<br>Pensacola, Florida 32502<br>Telephone: 850.435.7000<br>Facsimile: 850.436.6067<br>Email: cpaulos@levinlaw.com<br><br>Signed this __5th__ day of __March__, 2021. | SOCIETE GENERALE<br>CORPORATE & INVESTMENT BANKING<br><br>By: _/s/Patricia G. Corley_____<br>Patricia G. Corley<br>245 Park Avenue<br>New York, NY 10167<br>Telephone: 212.278.4115<br>Email: patricia.corley@sgcib.com<br><br>Signed this 11th day of February, 2021. |
|---|---|
| THE NATIONS LAW FIRM<br><br>Howard L. Nations<br>DC Bar No. TX143<br>9703 Richmond Avenue, Suite 200<br>Houston, TX 77042<br>Telephone: 713.807.8400<br>Facsimile: 713.807.8423<br>Email: howard@howardnations.com | *Counsel for Societe Generale* |

*Counsel for Plaintiffs*

SO ORDERED this __12th__ day of __March__, __2021__:

_____
The Honorable Christopher R. Cooper

6