UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants | ) ) ) ) ) ) Civil Action No. 1:18-cv-02248-CRC ) ) ) ) ) ) |

### PLAINTIFFS' MAY 28, 2021 STATUS REPORT

Pursuant to the Court's Minute Order, dated August 11, 2020, Plaintiffs submit this Status Report outlining the progress of discovery involving non-parties to this matter.

As directed in the August 11, 2020 Order, Plaintiffs served nineteen (19) subpoenas on non-parties, this included ten (10) subpoenas on United States government agencies, and nine (9) subpoenas on financial institutions.

**A. Subpoenas Served on Governmental Agencies.**

As reported to the Court in the March 1, 2021 Status Report, Plaintiffs have served ten subpoenas on governmental agencies including eight (8) subpoenas on the Department of Defense ("DOD"), one (1) subpoena on the Department of Justice ("DOJ"), and one (1) subpoena on the Department of the Treasury. Plaintiffs' counsel has been in contact with an attorney from the Department of Justice ("DOJ") regarding all of the governmental agency subpoenas.

Plaintiffs have conducted 6 meet and confers with the government regarding the ten subpoenas, and Plaintiffs and DOJ are working together to identify responsive documents in the possession of DOD, DOJ, and the Treasury and to minimize any burden in responding to Plaintiffs'

subpoenas.  Plaintiffs have also provided specific examples of the documents they are seeking. The meet and confer process has been cooperative and is ongoing.

In order to streamline discovery efforts, Plaintiffs asked DOD, FBI, and Treasury to first focus on a subset of 50 attacks. These attacks were selected because they exemplify the factual and legal issues in the case. These 50 attacks involve munitions and terrorist groups as well as locations, dates, tactics and other objective characteristics, which will be established in part through the materials sought from the government, and that can be used to group plaintiffs together to determine if Plaintiffs can meet their burden to establish liability and damages at a default hearing.

Plaintiffs had hoped to have a more substantive report for the Court about the status of discovery with the government, however, earlier this week we were advised that the government needed more time and should have some substantive information for us in the next week or two. Upon receipt of that information, Plaintiffs will supplement this Status Report.

**B. Subpoenas Served on Non-Party Financial Institutions.**

Plaintiffs served subpoenas on nine (9) non-party banks and to date have received production of documents from five (5) of the banks. The productions contain documents and data related to Plaintiffs' allegations of material support provided by Defendants to terrorist groups in Iraq, specifically Defendants NIOC, Bank Melli Iran, and Bank Markazi. Plaintiffs are assessing this information to determine if any further discovery is necessary.

Following the entry by the Court of the agreed upon protective orders on February 9, 2021 and March 12, 2021 (Dkt. Nos. 53 & 58), Wells Fargo, Bank of China, Societe Generale, BNY Mellon, Bank of America made productions.  With regard to Citibank, JPMorgan, and Intesa San Paolo, production has not yet been made, but the parties have been in communication regarding

the scope and method of production. Intesa San Paola has requested the parties agree to an EU standard contract related to data privacy advising Plaintiffs' counsel that this is required for their compliance with EU regulations. The contract was recently provided and is currently a being reviewed. NatWest has not been responsive to date.

**C. Other Discovery.**

Additionally, at the same time that the above-described third-party discovery is ongoing, Plaintiffs are continuing to obtain client-specific damages information such as medical records and military records to support a motion for default judgment and any evidentiary hearing(s) the Court deems necessary under 28 U.S.C. § 1608(e).

**D. Plaintiffs' Proposed Use of Exemplar or Bellwether Cases.**

Plaintiffs' respectfully request that the Court set a Scheduling Conference or a Status Conference so that Plaintiffs' counsel can advise the Court and respond to any questions the Court may have regarding the following case management proposal for a default hearing.

As noted above, Plaintiffs have identified 50 attacks to the government in order to focus its discovery efforts. To further that end, Plaintiffs propose to the Court that an Exemplar or Bellwether case process be established in order to address common legal and factual issues for all attacks at issue in the case. The claims of the plaintiffs involved in the 50 identified attacks have certain issues or facts that will allow the Plaintiffs and Court to group them in ways that will permit a streamlined evaluation of whether Plaintiffs can establish liability and damages in a manner that satisfies their obligations at a default hearing. These kinds of Exemplar or Bellwether cases can save the Court and the parties significant resources.

Such a process has been used in other FSIA cases involving multiple terrorist attacks by Iran or other actors who have defaulted. *See e.g.*, *Karcher, et al. v. Islamic Republic of Iran*, 396

F. Supp. 3d 12 (D.D.C. 2019); *Karcher*, Civ. A. No. 16-cv-232 (CKK), 2019 WL 4305482 (D.D.C. Sept. 11, 2019) (Utilizing a "bellwether" approach for 7 attacks to address issues common question of fact and law regarding Iran's liability for 93 separate attacks at issue); *see also Hake, et al. v. Bank Markazi et al.*, Civ. A. No. 17-cv-114 (TJK) (the court is receiving evidence in similar fashion to *Karcher*, and using exemplar cases to resolve global issues related to liability for 84 attacks); and *Zambon, et al. v. Islamic Republic of Iran*, Civ. A. No, 1:18-cv-02065 (JDB) (coordinating cases with *Cabrera v. Islamic Republic of Iran,* Civ. A. No. 19-cv-3855 (JDB) and using a bellwether process to assess Iran's liability for the claims of 1493 victims of nearly 350 individual attacks).

      Plaintiffs propose a similar case management process and respectfully request that the Court set a Scheduling Conference or Status Conference in order facilitate the establishment of such a process.

Dated: May 28, 2021                                   Respectfully submitted,

                                              By: */s/ Dustin B. Herman*
                                              DUSTIN B. HERMAN (*Pro Hac Vice*)
                                              Ohio Bar No. 0093163
                                              **SPANGENBERG SHIBLEY & LIBER LLP**
                                              1001 Lakeside Ave., East, Suite 1700
                                              Cleveland, Ohio 44114
                                              Telephone: (216) 696-3232
                                              Facsimile: (216) 696-3924
                                              Email: dherman@spanglaw.com

                                              */s/ Howard L. Nations*
                                              Howard L. Nations
                                              DC Bar No. TX143
                                              **THE NATIONS LAW FIRM**
                                              9703 Richmond Avenue, Suite 200
                                              Houston, TX 77042
                                              Telephone: (713) 807-8400
                                              Facsimile: (713) 807-8423
                                              Email: howard@howardnations.com

                                              *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been served by electronic filing with the Clerk via the CM/ECF system, which electronically notifies all registered participants. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 28, 2021                  Respectfully submitted,

                                        By: */s/ Dustin B. Herman*