# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TIMOTHY KARCHER, *et al.*,
    Plaintiffs

v.

ISLAMIC REPUBLIC OF IRAN,
    Defendant.

Civil Action No. 16-232 (CKK)

### PRETRIAL SCHEDULING AND PROCEDURES ORDER
(December 11, 2017)

    Having found that Plaintiffs properly effected service upon Defendant, which is now in default, *see* ECF Nos. 30-32, having received certain submissions from Plaintiffs that the Court requested to facilitate further proceedings in this civil action, *see* ECF Nos. 36-37, and in order to administer this action in a manner fair to the litigants, to ensure the expeditious and efficient resolution of this action pursuant to the Foreign Sovereign Immunities Act, to discourage wasteful pretrial activities, and to improve the quality of the upcoming liability hearing through advance preparation by Plaintiffs, it is, this 11th day of December, 2017, hereby

    **ORDERED** that Plaintiffs shall adhere to the following schedule:

    i.    The Court is in receipt of Plaintiffs' request that the Court conduct a "joint liability and bellwether damages hearing" lasting 5-6 days. Status Report, ECF No. 36, at 1. Under Plaintiffs' proposal, the Court would adjudicate a limited number of "bellwether" damages claims, and the "vast majority of the damages claims could subsequently be submitted to special masters for reports and recommendations." *Id.* at 2. Specifically, Plaintiffs propose that the Court appoint five such special masters, and Plaintiffs set forth a course of action for the special masters' proceedings. Status Report Ex. A, ECF No. 36-1, at 7-9. Plaintiffs' proposal appears to assume a finding by this Court that Defendant is liable. Rather, it may be appropriate to hold damages proceedings only after the Court makes a determination as to Defendant's liability and issues findings of fact and conclusions of law. At present, the Court requires further information regarding Plaintiffs' proposals for a liability hearing, a bellwether damages hearing, and subsequent special master hearings in order to determine the appropriate scheduling of further proceedings in this action.

    ii.    **<u>Liability Hearing</u>**

        a.    The liability hearing shall involve the Court's determination of whether to take under judicial notice certain facts proposed by Plaintiffs, *see* Brief on Jurisdiction and Judicial Notice of Facts, ECF No. 37, at 5-10, as well as its evaluation of additional evidence as needed to connect those facts with

the claims of specific Plaintiffs. *See, e.g.*, Memorandum Opinion at 4, *Foley v. Syrian Arab Republic*, No. 11-cv-699 (CKK) (D.D.C. Apr. 13, 2017), ECF No. 76 ("Plaintiffs concede that taking judicial notice of these findings does not conclusively establish the facts found in those cases. They merely ask that the Court take notice of these findings and consider them alongside the evidence Plaintiffs have presented in this case.") (citations omitted).

b. Accordingly, by no later than **JANUARY 5, 2018**, Plaintiffs shall file:

   i. A Status Report addressing the following matters so that the Court may set a reasonable schedule that will govern further proceedings in this action:

      1. The expected duration of a liability hearing in this action, excluding such time as Plaintiffs previously estimated to be necessary for their proposed bellwether damages portion of the hearing, and when Plaintiffs anticipate that they could be prepared and available for said liability hearing; and

      2. In light of Plaintiffs' interest in submitting certain information under seal, *see* Status Report, ECF No. 36, at 2, a description of any information and materials that they would propose to file under seal.

   ii. A list of the witnesses and exhibits they intend to present at the upcoming liability hearing. Plaintiffs should obtain more information regarding the protocol and template for the exhibit list from the Deputy Court Clerk, Ms. Dorothy Patterson.

      1. The list of witnesses shall identify all witnesses they may call to testify, separately identifying those whom they expect to present and those whom they may call if the need arises, and providing a description of the testimony to be elicited from each witness. Witnesses expected to provide opinion testimony must be designated by an asterisk.

