# EXHIBIT 9

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK ZAMBON et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Civil Action No. 18-2065 (JDB) |

## ORDER ON COORDINATING AFGHANISTAN-BASED CLAIMS

Upon consideration of [28] plaintiffs' May 21, 2021 status report (the "Status Report"), and the entire record herein, it is hereby

**ORDERED** that the following coordination plan shall govern further proceedings:

1. The Court will coordinate the litigation of the Afghanistan-based claims in this proceeding, as described in the Status Report, with <u>Cabrera v. Islamic Republic of Iran</u>, Civ. A. No. 19-cv-3835 (JDB). For future status reports, counsel shall submit combined reports that address the <u>Cabrera</u> claims and the Afghanistan-based <u>Zambon</u> claims together.

2. Moving forward, counsel shall make all filings applicable to the Afghanistan-based claims in this proceeding—except for filings that are limited only to plaintiffs in this proceeding and that do not discuss any issues in <u>Cabrera</u>—on both this docket and the <u>Cabrera</u> docket. Those filings shall be deemed to apply to the Afghanistan-based plaintiffs in this proceeding unless otherwise specified.[1]

---

[1] The Afghanistan-based plaintiffs in this proceeding are the following direct victims, and any associated family members: Mark Zambon; James Amos; Daniel Brown; Samuel Brown; Skyler Coleman; Dominic Davila; Larry Draughn; Curtis Duarte; Dominic Fernandez; Ramiro Flores; Kendra Garza; Jason Gibson; Ruben Gomez; Jason Hallett; Adam Hartswick; Bradley Ivanchan; Jacob Janes; Brian Jergens; Terence Jones; Justin Lane; Jacob Lerner;

1

3. Any fact and expert evidence admitted in Cabrera shall be admitted in this proceeding. Similarly, discovery shall be coordinated across the two proceedings, such that any records produced in response to a subpoena or discovery request issued in Cabrera shall be made a part of the discovery record in this proceeding. Any evidentiary or discovery rulings made by this Court in Cabrera shall apply to this proceeding as well.

4. Any future findings of fact or conclusions of law made by this Court in Cabrera shall govern the Afghanistan-based claims brought by plaintiffs in this proceeding.

5. Plaintiffs shall litigate the Afghanistan-based claims in this proceeding based on written submissions, as part of the non-bellwether phase in Cabrera. See Case Management Order [ECF No. 28] ¶ 8, Cabrera v. Islamic Republic of Iran, No. 19-cv-3835-JDB (D.D.C. Dec. 14, 2020). Like the non-bellwether Cabrera plaintiffs, the Afghanistan-based plaintiffs in this proceeding shall litigate their claims based on the findings of fact and conclusions of law this Court makes as to the bellwether plaintiffs in Cabrera.

6. In a future order, the Court will establish a schedule for deciding the claims of the Iraq-based Zambon plaintiffs, following the Court's hearing of the Cabrera and Zambon Afghanistan-based claims. The Iraq-based Zambon plaintiffs shall submit future status reports on those claims on the same schedule as the Cabrera and Afghanistan-based Zambon claims.

7. Plaintiffs shall file another status report on the dockets for both this case and Cabrera by July 20, 2021, addressing both the Zambon Afghanistan-based claims and the Cabrera

---

Jose Martinez-Hernandez; Jordan Maynard; Brian Meyer; Jedidiah Morgan; Brandon Rumbaugh; Joshua Sams; Samuel Shockley; Daniel Stamper; Kyle Stewart; Cameron Stuart; Matthew Sullivan; Carlos Torres; Julian Torres; Christopher Van Etten; Jesse Watson; Cameron West; Brian Williams; Jack Williams; Jack Zimmerman; Jonathan Benton; Isaac Blunt; Carey DuVal; Michael Fox; Justin McLoud; Ricardo Perez Ramos; Nathan Rimpf; Gregory Stube; Joshua Sust; Guillermo Tejada; and Seth Wakeling.

claims. On the same day, the Iraq-based Zambon plaintiffs will file a separate status report on this docket addressing their claims.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: May 27, 2021