UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 1:18-cv-02248-CRC |

**PLAINTIFFS' UPDATED PROPOSED CASE MANAGEMENT PLAN**

Pursuant to the Court's Minute Entry of October 20, 2021, and the hearing on October 19, 2021, Plaintiffs now submit their updated proposed case management plan with a schedule for implementation of the plan.

**I.      Stage One – Subject Matter Jurisdiction: Motion filed by March 15, 2022**

In stage one, Plaintiffs will establish the Court's subject matter jurisdiction by proving two elements. First, Iran was a designated state sponsor of terrorism at the time the terror attacks occurred and at the time the lawsuit was filed. 28 U.S.C. § 1605A(a)(2)(A)(i)(I). Second, the direct victims were U.S. nationals, members of the U.S. armed forces, or U.S. government employees or contractors at the time of the terrorist act. 28 U.S.C. § 1605A(a)(2)(A)(ii), (c).

Plaintiffs can establish these two elements by written motion and brief accompanied by documentary evidence submitted to the Court by March 15, 2022. The first element (Iran's designation as a state sponsor of terrorism) will be established through judicially noticeable facts and prior court findings. The second issue (status of Plaintiffs) will be established through declarations and primary documents (birth certificates, military records, etc.).

**II.    Stage Two – Iran's Material Support for the Terrorist Groups that Committed the Subject Attacks: Motion filed by May 2, 2022**

In stage two, Plaintiffs will begin proving the "material support" element of their claims. To do this, Plaintiffs will present a motion for findings of fact and conclusions of law related to Iran's provision of material support to the terrorist groups that committed the subject attacks. The motion will be accompanied by a brief, expert reports, expert declarations, and supporting exhibits. Plaintiffs can present this motion and accompanying material to the Court by May 2, 2022.

**III.   Stage Three – Iran's Material Support for the Subject Attacks**

In stage three, Plaintiffs will present evidence that the subject attacks were committed by the terrorist groups that Iran materially supported (*i.e.*, the groups addressed in stage two). Stage three consists of two parts: presentation of bellwether, or exemplar, attacks to the Court; and presentation of the remaining attacks to Special Masters (pursuant to Fed.R.Civ.P. 53) who will submit reports and recommendations to the Court regarding liability.

   **A.  Part One: Bellwether Attacks: Hearing in September 2022**

By August 12, 2022, Plaintiffs will submit a brief to the Court identifying the proposed six to ten bellwether attacks and outlining the evidence Plaintiffs intend to present at the bellwether hearing. Plaintiffs request that the hearings, which will likely last three (3) days, take place in September 2022. Forty-five (45) days after the hearing, Plaintiffs will submit a motion for a finding of liability with respect to the bellwether attacks along with proposed findings of fact and conclusions of law.

   **B.  Part Two: Non-bellwether Attacks - Referral to Special Masters; Special Masters' Reports and Recommendations (on a rolling basis)**

The non-bellwether attacks will be referred to Special Masters at Plaintiffs' cost under Fed.R.Civ.P. 53. To that end, in November 2022, following the bellwether hearing, and in anticipation of the Court's rulings on the bellwether attacks, Plaintiffs will file a motion for

appointment of Special Masters. Plaintiffs' motion will include a list of proposed Special Masters and the proposed terms of the appointment under Fed.R.Civ.P. 53.

After the Court's liability ruling on the bellwether attacks, Plaintiffs will begin submitting evidence on the non-bellwether attacks to the Special Masters. The evidence will be presented in written briefs accompanied by declarations, documents, expert witness reports, plaintiff fact sheets, and proposed findings of fact and conclusions of law. The Special Masters, guided by the Court's ruling on the bellwether attacks, will then submit reports and recommendations to the Court. Plaintiffs recommend that, for the sake of efficiency, the Special Masters address the attacks in tranches or selected groups (*e.g.*, 40-50 attacks at a time) in order to minimize the number of separate reports and recommendations the Court will receive. Plaintiffs propose submitting a tranche of non-bellwether attacks to the Special Masters every one hundred and twenty (120) days, beginning one hundred and twenty (120) days after the Court enters a finding of liability on the bellwether attacks. Plaintiffs propose following the twenty-one (21) day deadline under Fed.R.Civ.P. 53(f)(2) to file objections to the Special Masters' reports and recommendations.

