# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) Civil Action No. 1:18-cv-2248-CRC |
| v. | ) ) |
| THE ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) ) |
| Defendants. | ) ) |

**[PROPOSED] PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(d) and 5 U.S.C. § 552a(b)(11), the Court enters this Protective Order upon motion of the Plaintiffs and pursuant to an agreement between the Plaintiffs and non-party the U.S. Department of Defense ("DOD") (referred to as a "party" for the purposes of this proposed Protective Order), for the purpose of ensuring the confidentiality of certain records and information that may be disclosed by DOD in the course of discovery proceedings in the above-captioned lawsuit (hereinafter, "the *Fishbeck* litigation").

Good cause exists for entry of this Protective Order because documents or information may be disclosed by DOD that contain sensitive personal information, including personally identifying information maintained in a system of records as defined in 5 U.S.C. § 552a(a)(5), as well as other sensitive personal information, such that an order authorizing disclosure pursuant to 5 U.S.C. § 552a(b)(11) and otherwise protecting the information is appropriate.  This Protective Order governs the disclosure of such information to the parties, their respective counsel, and the Court in the *Fishbeck* litigation.

Accordingly, it is HEREBY ORDERED

1. DOD is authorized to disclose in this action discoverable information and documents that otherwise would be prohibited from disclosure under the Privacy Act ("Privacy-Act Protected Information") to the parties, their respective counsel, and the Court.

2. DOD is also authorized to disclose other sensitive personal information pertaining to individuals, not within the purview of the Privacy Act, that DOD believes should not be subject to unrestricted public release ("Other Protected Information").

3. All documents or information disclosed in the *Fishbeck* litigation containing either Privacy-Act Protected Information or Other Protected Information are hereby designated as confidential and shall be marked with the term "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or with some other similar marking.

4. Information designated under Paragraph 3 may be disclosed only to the following persons:

   (a) the parties in the *Fishbeck* litigation; counsel for the parties in the *Fishbeck* litigation and members of their support staff with an appropriate need to know;

   (b) witnesses, consultants or experts retained by the parties in connection with the *Fishbeck* litigation and with an appropriate need to know;

   (c) the Court and its personnel in the *Fishbeck* litigation; and court reporters or stenographers engaged to record court proceedings and/or deposition testimony in the *Fishbeck* litigation;

   (d) such other persons with an appropriate need to know as hereafter may be authorized by the Court upon motion of either party in the *Fishbeck* litigation.

5. All persons listed in Paragraph 4 to whom information designated under Paragraph 3 is disclosed are prohibited from disclosing to any person other than those listed in Paragraph 4 any information designated under Paragraph 3, except as provided in this Protective Order, or as otherwise permitted by the Court. All persons listed in paragraph 4 to whom information

designated under Paragraph 3 is disclosed are prohibited from using any information so designated in any other litigation other than the *Fishbeck* litigation or for any other purpose.

6. If a party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed information designated under Paragraph 3 in accordance with this Protective Order, has disclosed information designated under Paragraph 3 to any unauthorized person or in any unauthorized circumstance, the party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made; (b) promptly make all reasonable efforts to obtain the return of the information designated under Paragraph 3 and to prevent further unauthorized disclosures of the information; and (c) promptly notify the party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the information.

7. All information designated under Paragraph 3 produced or exchanged pursuant to this Protective Order shall be used solely for the purposes of litigating or resolving Plaintiffs' cause of action in the *Fishbeck* litigation and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order, or as otherwise permitted by the Court.

8. If any party wishes to file with the Court in the *Fishbeck* litigation a document containing information designated under Paragraph 3 in connection with a motion, brief, evidentiary or demonstrative exhibit for hearing or trial, or other submission to the Court, that party shall make an application with the Court in accordance with Fed. R. Civ. P. 5.2(d) to file such document under seal. This order does not require testimony offered during hearings or trial to be closed or sealed.

9. Nothing in this Protective Order shall be construed as a waiver of any defense, right, or claim by any party, including any claim of privilege or other protection from disclosure, nor shall this Protective Order affect the right of either party to seek additional protection against the disclosure of any documents or materials.

10. Nothing in this Protective Order requires production of information that is prohibited from disclosure by other applicable privileges, statutes, regulations or authorities.

11. The United States, and its officers or employees shall not bear any responsibility or liability for any unauthorized disclosure of any documents or information produced pursuant to this Protective Order.

IT IS SO ORDERED:

Dated: _____
THE HONORABLE CHRISTOPHER R. COOPER
UNITED STATES DISTRICT COURT JUDGE