UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, et al., ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 1:18-cv-02248-CRC |
| v. ) ) | |
| THE ISLAMIC REPUBLIC OF IRAN, et al., ) ) | |
| Defendants ) ) | |

## PLAINTIFFS' FEBRUARY 24, 2022 STATUS REPORT

Plaintiffs submit this Status Report outlining the progress of discovery involving non-parties to this matter.

In compliance with the Court's August 11, 2020 Order, Plaintiffs served nineteen (19) subpoenas on non-parties, this included ten (10) subpoenas on United States government agencies, and nine (9) subpoenas on financial institutions.

**A. SUBPOENAS SERVED ON GOVERNMENTAL AGENCIES**

Plaintiffs served eight (8) subpoenas on the Department of Defense ("DOD"); one (1) subpoena on the Department of Justice ("DOJ"); and one (1) subpoena on the Department of the Treasury ("Treasury").

Plaintiffs' counsel has been in contact with an attorney from the DOJ regarding all of the governmental agency subpoenas.

<u>Discovery from DOD.</u> Plaintiffs and DOD are conducting regular meet and confers. Plaintiffs have informed DOD of the Court's Scheduling Order (ECF No. 75) and are developing a bellwether discovery plan with DOD.

**Summary of Previous DOD Updates from the November 26, 2021 Status Report**

Below is a summary of the bellwether discovery plan:

- DOD's initial efforts will focus on a subset of attacks (49 attacks).

- Plaintiffs have identified a limited number of discrete documents for each attack which they have requested DOD locate and produce as soon as possible (e.g., Significant Activity Reports, Casualty Reports, EOD Storyboards, WIT Reports, and CEXC Reports).

- The discrete documents can be searched for using an attack-specific identifying number, like a "Report Key" and/or a "Tracking Number." An example of a Report key is: "1E0043DA-6354-4D50-A964-25EDE24CEB2D", and an example of a Tracking Number is: "2006-263-054734-0963". These numbers essentially serve as attack-specific search terms.

- Plaintiffs have provided DOD with an attack-specific Report Key and/or Tracking Number for 45 of the 49 attacks (Plaintiffs have obtained these numbers from publicly available sources, if available).

- The plan is to have DOD conduct searches for the requested documents—using the attack-specific Report Key and Tracking Number as search terms. Plaintiffs and DOD are also working to identify other search terms that can assist in locating the requested documents. This should be the most efficient and least burdensome method for locating and producing the requested documents.

An issue has, however, arisen with the DOD databases. We have been informed by DOD that one of the DOD databases (the CIDNE database) that contains these requested documents was recently taken offline and cannot be searched at the present time.[1]

We understand DOD is in the process of getting the CIDNE database back online and will be transferring all of the CIDNE data to another database, called Content Manager, and that the

---

[1] The Combined Information Data Network Exchange (CIDNE) was considered the primary "knowledge management system used within Iraq by [Coalition Forces] to store data and facilitate information retrieval and analysis." *See* The Center for Army Analysis, *Deployed Analyst History Report Vol. 1 – Analytical Support to Combat Operations in Iraq (2002-2011)*, p. 80. The CIDNE database has been the primary source of attack-related evidence for plaintiffs in similar FSIA matters involving attacks in Iraq and Afghanistan.

searches for the requested documents (using the attack-specific Report Keys and Tracking Numbers and possibly other search terms) can be conducted on Content Manager.

### New Updates

Throughout December 2021 and January and February 2022, DOD and Plaintiffs have been conducting regular meet and confers regarding the searching for and production of responsive documents.

On December 7, 2021, DOD informed Plaintiffs that it hoped to have the data from the CIDNE database (which had been taken offline due to funding issues) restored by the year's end. As of the date of this Status Report, Plaintiffs' understanding is that the CIDNE data has still not been restored and is still not yet searchable.

On January 21, 2022, DOD informed Plaintiffs that it had conducted some searches in the Content Manager database and had located certain responsive documents for a single attack.

Also on January 21, 2022, DOD informed Plaintiffs that it may have found a different database that could contain responsive documents.

