UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, et al., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE ISLAMIC REPUBLIC OF IRAN, et al., )<br>)<br>Defendants )<br>_____ ) | Civil Action No. 1:18-cv-02248-CRC |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL
<u>PROOF OF STANDING</u>**

This is a civil action, brought pursuant to the Foreign Sovereign Immunities Act ("FSIA"), against Iran and several of its political subdivisions, agencies and instrumentalities. *See generally*, Amended Complaint, ECF Dkt. No. 10. The case arises out of terrorist attacks materially supported and sponsored by Iran and committed against U.S. soldiers in Iraq between 2003 and 2011. In accordance with the Court's Scheduling Order (ECF Dkt. No. 75), Plaintiffs intend to submit documents establishing their standing in the form of exhibits as part of their March 15, 2022 submission. Pursuant to Local Civil Rule 5.1(h), Plaintiffs now move for leave to file under seal proof of their status as U.S. nationals, members of the armed forces or employees of the government at the time of the terrorist attacks. *See* 28 U.S.C. §§ 1605A(a)(2)(ii) and 1605A(c).

Although there exists "a strong presumption in favor of public access to judicial proceedings," *EEOC v. Nat'l Children's Ctr., Inc*., 98 F.3d 1406, 1409 (D.C. Cir. 1996), this Court retains "discretion" about whether to seal documents and is to be "exercised in light of the relevant

1

facts and circumstances of the particular case." *United States v. Harris*, 204 F. Supp. 3d 10, 16 (D.D.C. 2016) (quoting *United States v. Hubbard*, 650 F.2d 293, 316 – 17 (D.C. Cir. 1980)).

The documents Plaintiffs seek to file under seal contain personally identifiable information, which not only implicates privacy concerns for the individuals but also raises safety issues, should this information be made public. Proof of standing may consist of a variety of documents, such as: Certificate of Release or Discharge from Active Duty (DD Form 214); Purple Heart Award; Casualty Report; Birth Certificate; Certificate of Citizenship; Report of Birth Abroad of a Citizen of the United States; Passport; Death Certificate; Marriage Certificate; and declarations.

Courts in this district routinely permit litigants to file these types of documents under seal. *See, e.g., Doe v. Syrian Arab Republic,* 2020 WL 5422844, at *3 n.4 (D.D.C. Sep. 10, 2020) (permitting plaintiffs to file under seal exhibits containing medical information, medical histories, social security numbers, dates of birth, and names "because they contained personally identifiable information"); *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (Bates, J.) (permitting plaintiffs to file addresses under seal and *ex parte* "to preserve the confidentiality" of identifying information in light of safety concerns).

These *Hubbard* factors weigh in favor of filing these documents under seal. First, there is no need for public access to Plaintiffs' standing documents. Because Plaintiffs have not filed the complaint under seal, the public has access to the critical allegations underlying this suit. As for the second *Hubbard* factor, Plaintiffs are not aware of any previous instance where the public has had access to Plaintiffs' standing documents. And to date, Plaintiffs have never filed these documents with this Court. Under the third *Hubbard* factor, "the fact that a party moves to seal the record weighs in favor of the party's motion." *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). For the fourth *Hubbard* factor, given Iran's longstanding history of purposeful

support of terrorism, *see*, *e.g.*, *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12 (D.D.C. 2019), maintaining the privacy of this information is paramount because the public disclosure of Plaintiffs' personally identifiable information could jeopardize the safety of Plaintiffs due to their participation in this litigation. Plaintiffs cited this concern in moving at the outset of this case to file their residence addresses under seal, which the Court permitted. *See* ECF Dkt. No. 2. What is more, certain Plaintiffs are minors, which warrants "heightened protection" of their privacy interests. *Yaman*, 786 F. Supp. 2d at 153 (citation omitted). For the fifth *Hubbard* factor, the Defendants have not historically appeared to defend actions brought against it under the terrorism exception to the FSIA. Because the Defendants have not made an appearance in this matter, there is no prejudice to the Defendants. Finally, although this information will be introduced to enable Plaintiffs to meet certain statutory requirements under the FSIA and to prove damages, there has been no opposition to this motion by the Defendants. Filing these documents under seal will in no way undermine this litigation.

## CONCLUSION

Accordingly, for the reasons set forth above, Plaintiffs respectfully request that the Court enter an order permitting Plaintiffs to file under seal proof of standing.

Dated:  March 3, 2022.                          Respectfully submitted,

                                                */s/ Christopher G. Paulos*
                                                Christopher G. Paulos
                                                DC Bar No. 1615782
                                                Florida Bar No. 0091579
                                                **LEVIN, PAPANTONIO, RAFFERTY, PROCTOR,**
                                                **BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
                                                316 South Baylen Street, Suite 600
                                                Pensacola, Florida 32502
                                                Telephone: (850) 435-7067
                                                Facsimile: (850) 436-6067
                                                Email:   cpaulos@levinlaw.com
                                                *Counsel for Plaintiffs*