UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER<br>BROOK FISHBECK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:18-cv-2248-CRC<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION REGARDING SUBJECT MATTER JURISDICTION

Pursuant to the Court's Order of November 19, 2021 (ECF No. 75), Plaintiffs now submit their Motion Regarding Subject Matter Jurisdiction. Specifically, this Motion and the accompanying evidence establish two elements of the Court's subject matter jurisdiction. First, The Islamic Republic of Iran was a designated state sponsor of terrorism at the time the subject terror attacks occurred and at the time this lawsuit was filed. 28 U.S.C. § 1605A(a)(2)(A)(i)(I). Second, Plaintiffs were U.S. nationals and/or members of the U.S. armed forces at the time of the subject terror attacks. 28 U.S.C. § 1605A(a)(2)(A)(ii).

**I.      Iran's Designation as a State Sponsor of Terrorism**

Federal "district courts" "have original jurisdiction" over "any nonjury civil action against a foreign state" asserting "any claim for relief *in personam* with respect to which the foreign state is not entitled to immunity." 28 U.S.C. § 1330(a). Under the Foreign Sovereign Immunity Act ("FSIA"), a foreign state is immune from the jurisdiction of American courts unless the case falls within an express statutory exception. 28 U.S.C. § 1604; *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004). The statutory exception applicable to this case

1

is the state-sponsored terrorism exception under 28 U.S.C. § 1605A, which "confers subject matter jurisdiction on federal courts to hear certain terrorism-related claims" and "recognizes a federal cause of action against those foreign states subject to the exception." *Fritz v. Islamic Republic of Iran*, 320 F. Supp. 3d 48, 75 (D.D.C. 2018). The state-sponsored terrorism exception is not applicable unless "the foreign state was designated a state sponsor of terrorism" both at the time of the terror attack giving rise to the civil claim and at the time the lawsuit was filed. 28 U.S.C. § 1605A(a)(2)(A)(i)(I); *Fritz*, 320 F. Supp. 3d at 77.[1]

The terror attacks giving rise to Plaintiffs' civil claims occurred between the years 2003 and 2011. *See* Amended Complaint, ECF No. 10, Section VI. Iran was designated as a state sponsor of terrorism in 1984. *See* "Determination Pursuant to Section 6(i) of the Export Administration Act of 1979—Iran," 49 Fed. Reg. 2,836 (Jan. 23, 1984). Iran has remained designated as a state sponsor of terrorism to this day. *See* U.S. Dep't of State, State Sponsors of Terrorism, available at https://www.state.gov/j/ct/list/c14151.htm (last visited Mar. 11, 2022). *See also Coombs v. Islamic Republic of Iran*, No. CV 19-3363 (RDM), 2022 WL 715189, at *15 (D.D.C. Mar. 10, 2022) (finding that Iran has been a designated state sponsor of terrorism since 1984 and remains so to this day); *Anderson v. The Islamic Republic of Iran*, 753 F. Supp. 2d 68, 76 (D.D.C. 2010) ("Iran is a foreign state and has been designated a state sponsor of terrorism pursuant to section 69(j) of

---

[1] Plaintiffs are required to prove additional elements to establish Defendants' liability. *See Fritz v. Islamic Republic of Iran*, 320 F. Supp. 3d 48, 75-78 (D.D.C. 2018). Pursuant to Plaintiffs' proposed case management the Court adopted (ECF Nos. 74, 75), those additional elements will be proved in later stages of this lawsuit. As set forth in the case management plan (ECF Nos. 74, 75), this first stage is limited to establishing two elements: First, that Iran was a designated state sponsor of terrorism at the time of the subject terror attacks and at the time the lawsuit was filed; and, second, that Plaintiffs were U.S. nationals and/or members of the U.S. armed forces at the time of the subject terror attacks.

the Export Administration Act of 1979, 50 U.S.C. § 2405(j), continuously since January 19, 1984.").

