**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:18-cv-02248-CRC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF CHRISTOPHER G. PAULOS IN SUPPORT OF**
**PLAINTIFFS' MOTION REGARDING SUBJECT MATTER JURISDICTION**

I, Christopher G. Paulos, being above 18 years of age and competent to make this declaration, hereby declare that:

1. I am an attorney with the law firm of Levin, Papantonio, Rafferty, Proctor, Buchannan, O'Brien, Barr and Mougey, P.A., and counsel for Plaintiffs in this matter. I am familiar with the matters set forth in this declaration.

2. I submit this declaration in support of Plaintiffs' Motion Regarding Subject Matter Jurisdiction and the exhibits attached thereto, including the summary spreadsheet under Fed.R.Evid. 1006.

3. The exhibits are being proffered to prove that, at the time of the terrorist attacks resulting in their injuries, Plaintiffs were nationals of the United States and/or members of the armed forces.

4. Plaintiffs have filed under seal true and authentic copies of their military personnel records, marriage certificates, birth certificates, reports of births abroad by citizens of the United

States, death certificates, certificates of naturalization, certificates of citizenship, passports, and/or sworn declarations setting forth sufficient facts establishing their nationality, or membership in the armed forces at the time of the attack(s) underlying their claims in this matter.

5. I have reviewed the exhibits and investigated the processes used to identify, obtain, and assemble them for the Court, as well as the underlying facts intended to be established with this evidence.

6. The declarations of the Plaintiffs were provided directly to counsel from the Plaintiffs for whom they are offered. Those declarations were signed electronically through a verifiable process that confirms validity of the signatures of the Plaintiffs who signed them.

7. The military personnel records, marriage certificates, birth certificates, reports of births abroad by citizens of the United States, death certificates, certificates of naturalization, certificates of citizenship, and passports were provided directly to counsel from the Plaintiffs for whom they are offered, or otherwise obtained by counsel directly from state and federal public offices responsible for recording and maintaining records of vital statistics, or in response to requests by counsel for military personnel files from the National Personnel Records Center; the National Archives; the United States Department of Defense (USDOD); U.S. Department of the Army; U.S. Department of the Navy; U.S. Marine Corps; U.S. Department of the Air Force; U.S. Central Command (CENTCOM); U.S. Army Central (ARCENT); U.S. Marine Corps Forces Central Command; U.S. Special Operations Central Command (SOCCENT); and U.S. Air Force Forces Central Command (AFCENT).

8. The exhibits are true and authentic copies of the documents received by counsel.

9. The exhibits of military personnel records, passports, marriage certificates, birth certificates, reports of births abroad by citizens of the United States, death certificates, certificates of naturalization, and certificates of citizenship are authentic because:

   a. The documents were recorded or filed in a public office as authorized by law; or are public records or statements from an office where items of this kind are kept, and the source of information or other circumstances do not indicate a lack of trustworthiness. *See* Fed. R. Evid. 901(b)(7)(A) & (B); or

   b. The documents bear the seal of the United States, or a state, district, commonwealth, territory, or political subdivision, department, agency, or officer thereof, and/or bear signatures purporting to be executions or attestations. *See* Fed. R. Evid. 902(1)(A) & (B); or

   c. The documents are copies of official record, or copies of documents that were recorded or filed in a public office as authorized by law and have been certified as correct by the custodian or another person authorized to make the certification; or by a certificate that complies with Fed. R. Evid. 902(1), or (2), or a federal statute. *See* Fed. R. Evid. 902(4)(A) & (B); or

   d. The documents are accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments. *See* Fed. R. Evid. 902(8).

10. United States passports, reports of births abroad by United States citizens of the United States, certificates of naturalization, and certificates of citizenship are sufficient proof of United States citizenship pursuant to 22 U.S.C.A. § 2705 and 8 U.S.C. § 1443. Therefore, these exhibits are admissible pursuant to Fed. R. Evid. 802 because a federal statute expressly permits

their use to prove citizenship in court. The documents are also admissible pursuant to Fed. R. Evid. 803(8)(A) as public records, setting forth the Department of State's granting of passport applications and issuance of passports and reports of births by citizens of the United States abroad, as well as the Department of Justice's issuance of certificates of naturalization and citizenship. *See United States v. Clarke*, 628 F. Supp. 2d 15, 22 (D.D.C. 2009), *aff'd sub nom. United States v. Straker*, 800 F.3d 570 (D.C. Cir. 2015).

11. The birth certificates, death certificates, marriage certificates and military personnel records are documents that were recorded or filed in a public office as authorized by law; or are public records or statements from an office where items of this kind are kept, and the source of information or other circumstances do not indicate a lack of trustworthiness. Therefore, these exhibits are admissible pursuant to Fed. R. Evid. 803(8)(A).

12. The birth certificates, death certificates, and marriage certificates are public records of vital statistics reported to a public office in accordance with a legal duty. Therefore, these exhibits are also admissible pursuant to Fed. R. Evid. 803(9).

13. The marriage certificates contain statements of facts, made by persons who are authorized by religious organizations or by law to perform the marriage; attest that the person performed a marriage or similar ceremony or administered a sacrament; and purport to have been issued at the time of the act or within a reasonable time after it. Therefore, these exhibits are also admissible pursuant to Fed. R. Evid. 803(12).

14. Certain statements in the exhibits are also admissible because they were prepared before January 1, 1998 and are authentic. *See* Fed. R. Evid. 803(16).

15. The declarations offered by Plaintiffs are submitted in accordance with 28 U.S.C. § 1746, and if asked to testify in this matter, Plaintiffs will offer testimony consistent with the contents of their declarations.

16. In total, Plaintiffs have submitted 1,921 pages of exhibits (Exhibits 1–490) in support of their motion. Due to the voluminous nature of the submission, and in order to assist the Court with its review and consideration of the exhibits, I have personally prepared an evidentiary summary pursuant to Fed. R. of Evid. 1006. Each exhibit is independently authentic and admissible and is available to the Court for examination. This summary details, for each Plaintiff, the specific applicable Amended Complaint sections, the type of evidence as identified by its corresponding exhibit number, and the intended basis of each Plaintiff's standing in chart format.

17. This summary accurately depicts the information contained in the voluminous exhibits proffered by Plaintiffs.

18. The last names of some Plaintiffs, as reflected in the documents submitted herewith, differ from their current last name, as reflected in the Fed.R.Evid. 1006 summary spreadsheet and the Amended Complaint. This is due to post-birth name changes, usually pursuant to marriage. Despite the name discrepancies, the individuals are the same and the documents are the correct and accurate documents for the individuals identified in the summary spreadsheet and in the Amended Complaint.

19. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 15, 2022.

Christopher G. Paulos
District of Columbia Bar No. 1615782
**LEVIN, PAPANTONIO, THOMAS, MITCHELL,**

**RAFFERTY AND PROCTOR, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7067
Facsimile: (850) 436-6067
Email:   cpaulos@levinlaw.com

*Counsel for Plaintiffs*