UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:18-cv-02248-CRC |

### PLAINTIFFS' MAY 25, 2022 DISCOVERY STATUS REPORT

Plaintiffs submit this Status Report outlining the progress of discovery involving non-parties to this matter.

In compliance with the Court's August 11, 2020 Order, Plaintiffs served nineteen (19) subpoenas on non-parties, this included ten (10) subpoenas on United States governmental agencies, and nine (9) subpoenas on financial institutions.

### A. SUBPOENAS SERVED ON GOVERNMENTAL AGENCIES

Plaintiffs served eight (8) subpoenas on the Department of Defense ("DOD"); one (1) subpoena on the Department of Justice ("DOJ"); and one (1) subpoena on the Department of the Treasury ("Treasury"). Plaintiffs' counsel has been in contact with an attorney from the DOJ regarding all of the governmental agency subpoenas.

### New Updates

Discovery from Treasury. Treasury and Plaintiffs have agreed that Treasury will provide an affidavit to Plaintiffs that will establish an evidentiary foundation for Treasury documents and statements which are already publicly available. Treasury produced an executed declaration to

Plaintiffs on March 30, 2022. Plaintiffs' cite to and offered this declaration as evidence in support of their Motion and Memorandum Regarding Defendants' Material Support for the Subject Terrorist Organizations filed on May 2, 2022. (Docs. 81; 81-1; & 85-1 at pp. 712-716 –"Exhibit PX7 – Declaration of Ripley Quinby IV")

Discovery from DOD. Plaintiffs and DOD have been conducting regular meet and confers throughout March, April, and May 2022 regarding the searching for and production of responsive documents.

Plaintiffs recently provided DOD with a list of 14 "priority" bellwether attacks upon which DOD should focus its present attack-specific discovery efforts (narrowed down from the list of 49 bellwether attacks).

As of the date of this Status Report, Plaintiffs' understanding is that the CIDNE database has still not been restored. However, DOD informed Plaintiffs there is a software program called "WebTAS" that enables DOD to search the CIDNE data even while the CIDNE database is inactive. On May 10, 2022, DOD produced **237 pages** of documents that were obtained using the WebTAS software (for a total of 270 pages produced by DOD thus far).

The documents produced by DOD reference other associated documents and media files which are relevant and which Plaintiffs have requested be produced. DOD will be conducting searches for those associated documents and media files for the 14 "primary" bellwether attacks identified by Plaintiffs.

Furthermore, through the meet and confer process Plaintiffs and DOD have identified three other databases that can be searched for relevant documents, namely the "**Content Manager**" database, the "**Catapult**" database, and the "**WEAT**" database.

Plaintiffs have requested DOD conduct searches on all four databases (CIDNE, Content Manager, Catapult, and WEAT) for relevant documents for the 14 "primary" bellwether attacks to determine which databases actually contain relevant (and non-duplicative) documents and the corresponding burden of searching for and producing documents from each database. DOD has agreed to search the CIDNE database (using the WebTAS software) and the Content Manager database, but has not yet agreed to search the Catapult or WEAT databases.

Plaintiffs informed DOD that Plaintiffs need to have full production from DOD for the 14 "primary" bellwether attacks in (roughly) the next **_60 days_** for Plaintiffs to meet their deadlines.

Finally, Plaintiffs have continued to request a meet and confer with subject matter experts and/or IT personnel at DOD so we can discuss the various DOD databases and the exact search capabilities of each so Plaintiffs and DOD can find the most efficient and least burdensome method of locating the requested documents. Plaintiffs are still awaiting a response from DOD to our request to have a meet and confer with DOD subject matter experts and/or IT personnel.

## **Old Updates**

Discovery from DOD. Below is a summary of the bellwether discovery plan:

- DOD's initial efforts will focus on a subset of attacks (49 attacks).

- Plaintiffs have identified a limited number of discrete documents for each attack which they have requested DOD locate and produce as soon as possible (e.g., Significant Activity Reports, Casualty Reports, EOD Storyboards, WIT Reports, and CEXC Reports).

- The discrete documents can be searched for using an attack-specific identifying number, like a "Report Key" and/or a "Tracking Number." An example of a Report key is: "1E0043DA-6354-4D50-A964-25EDE24CEB2D", and an example of a Tracking Number is: "2006-263-054734-0963". These numbers essentially serve as attack-specific search terms.

