UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF CHRISTOPHER BROOK FISHBECK, et. al.** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **THE ISLAMIC REPUBLIC OF IRAN, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | Civil Action No. 1:18-cv-2248-CRC |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs, by and through undersigned counsel, hereby submit as supplemental authority two decisions issued by fellow judges in the United States District Court for the District of Columbia which are relevant to this matter: (1) *Henkin, et. al. v. Islamic Republic of Iran, et. al.*, No. 18-cv-1273, No. 19-cv-1184, 2021 WL 2914036 (D.D.C. July 12, 2021) (Lamberth, J.), attached as **Exhibit A**, along with the accompanying Finding of Facts and Conclusions of Law ("*Henkin* FFCL"), ECF No. 61, attached as **Exhibit B**; and (2) *Pennington, et. al. v. Islamic Republic of Iran, et. al*., No. 19-cv-796, 2021 U.S. Dist. LEXIS 117666 (D.D.C. June 24, 2021) (Boasberg, J.), attached as **Exhibit C**.

In *Henkin*, the court granted default judgment under the terrorism exception under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, against seven defendants in that case, two of which are also Defendants in this case: Bank Markazi (a/k/a the Central Bank of Iran or "CBI") and Bank Melli. In *Henkin*, the court considered and relied on the expert testimony regarding Iran and its agents and instrumentalities of Drs. Patrick Clawson (*Henkin* FFCL p. 8, ¶ 38-39) and Matthew Levitt (*Henkin* FFCL p. 8, ¶¶ 40-41), who are also expert witnesses proffered for the same purpose in this action. In *Henkin*, the court addressed the material support provided

by Bank Markazi at *Henkin* FFCL pp. 26-43, ¶¶ 194-229 and Bank Melli at *Henkin* FFCL pp. 43-48, ¶¶ 230-259. These findings and conclusions included the following:

- Bank Markazi and Bank Melli are each agencies and instrumentalities of Iran pursuant to the FSIA, 28 U.S.C. § 1603(a)-(b) (Henkin FFCL, ¶¶ 194-208, 230-43);

- Defendants are not entitled to sovereign immunity pursuant to the FSIA's "Terrorism Exception" because they provided "material support or resources" for acts of "extrajudicial killing," "hostage taking" and "torture" through their officials, employees, or agents acting within the scope of their office, employment or agency, and thus caused Plaintiffs' injuries (*Henkin* 2021 WL 2914036, pp. 14-18);

- Defendants knowingly provided material support for terror attacks orchestrated by Iran (*Henkin* FFCL, ¶¶ 209-29, 244-59);

- A State Department cable from March 2008 discussed how Bank Markazi (and Bank Melli) provided crucial banking services to the Qods Force (*Henkin* FFCL, ¶ 214), and that "entities owned or controlled by the IRGC or IRGC-QF used Bank Melli "for a variety of financial services." (*Henkin* FFCL, ¶ 248).

- As to the timing of the designation of a defendant by the U.S. Treasury Department, the court found "that the 2018 designation does not mean that Bank Melli only began supporting terrorism in 2018" and that "this Court finds by evidence satisfactory to the Court that Bank Melli provided material support to Hamas – in the form of financing – in the years leading up to the October 1, 2015, attack." (*Henkin* FFCL, ¶¶ 257-258).

- The U.S. Treasury Department in designating Bank Saderat in 2007 stated that both Bank Markazi (CBI) and Bank Melli were involved in sanctions-avoidance transactions and terrorist financing transactions. But according to experts Clawson and Levitt (and adopted by the court), it was due to the global political issues related to designating financial institutions, and specifically here, a country's central bank, that such final designation of Bank Markazi and Bank Melli for terrorist support did not occur until over a decade after they were already engaged in the conduct for which the designation was made. (*Henkin* FFCL, 221, 224-228).

- For example, in support its finding that Bank Markazi and Bank Melli were liable for material support of the 2015 *Henkin* attacks, the court cited a press release from the U.S. Treasury Department stating that from 2001 to 2008, Bank Saderat transferred $50 million from Bank Markazi to Beirut for Hezbollah's benefit. (*Henkin* FFCL, ¶ 212). And likewise, that from 2002 to 2006, Bank Melli was used to send at least $100 million to the Qods Force. (*Henkin* FFCL, ¶ 246).

In *Pennington*, the court also granted default judgment under 28 U.S.C. § 1605A on claims substantially similar to those presented in this action, i.e., U.S. soldiers injured or killed in Iraq

from 2004-2011. (The claims in that action were limited specifically to terror attacks carried out by Iranian signature roadside weapons known as "Explosively Formed Penetrators" or "EFPs", which were also involved in many of the attacks before the Court in this action.) In *Pennington*, the court considered and relied on another expert proffered in this action, Michael Pregent (*Pennington*, p. 8), on the liability issues in finding that "the link between Iran and the attacks [is] clear." (*Pennington*, p. 1). In doing so, the *Pennington* court noted as persuasive the similar action in *Karcher, et. al. v. Islamic Republic of Iran*, 1:16-cv-00232, in which a different court in the District of D.C. also found the Iranian connection to these attacks to be clear.

The *Henkin* decision, *Henkin* FFCL, and *Pennington* decision have direct relevance to this case and supplement the Plaintiffs' Motion Regarding Defendants' Material Support for the Subject Terrorist Organizations [ECF No. 84] and Plaintiffs' Memorandum in Support [ECF No. 84-1] filed on May 2, 2022.

Dated: August 3, 2022               Respectfully submitted,

By: */s/ Christopher G. Paulos*
Christopher G. Paulos
DC Bar No. 1615782
Florida Bar No. 0091579
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: 850.435.7000
Facsimile: 850.436.6067
Email: cpaulos@levinlaw.com
*Counsel for Plaintiffs*