UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF CHRISTOPHER BROOK FISHBECK, et al.,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**THE ISLAMIC REPUBLIC OF IRAN, et al.,** )<br>)<br>Defendants )<br>) | Civil Action No. 1:18-cv-02248-CRC |

**PLAINTIFFS' MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**

This is a civil action, brought pursuant to the Foreign Sovereign Immunities Act ("FSIA"), against Iran and several of its political subdivisions, agencies and instrumentalities. *See generally*, Amended Complaint, ECF No. 10. The case arises out of terrorist attacks materially supported and sponsored by Iran and committed against U.S. soldiers in Iraq between 2003 and 2011. In accordance with the Court's Minute Order of July 20, 2022, Plaintiffs intend to file today (September 2, 2022) a prehearing brief and submissions related to the admissibility of evidence in connection with the upcoming bellwether hearing. In support of their brief, Plaintiffs will reference confidential materials[1] received from the Department of Defense ("DOD") pursuant to an agreement to protect the information as well as medical and psychiatric records of certain Plaintiffs. Plaintiffs now move this Court to file those documents under seal.

---

[1] Attached as Exhibit A is a list of the documents Plaintiffs intend to file under seal.

**BACKGROUND**

Counsel for Plaintiffs in this litigation also represent plaintiffs in another pending FSIA case: *Holladay, et. al. v. Islamic Republic of Iran, et. al*. The Honorable Randolph D. Moss granted a protective order in the *Holladay* litigation and recognized the documents disclosed by the DOD and subject to a protective order in *Holladay* are the same—and thus should be similarly protected—as the documents in this litigation. *See Holladay, et. al. v. Islamic Republic of Iran, et. al.,* No. 1:17-cv-00915-RDM, August 29, 2022 Second Amended Agreed Protective Order (ECF 154), at ¶10 (attached as Exhibit B). ("If any party wishes to file with a court in the *Holladay* or *Fishbeck* litigations, a document containing information designated as *Confidential – Subject to Protective Order* in connection with a motion, brief, evidentiary or demonstrative exhibit for hearing or trial, or other submission to the court in the *Holladay* or *Fishbeck* litigations, that party shall make an application with the specific court overseeing that specific matter in accordance with Fed. R. Civ. P. 5.2(d) to file such document under seal.")

Though the *Holladay* litigation includes different plaintiffs, it involves the same defendants, same terrorist groups, same experts, and similar theories and liabilities of causes of action. *See id.* ¶5. In the interest of efficiency, Plaintiffs and the DOD have agreed that materials produced by the DOD to counsel in the *Holladay* litigation can and should be used on the same terms in the *Fishbeck* litigation. *Id.* Likewise, Plaintiffs and the DOD have also agreed that the protective order in place in *Holladay* applies in this litigation. All documents and information the DOD has disclosed in the *Holladay* litigation contain either documents protected under the Privacy Act or documents the DOD believes should not be subject to unrestricted public release. *See id.* ¶¶2-4. ("All documents or information disclosed in the *Holladay* litigation containing either Privacy-Act Protected Information or Other Protected Information are hereby designated as

confidential and shall be marked "*Confidential – Subject to Protective Order*" or with some other similar marking.").

In addition to the foregoing documents produced by DOD, Plaintiffs seek to file under seal Plaintiffs' private health records. Courts in this district routinely permit litigants to file these types of documents under seal. *See, e.g., Cabrera v. Islamic Republic of Iran*, No. 19-3835 (JDB), 2022 U.S. Dist. LEXIS 127290, at *204 (D.D.C. July 19, 2022) ("granting plaintiffs leave to file 'medical records, family member affidavits, military administrative files, and proof of citizenship' under seal"); *Doe v. Syrian Arab Republic,* No. 1:18-cv-00066-KBJ, 2020 U.S. Dist. LEXIS 167697, at *3 n.4 (D.D.C. Sep. 10, 2020) (permitting plaintiffs to file under seal exhibits containing medical information, medical histories, social security numbers, dates of birth, and names "because they contained personally identifiable information"); *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (permitting plaintiffs to file addresses under seal and *ex parte* "to preserve the confidentiality" of identifying information in light of safety concerns).

The D.C. Circuit articulated six factors in *United States v. Hubbard* that the Court may weigh to overcome the presumption of public access to judicial proceedings: (1) the need for public access to the documents at issue; (2) public use of the documents; (3) whether someone has objected to disclosure and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice; and (6) the purposes for which the documents were introduced. 650 F.2d 293, 317–22.

Here, the *Hubbard* factors weigh in favor of filing these documents under seal. First, there is no need for public access to these documents. Because Plaintiffs have not filed the complaint under seal, the public has access to the critical allegations underlying this suit. Second, Plaintiffs

are not aware of any previous instance where the public has had access to confidential information disclosed by the DOD. And to date, Plaintiffs have never filed these documents with this Court. To the third *Hubbard* factor, "the fact that a party moves to seal the record weighs in favor of the party's motion." *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). Fourth, given Iran's longstanding history of purposeful support of terrorism, *see, e.g., Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12 (D.D.C. 2019), maintaining the privacy of this information is paramount because the public disclosure of Plaintiffs' personally identifiable information could jeopardize the safety of Plaintiffs due to their participation in this litigation. Plaintiffs cited this concern in moving at the outset of this case to file their residence addresses under seal, which the Court permitted. *See* ECF Dkt. Nos. 2, 8. Further, certain Plaintiffs are minors, which warrants "heightened protection" of their privacy interests. *Yaman*, 786 F. Supp. 2d at 153 (citation omitted). For the fifth *Hubbard* factor, the Defendants have not historically appeared to defend actions brought against it under the terrorism exception to the FSIA. Because the Defendants have not made an appearance in this matter, there is no prejudice to them. Finally, although this information will be introduced as evidence and enable Plaintiffs to meet certain statutory requirements under the FSIA, there has been no opposition to this motion by the Defendants. Filing these documents under seal will in no way undermine this litigation.

## **CONCLUSION**

Accordingly, for the reasons set forth above, Plaintiffs respectfully request that the Court enter an order permitting Plaintiffs to file certain documents under seal.

Dated:  September 6, 2022.				Respectfully submitted,

						<u>/s/ Christopher G. Paulos</u>

						Christopher G. Paulos
						DC Bar No. 1615782
						Florida Bar No. 0091579
						**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
						316 South Baylen Street, Suite 600
						Pensacola, Florida 32502
						Telephone: (850) 435-7067
						Facsimile: (850) 436-6067
						Email:   cpaulos@levinlaw.com

						*Counsel for Plaintiffs*