# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOSHUA L. HOLLADAY, *et al.*,          )
                                                                   )
        Plaintiffs,                        )
                                                                   )   Civil Action No. 1:17-cv-00915-RDM
v.                                                             )
                                                                   )
THE ISLAMIC REPUBLIC OF IRAN, *et al.*,   )
                                                                   )
        Defendants.                       )
_____)

## SECOND AMENDED AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(d) and 5 U.S.C. § 552a(b)(11), the Court enters this Second Amended Agreed Protective Order upon motion of the Plaintiffs and pursuant to an agreement between the Plaintiffs and the Department of Defense ("DOD"), for the purpose of ensuring the confidentiality of certain records and information that may be disclosed by DOD in the course of discovery proceedings in the above-captioned lawsuit (hereinafter, "the *Holladay* litigation"). Good cause exists for entry of this Protective Order because documents or information may be disclosed by DOD that contain sensitive personal information, including personally identifying information maintained in a system of records as defined in 5 U.S.C. § 552a(a)(5), as well as other sensitive personal information, such that an order authorizing disclosure pursuant to 5 U.S.C. § 552a(b)(11) and otherwise protecting the information is appropriate. This Protective Order governs the disclosure of such information to the parties, their respective counsel, and the Court in the *Holladay* litigation.

Accordingly, it is HEREBY ORDERED

1.	This Second Amended Agreed Protective Order supplants the Amended Agreed Privacy Act Protective Order signed by the Court on February 28, 2020 (and entered on the docket on March 2, 2020). Dkt. # 89.

2.	DOD is authorized to disclose in this action discoverable information and documents that otherwise would be prohibited from disclosure under the Privacy Act ("Privacy-Act Protected Information") to the parties, their respective counsel, and the Court.

3.	DOD is also authorized to disclose other sensitive personal information pertaining to individuals, not within the purview of the Privacy Act, that DOD believes should not be subject to unrestricted public release ("Other Protected Information").

4.	All documents or information disclosed in the *Holladay* litigation containing either Privacy-Act Protected Information or Other Protected Information are hereby designated as confidential and shall be marked "*Confidential - Subject to Protective Order*" or with some other similar marking.

5.	Counsel for Plaintiffs in the *Holladay* litigation also represent clients in another pending FSIA matter, *Estate of Christopher Brook Fishbeck, et al. v. Islamic Republic of Iran, et al.*, Case No. 1:18-cv-02248-CRC ("the *Fishbeck* litigation"), involving the same defendants, same terrorist groups, same expert witnesses, and similar theories of liability and causes of action, but involve other plaintiffs who were attacked while serving in Iraq. Plaintiffs and DOD have agreed that for efficiency reasons, the materials produced by DOD to counsel in the *Holladay* litigation should be made available for use on the same terms in the *Fishbeck* litigation.

6.	Information designated as *Confidential - Subject to Protective Order* may be disclosed only to the following persons:

(a)  the parties in the *Holladay* and *Fishbeck* litigations; counsel for the parties in the *Holladay* and *Fishbeck* litigations and members of their support staff with an appropriate need to know;

(b)  witnesses, consultants or experts retained by the parties in connection with the *Holladay* and *Fishbeck* litigations and with an appropriate need to know;

(c)  the Court and its personnel in the *Holladay* and *Fishbeck* litigations; and court reporters or stenographers engaged to record court proceedings and/or deposition testimony in the *Holladay* and *Fishbeck* litigations and with an appropriate need to know;

(d)  such other persons with an appropriate need to know as hereafter may be authorized by the Court upon motion of either party in the *Holladay* and *Fishbeck* litigations.

7. All persons listed in paragraph 5 to whom information produced in the *Holladay* litigation and designated as *Confidential- Subject to Protective Order* is disclosed are prohibited from disclosing to any person other than those listed in paragraph 5 any information designated as *Confidential - Subject to Protective Order*, except as provided in this Protective Order, or as otherwise permitted by the Court. All persons listed in paragraph 5 to whom information produced in the *Holladay* litigation and designated as *Confidential - Subject to Protective Order* is disclosed are prohibited from using any information so designated in any other litigation other than the *Holladay* and *Fishbeck* litigations or for any other purpose.

8. If a party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed information designated as *Confidential - Subject to Protective Order* in accordance with this Protective Order, has disclosed information designated as Confidential - Subject to Protective Order to any unauthorized person or in any unauthorized circumstance, the party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made; (b) promptly make all reasonable efforts to obtain the return of the information designated as Confidential - Subject to Protective Order and to prevent further

3

unauthorized disclosures of the information; and (c) promptly notify the party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the information.

9. All information designated as *Confidential - Subject to Protective Order* produced or exchanged pursuant to this Protective Order shall be used solely for the purposes of litigating or resolving Plaintiffs' causes of action in the *Holladay* or *Fishbeck* litigations and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order, or as otherwise permitted by the Court.

10. If any party wishes to file with a court in the *Holladay* or *Fishbeck* litigations, a document containing information designated as *Confidential - Subject to Protective Order* in connection with a motion, brief, evidentiary or demonstrative exhibit for hearing or trial, or other submission to the court in the *Holladay* or *Fishbeck* litigations, that party shall make an application with the specific court overseeing that specific matter in accordance with Fed. R. Civ. P. 5.2(d) to file such document under seal. This order does not require testimony offered during hearings or trial to be closed or sealed.

11. Nothing in this Protective Order shall be construed as a waiver of any defense, right, or claim by any party or the DOD, including any claim of privilege or other protection from disclosure, nor shall this Protective Order affect the right of either party or the DOD to seek additional protection against the disclosure of any documents or materials.

12. Nothing in this Protective Order requires production of information that is prohibited from disclosure by other applicable privileges, statutes, regulations or authorities.

13. The United States, and its officers or employees shall not bear any responsibility or liability for any unauthorized disclosure of any documents or information produced pursuant to this Protective Order.

IT IS SO ORDERED:

Dated: 8/29/22

THE HONORABLE RANDOLPH D. MOSS
UNITED STATES DISTRICT COURT JUDGE