      2. The list of exhibits shall identify all exhibits that may be offered into evidence by Plaintiffs, identifying each exhibit by title and date, setting forth a description of each exhibit, and separately identifying those exhibits which Plaintiffs expect to offer and those which they may offer if the need arises.

c. Subject to any adjustment the Court may make in light of Plaintiffs' filings due no later than January 5, 2018, Plaintiffs shall file a trial brief for the liability hearing by no later than **JANUARY 19, 2018**. At a minimum, the brief should lay out the elements of each of Plaintiffs' claims and the legal

        and factual support Plaintiffs will provide to satisfy each of those elements.

    d. Plaintiffs shall further note that following the liability hearing, the Court shall require Plaintiffs to file proposed findings of fact and conclusions of law.

iii. **Bellwether Damages Hearing**

    a. By no later than **JANUARY 5, 2018**, Plaintiffs shall file:

        i. A Status Report addressing the following matters so that the Court may set a reasonable schedule that will govern further proceedings in this action:

            1. The expected duration of a bellwether damages hearing in this action, excluding such time as Plaintiffs previously estimated to be necessary for their proposed liability portion of the hearing, and when Plaintiffs anticipate that they could be prepared and available for said bellwether damages hearing; and

            2. In light of Plaintiffs' interest in submitting certain information under seal, *see* Status Report, ECF No. 36, at 2, a description of any information and materials that they would propose to file under seal.

        ii. A list of the witnesses and exhibits they intend to present at any bellwether damages hearing. Plaintiffs should obtain more information regarding the protocol and template for the exhibit list from the Deputy Court Clerk, Ms. Dorothy Patterson.

            1. The list of witnesses shall identify all witnesses they may call to testify, separately identifying those whom they expect to present and those whom they may call if the need arises, and providing a description of the testimony to be elicited from each witness. Witnesses expected to provide opinion testimony must be designated by an asterisk.

            2. The list of exhibits shall identify all exhibits that may be offered into evidence by Plaintiffs, identifying each exhibit by title and date, setting forth a description of each exhibit, and separately identifying those exhibits which Plaintiffs expect to offer and those which they may offer if the need arises.

    b. Subject to any adjustment the Court may make in light of Plaintiffs' filings due no later than January 5, 2018, Plaintiffs shall file a trial brief for the

> bellwether damages hearing by no later than **JANUARY 19, 2018**. At a minimum, the brief should identify the legal basis for a bellwether damages hearing, the requirements for properly conducting such a hearing, and the standard for finding that a resulting bellwether damages determination is legally adequate to serve as a starting point for determination of other damages.

    iv. **Special Master Proceedings**

        a. By no later than **JANUARY 5, 2018**, Plaintiffs shall propose an administrative plan for conducting the special master proceedings, including, in addition to Plaintiffs' initial proposals contained in Status Report Ex. A, ECF No. 36-1, at 7-9, the following further details:

           i. The proposed method for selecting, from among the pool of special master candidates that would be generated by Plaintiffs' broad proposed criteria, specific suitable candidates to propose to the Court; and

           ii. The proposed method for facilitating the provision of funds pursuant to 28 U.S.C. § 1605A(e)(2). *Cf.* Amended Administrative Plan Governing Appointed Special Masters and Order at 2-4, *Valore v. Islamic Republic of Iran*, No. 03-cv-01959 (RCL) (D.D.C. Feb. 4, 2010), ECF No. 49-1 (describing method of payment and reimbursement of costs pursuant to more general funding mechanism under Fed. R. Civ. P. 53(c)).

Upon receipt of the aforementioned submissions, the Court shall determine whether to conduct a joint liability and bellwether damages hearing, or to hold a liability hearing and then defer damages proceedings to the special master(s). The Court shall hold a Status Hearing to discuss scheduling and any further information needed to facilitate proceedings in this action.

Plaintiffs are reminded of the procedures and requirements of this Court as set out in the Court's Order Establishing Procedures for Cases Assigned to Judge Colleen Kollar-Kotelly, ECF No. 4, and of the Court's strict adherence to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia.

**SO ORDERED.**

                                            /s/
                                  COLLEEN KOLLAR-KOTELLY
                                  United States District Judge