**IV.    Stage Four – Damages – Thirty (30) days after finding of liability is entered (on a rolling basis)**

Plaintiffs will file a motion for the appointment of Special Masters to hear damages under 28 U.S.C. § 1605A(e), thirty (30) days after a finding of liability is entered. This stage will be attack-specific and will be triggered once the Court enters a liability finding as to specific attacks. Thus, the Plaintiffs injured in the bellwether attacks (and their family members who are solatium Plaintiffs) will file their motion thirty (30) days after the Court enters a liability finding as to the bellwether attacks. Sixty (60) days after the Court enters an order appointing Special Masters to hear damages, Plaintiffs will present their damages evidence to the Special Masters. Plaintiffs will

then have twenty-one (21) days after a Special Master issues a report and recommendation to file objections.

Thirty (30) days after the Court rules on the Special Master's damages report and recommendation, the affected Plaintiffs will file a motion for entry of final judgment. After entry of final judgment, Plaintiffs will serve a copy of the judgment on Defendants under 28 U.S.C. § 1608(e).

**V.    Summary of Schedule**

- March 15, 2022: Plaintiffs will file a motion regarding subject matter jurisdiction.

- May 2, 2022: Plaintiffs will file a motion regarding Iran's material support for the subject terrorist organizations.

- August 12, 2022: Plaintiffs will file a brief identifying bellwether attacks and evidence for the hearing.

- September 2022: Plaintiffs will present their evidence regarding the bellwether attacks during a three-day evidentiary hearing.

- Forty-five (45) days after the bellwether hearing: Plaintiffs will submit proposed findings of fact and conclusions of law regarding the bellwether attacks.

- November 2022: Plaintiffs will file a motion for the appointment of Special Masters under Fed.R.Civ.R. 53 regarding the non-bellwether attacks.

- Thirty (30) days after finding of liability: Plaintiffs will file a motion for the appointment of Special Masters to hear damages pursuant to 28 U.S.C. § 1605A(e). Plaintiffs will have twenty-one (21) days after a Special Master issues a report and recommendation to file objections.

- Beginning one hundred and twenty (120) days after the Court's ruling on liability for the bellwether attacks, on a rolling basis and in tranches or selected groups, Plaintiffs will submit their evidence regarding liability for the non-bellwether attacks to the Special Masters. Plaintiffs will have twenty-one (21) days after a Special Master issues a liability report and recommendation to file objections.

- Sixty (60) days after the Court rules on the Special Masters' reports and recommendations related to liability for successive tranches of attacks: Plaintiffs will submit their damages evidence to the Special Masters to issue reports and recommendations as to damages. Plaintiffs will have twenty-one (21) days after a Special Master issues a damages report and recommendation to file objections.

- Thirty (30) days after the Court rules on the Special Master's damages reports and recommendations: Plaintiffs will file motions for entry of final judgment, followed by requests to serve judgment under 28 U.S.C. § 1608(e).

The foregoing case schedule does not detail non-substantive procedural activity that may occur, such as discovery-related motions (if necessary) and a motion for leave to amend the complaint to correct typographical errors and to include a claim for prejudgment interest. In addition, Plaintiffs propose that, as part of the case management plan, they provide the Court periodic status reports regarding discovery efforts with the Department of Defense every sixty (60) days, as well as any related rulings and findings in other similar FSIA matters.

For the reasons set forth above and in the original case management proposal (Dkt. 69), Plaintiffs respectfully ask the Court to implement the foregoing case management plan.

Dated: November 9, 2021.	Respectfully submitted,

By: */s/ Christopher G. Paulos*
Christopher G. Paulos
DC Bar No. 1615782
Florida Bar No. 0091579
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7000
Facsimile: (850) 436-6067
Email: cpaulos@levinlaw.com

*/s/ Howard L. Nations*
Howard L. Nations
DC Bar No. TX143
**THE NATIONS LAW FIRM**
9703 Richmond Avenue, Suite 200
Houston, TX 77042
Telephone: (713) 807-8400
Facsimile: (713) 807-8423
Email: howard@howardnations.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by electronic filing with the Clerk via the CM/ECF system, which electronically notifies all registered participants.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 9, 2021.                    Respectfully submitted,

                                            */s/ Christopher G. Paulos*