On February 11, 2022, DOD informed Plaintiffs that DOD had indeed identified another database that can be searched for responsive documents while the issues with the CIDNE database are being addressed. The name of the additional database was not provided to Plaintiffs. It is unclear at this point what documents exist on this new database, but DOD is conducting searches in the database using the Report Keys and Tracking Numbers Plaintiffs have provided to DOD. However, DOD has also informed Plaintiffs that said database is only being funded through May 2022.

On February 16, 2022, DOD informed Plaintiffs that, while the issues with the CIDNE database were being worked out, counsel for DOD is working with the Defense Threat Reduction

Agency ("DTRA"—formerly "JIEDDO") to locate responsive documents. Plaintiffs are providing DOD with information that can assist DOD in those searches.

On February 16, 2022, Plaintiffs filed a Motion for Protective Order (ECF No. 77), which was granted by the Court on February 18, 2022 (ECF No. 78).

On February 22, 2022, **DOD produced 23 pages of documents which were found in the Content Manager database.** To date, DOD has not produced any other documents in this case.

As previously reported, DOD may have other databases (in addition to the CIDNE and Content Manager databases), which contain responsive documents and therefore should be searched. Plaintiffs have continued to request a meet and confer with some subject matter experts and/or IT folks at DOD so we can discuss the various DOD databases and the exact search capabilities of each so Plaintiffs and DOD can find the most efficient and least burdensome method of locating the requested documents. **Plaintiffs are still awaiting a response from DOD to our request to have a meet and confer with DOD subject matter experts and/or IT folks.**

<u>Discovery from Treasury</u>. Treasury and Plaintiffs have agreed that Treasury will provide an affidavit to Plaintiffs that will establish an evidentiary foundation for Treasury documents and statements which are already publicly available. Plaintiffs and Treasury are currently finalizing the language in the affidavit.

<u>Discovery from DOJ</u>. DOJ has produced certain reports and documents from the FBI's Terrorist Explosive Device Analytical Center (TEDAC). DOJ and Plaintiffs continue to meet and confer to determine whether additional responsive documents exist.

**B. SUBPOENAS SERVED ON NON-PARTY FINANCIAL INSTITUTIONS**

Plaintiffs served subpoenas on nine (9) non-party banks and to date have received production of documents from six (6) of the banks. The productions contain documents and data

related to Plaintiffs' allegations of material support provided by Defendants to terrorist groups in Iraq, specifically Defendants NIOC, Bank Melli Iran, and Bank Markazi. Plaintiffs and their experts are assessing this information to determine if any further discovery is necessary.

Following the entry by the Court of the agreed upon protective orders on February 9, 2021 and March 12, 2021 (ECF. Nos. 53 & 58), Wells Fargo, Bank of China, Societe Generale, BNY Mellon, Bank of America, and Intesa Sanpaolo made productions. With regard to Citibank and JPMorgan, production has not yet been made, but communication is ongoing.

### C. OTHER DISCOVERY

Plaintiffs are continuing to obtain client-specific damages information such as medical records and military records to support a motion for default judgment and any evidentiary hearing(s) the Court deems necessary under 28 U.S.C. § 1608(e).

Dated: February 24, 2022.            Respectfully submitted,

By: */s/ Dustin B. Herman*
DUSTIN B. HERMAN (*Pro Hac Vice*)
Ohio Bar No. 0093163
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Ave., East, Suite 1700
Cleveland, Ohio 44114
Telephone: (216) 696-3232
Facsimile: (216) 696-3924
Email: dherman@spanglaw.com

*/s/ Howard L. Nations*
Howard L. Nations
DC Bar No. TX143
**THE NATIONS LAW FIRM**
9703 Richmond Avenue, Suite 200
Houston, TX 77042
Telephone: (713) 807-8400
Facsimile: (713) 807-8423
Email: howard@howardnations.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by electronic filing with the Clerk via the CM/ECF system, which electronically notifies all registered participants. I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 24, 2022                                   Respectfully submitted,

                                                                              By: */s/ Dustin B. Herman*