Based on the above-cited information from the Federal Register, Department of State, and decisions from this Court, Iran's designation as a state sponsor of terrorism from 1984 to the present is a judicially noticeable fact under Fed.R.Evid. 201 because it "is not subject to reasonable dispute" and "is generally known within the trial court's territorial jurisdiction." *See Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 59 (D.D.C. 2010) ("[A] court clearly may judicially notice its findings of facts and conclusions of law in related cases."); *Coombs*, 2022 WL 715189, at *15 (relying on the same above-cited information from the Federal Register and Department of State to find that Iran has been a designated state sponsor of terrorism from 1984 to the present day). *See also Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010) ("Because of the multiplicity of FSIA-related litigation in this jurisdiction, Courts in this District have thus frequently taken judicial notice of earlier, related proceedings."); *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 59 (D.D.C. 2010) ("[T]he FSIA does not require this Court to relitigate issues that have already been settled in previous decisions…Instead, the Court may review evidence considered in an opinion that is judicially noticed, without necessitating the re-presentment of such evidence."). This "longstanding designation of Iran as a state sponsor of terrorism is sufficient to satisfy the designation requirement" under the FSIA. *Coombs*, 2022 WL 715189, at *15; 28 U.S.C. § 1605A(a)(2)(A)(i)(I).

The state-sponsor terrorism designation is applicable to all six defendants in this case: The Islamic Republic of Iran; Iranian Revolutionary Guard Corps (IRGC); Iranian Ministry of Intelligence and Security (MOIS); Bank Markazi Jomhouri Islami Iran; Bank Melli Iran; and National Iranian Oil Company (NIOC). As this Court previously ruled, Iran, IRGC, and MOIS are

"foreign state[s] or political subdivision[s]" under § 1608(a) while Bank Markazi, Bank Melli, and NIOC are "agenc[ies] or instrumentalit[ies]" of Iran under § 1608(b). ECF No. 55, pages 2–3. Under the FSIA, the definition of "foreign state" includes the foreign state itself as well as "a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). Consequently, the designation of Iran as a state sponsor of terrorism is sufficient to satisfy the designation requirement as to all defendants. *See Fritz*, 320 F. Supp. 3d at 77–78 ("[B]ecause the IRGC is properly considered 'an integral part' of the 'foreign state' of Iran" and "because § 1605A focuses on whether 'the foreign state' was designated—and not whether each named defendant was separately designated—the Court concludes that the designation of Iran as a state sponsor of terrorism is sufficient to satisfy the designation requirement as to both defendants," Iran and the IRGC.); *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 75 n. 3 (D.D.C. 2017) (holding that MOIS, a "political subdivision," "is also considered a foreign sovereign for the purposes of this lawsuit under 28 U.S.C. § 1603(a)").

## II.    Plaintiffs' Status as U.S. Nationals and/or Members of the U.S. Armed Forces

A claim under the FSIA's state-sponsored terrorism exception also requires proof that the claimant or victim was a U.S. national or a member of the U.S. armed forces at the time the act of terrorism occurred. 28 U.S.C. § 1605A(a)(2)(A)(ii); *Fritz*, 320 F. Supp. 3d at 77. Given that Defendants have defaulted (ECF No. 55), Plaintiffs' burden under the FSIA is to prove this element with "evidence satisfactory to the court." 28 U.S.C. § 1608(e). *See Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348, 353 (D.C. Cir. 2018) ("To obtain a default judgment in a Section 1605A action, plaintiffs have to establish a right to relief by providing 'evidence satisfactory to the court.'").