- Plaintiffs have provided DOD with an attack-specific Report Key and/or Tracking Number for 45 of the 49 attacks (Plaintiffs have obtained these numbers from publicly available sources, if available).

- The plan is to have DOD conduct searches for the requested documents—using the attack-specific Report Key and Tracking Number as search terms. Plaintiffs and DOD are also working to identify other search terms that can assist in locating the requested documents. This should be the most efficient and least burdensome method for locating and producing the requested documents.

An issue has, however, arisen with the DOD databases. We have been informed by DOD that one of the DOD databases (the CIDNE database) that contains these requested documents was recently taken offline and cannot be searched at the present time.[1]

We understand DOD is in the process of getting the CIDNE database back online and will be transferring all of the CIDNE data to another database, called Content Manager, and that the searches for the requested documents (using the attack-specific Report Keys and Tracking Numbers and possibly other search terms) can be conducted on Content Manager.

<u>Discovery from DOJ</u>. DOJ has produced certain reports and documents from the FBI's Terrorist Explosive Device Analytical Center (TEDAC). DOJ and Plaintiffs continue to meet and confer to determine whether additional responsive documents exist.

**B. SUBPOENAS SERVED ON NON-PARTY FINANCIAL INSTITUTIONS**

<u>New Updates</u>. There are no new updates regarding the subpoenas served on non-party financial institutions. Specific documents and data produced in discovery to date have been cited to and proffered as evidence in support of Plaintiffs' Motion and Memorandum Regarding Defendants' Material Support for the Subject Terrorist Organizations filed on May 2, 2022 ((Docs, 81; 81-1; & 81-1 at pp. 188-354, "Exhibit PX3 – Declaration of Peter Medvedev Piatetsky" (filed under seal).

---

[1] The Combined Information Data Network Exchange (CIDNE) was considered the primary "knowledge management system used within Iraq by [Coalition Forces] to store data and facilitate information retrieval and analysis." *See* The Center for Army Analysis, *Deployed Analyst History Report Vol. 1 – Analytical Support to Combat Operations in Iraq (2002-2011)*, p. 80. The CIDNE database has been the primary source of attack-related evidence for plaintiffs in similar FSIA matters involving attacks in Iraq and Afghanistan.

<u>Old Updates</u>. Plaintiffs served subpoenas on nine (9) non-party banks and to date have received production of documents from six (6) of the banks. The productions contain documents and data related to Plaintiffs' allegations of material support provided by Defendants to terrorist groups in Iraq, specifically Defendants NIOC, Bank Melli Iran, and Bank Markazi. Plaintiffs and their experts are assessing this information to determine if any further discovery is necessary.

Following the entry by the Court of the agreed upon protective orders on February 9, 2021 and March 12, 2021 (ECF. Nos. 53 & 58), Wells Fargo, Bank of China, Societe Generale, BNY Mellon, Bank of America, and Intesa San Paolo made productions. With regard to Citibank and JPMorgan, production has not yet been made, but communication is ongoing.

### C. OTHER DISCOVERY

Plaintiffs are continuing to obtain client-specific damages information such as medical records and military records to support a motion for default judgment and any evidentiary hearing(s) the Court deems necessary under 28 U.S.C. § 1608(e).

Dated: May 25, 2022.                    Respectfully submitted,

By: /s/ Dustin B. Herman
DUSTIN B. HERMAN (*Pro Hac Vice*)
Ohio Bar No. 0093163
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Ave., East, Suite 1700
Cleveland, Ohio 44114
Telephone: (216) 696-3232
Facsimile: (216) 696-3924
Email: dherman@spanglaw.com

/s/ Howard L. Nations
Howard L. Nations
DC Bar No. TX143
**THE NATIONS LAW FIRM**
9703 Richmond Avenue, Suite 200
Houston, TX 77042
Telephone: (713) 807-8400

Facsimile: (713) 807-8423
Email: howard@howardnations.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by electronic filing with the Clerk via the CM/ECF system, which electronically notifies all registered participants. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 25, 2022　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By: */s/ Dustin B. Herman*