The FSIA "leaves it to the court to determine precisely how much and what kinds of evidence the plaintiff must provide." *Han Kim v. Democratic People's Republic of Korea*, 774

4

F.3d 1044, 1047 (D.C. Cir. 2014). This affords a district court "an unusual degree of discretion over evidentiary rulings in a FSIA case against a defaulting state sponsor of terrorism." *Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017). Indeed, "the quantum and quality of evidence that might satisfy a court can be less than that normally required." *Abedini v. Gov't of Islamic Republic of Iran*, 422 F. Supp. 3d 118, 128 (D.D.C. 2019). *See Sotloff v. Syrian Arab Republic*, 525 F. Supp. 3d 121, 134 (D.D.C. 2021) ("In a FSIA default proceeding, a court can find that the evidence presented is satisfactory when the plaintiff shows her claim has some factual basis, even if she might not have prevailed in a contested proceeding."). This standard may be met "through uncontroverted factual allegations" supported by documentary or affidavit evidence. *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 59 (D.D.C. 2010). A hearing is not necessary, and a district court's decision will be affirmed so long as "there is an adequate basis in the record for inferring that the district court" "was satisfied with the evidence submitted" in support of the plaintiff's claims. *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994) ("[W]e do not believe that § 1608(e) requires evidentiary hearings or explicit findings where the record shows that the plaintiff provided sufficient evidence in support of its claims.").

Proving the element under 28 U.S.C. § 1605A(a)(2)(A)(ii)—that the claimant or victim was a U.S. national or a member of the U.S. armed forces at the time the act of terrorism occurred—can be accomplished with various types of evidence. This includes declarations under 28 U.S.C. § 1746. *See Force v. Islamic Republic of Iran*, 464 F. Supp. 3d 323, 343 (D.D.C. 2020) (accepting plaintiffs' declarations as evidence of citizenship). Moreover, electronically signed declarations that contain the requisite language in 28 U.S.C. § 1746 are valid. *See Stephenson v. Fam. Sols. of Ohio, Inc.*, 2020 WL 6685301, at *5–6 (N.D. Ohio Nov. 12, 2020) ("electronically signed

declarations that contain the requisite language noted above are sufficient to comply with § 1746"); *Hale v. Emporia State Univ.*, 2018 WL 5884543, at *2 (D. Kan. Nov. 9, 2018) (declaration with electronic signature complied with § 1746); *Consumer Financial Protection Bureau v. Universal Debt & Payment Solutions*, LLC, 2019 WL 1295004 at * 11 (N.D. Ga. March 21, 2009) (same); *Wingate v. Gage County School District*, 2007 WL 2904094 at *1 (D. Neb. 2007) (same); *Tishcon Corp. v. Soundview Commc'ns, Inc.*, 2005 WL 6038743 at *3 (N.D. Ga. Feb. 15, 2005) (same).

Other valid evidence of U.S. nationality includes birth records, death certificates, marriage licenses/certificates, passports, and certificates of naturalization. *See* Fed.R.Evid. 803(8) (allowing the admission of public records); *Id.* at 803(9) (allowing the admission of "[a] record of birth, death or marriage"); *United States v. Clarke*, 628 F. Supp. 2d 15, 21 (D.D.C. 2009) ("certificates of naturalization and passports are admissible as complete and conclusive evidence of citizenship"); *Miller v. Albright*, 523 U.S. 420, 436 (1998) ("The blood relationship to the birth mother is immediately obvious and is typically established by hospital records and birth certificates.")

Membership in the U.S. armed forced at the time of the subject attacks can be established through military records, especially the authoritative military form known as DD-214. *LaBonte v. United States*, 150 Fed. Cl. 552, 559 (2020) (noting that the "DD Form 214 ... is the authoritative source of information required for the administration of State and Federal laws applicable to personnel who have been discharged, released, or transferred to a Reserve Component while on active duty" and further noting that the "document "provides an accurate and complete summation of active military personnel service").

The attached exhibits (Exhibits 1–490) are being proffered to the Court to establish Plaintiffs' status under 28 U.S.C. § 1605A(a)(2)(A)(ii). These exhibits consist of true and authentic copies of Plaintiffs' military personnel records, marriage certificates, birth certificates, reports of

births abroad by citizens of the United States, death certificates, certificates of naturalization, certificates of citizenship, passports, and sworn declarations setting forth sufficient facts establishing their U.S. nationality and/or membership in the U.S. armed forces. *See* Paulos Dec., ¶¶ 4, 9, 11–14.

In addition, and to facilitate the Court's review of these voluminous records, Plaintiffs proffer as evidence the attached summary chart pursuant to Fed.R.Evid. 1006. This evidentiary rule "allows a party to introduce a chart summarizing 'the contents of voluminous writings…which cannot conveniently be examined in court.'" *United States v. Hemphill*, 514 F.3d 1350, 1358 (D.C. Cir. 2008) (quoting Fed.R.Evid. 1006). A summary chart pursuant to Fed.R.Evid. 1006 is appropriate here because the number of exhibits (nearly 500) and the total number of exhibit pages (nearly 2,000 pages) are voluminous. *See* 31 Fed. Prac. & Proc. Evid. § 8044 (2d ed.). ("[T]he practical reality addressed by Rule 1006 is that court time and resources are always limited."). The accuracy, completeness, and authenticity of the summary chart are established by the attached declaration of undersigned counsel. *See* Paulos Dec., ¶¶ 16–17. Plaintiffs respectfully ask this Court to exercise its discretion to admit the summary chart as evidence of their status under 28 U.S.C. § 1605A(a)(2)(A)(ii). *See United States v. Tannehill*, 49 F.3d 1049, 1056 (5th Cir. 1995) ("The district court did not abuse its discretion in admitting the summary charts, because the requirements of Rule 1006 were satisfied. The documents summarized in the charts were voluminous, and in-court examination would have been more than inconvenient."); *United States v. Dunnican*, 961 F.3d 859, 873 (6th Cir. 2020) ("[T]he exhibit summaries were properly admitted" under Rule 1006.).

The attached summary chart identifies the following information for each plaintiff:
- Exhibit number;

- Bates number(s) of the page(s) on which the documentary evidence can be found;

- Plaintiff's name;

- Date of the attack(s) giving rise to the plaintiff's claims;

- Section(s) of the Amended Complaint identifying the plaintiff;

- Status at the time of the attack (*i.e.*, U.S. national or member of the armed forces); and

- Type of evidence proffered.

### III. Conclusion

For the foregoing reasons, as supported by the evidence submitted herewith, Plaintiffs respectfully request an Order finding that:

- Plaintiffs have established the designation requirement under the state sponsor of terrorism exception under 28 U.S.C. § 1605A(a)(2)(A)(i)(I) because Iran was a designated state sponsor of terrorism at the time of the subject terror attacks and at the time this lawsuit was filed; and

- Plaintiffs identified in the Fed.R.Evid. 1006 summary spreadsheet have proven with evidence satisfactory to the Court the requirement under 28 U.S.C. § 1605A(a)(2)(A)(ii).[2]

---

[2] Not every plaintiff named in the Amended Complaint has submitted proof under 28 U.S.C. § 1605A(a)(2)(A)(ii). Some plaintiffs no longer wish to participate in this lawsuit and have requested to be dismissed; to that end, an amended complaint or notices of dismissal will be filed in due course. Other plaintiffs have not yet provided counsel with documents necessary to establish their standing; as a result, counsel is still attempting to obtain this information from these clients and investigating the current status of the plaintiff to determine their ability or desire to further participate in this matter. Counsel will update the Court on these efforts in the upcoming status reports.

A proposed order consistent with the foregoing is attached.

Dated: March 15, 2021.  Respectfully submitted,

_____
Christopher G. Paulos
District of Columbia Bar No. 1615782
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY AND PROCTOR, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7067
Facsimile: (850) 436-6067
Email:   cpaulos@levinlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by electronic filing with the Clerk via the CM/ECF system, which electronically notifies all registered participants.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 15, 2022.                             Respectfully submitted,

                                                   /s/ Christopher G. Paulos