**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ESTATE OF CHRISTOPHER BROOK FISHBECK, et. al.** | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 1:18-cv-2248-CRC** |
| **v.** | ) | |
| **THE ISLAMIC REPUBLIC OF IRAN, et al.,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' MOTION FOR LEAVE**
**TO FILE A SECOND AMENDED COMPLAINT**

Plaintiffs now move this Honorable Court under Fed. R. Civ. P. 15(a) for leave to file a Second Amended Complaint, which is attached as Exhibit A. The proposed Second Amended Complaint is amended in the following manner:

1) Updates the designation status of Defendant IRGC (designated as a Foreign Terrorist Organization (FTO) on April 15, 2019);
2) Updates the designation status of Shia Special Group, Asa'ib Ahl Al Haq (AAH) (designated as a FTO on January 3, 2020);
3) Corrects references to IRGC-QF Commander Qasem Soleimani, and Abu Mahdi al-Muhandis (member of the Badr Organization and leader of Shia Special group Kata'ib Hizballah), to be properly in the past tense due to their deaths on January 3, 2020;
4) Includes an express demand for prejudgment and post-judgment interest;
5) Corrects links to certain sources and web-based content that changed/expired since the filing of the First Amended Complaint;
6) Provides more legible diagrams showing the structure of Iran's terror network;

7) Provides a citation to a recent article publishing a photograph released on September 2, 2022, of al Qaeda's senior leadership together in Tehran, Iran, circa 2015; and

8) Corrects various scrivener and formatting errors.

This Second Amended Complaint also clarifies the former last names of certain plaintiffs, which is relevant to the evidentiary submission on March 15, 2022 (Docs. 81 and 82). The last names of some Plaintiffs, as reflected in the documents submitted to the Court on March 15, differ from their current last names, as stated in the original complaint. This is due to post-birth name changes (usually the result of a marriage). For example, Plaintiff Astra Carlisa Coleman is identified as such in the complaint even though her birth record, which was submitted to the Court on March 15, 2022, identifies her birth name of Astra Carlisa Cunningham. (*See* Doc. 82, Ex. 3-Fishbeck000014.) The Second Amended Complaint clarifies that Astra Carlisa Coleman was formerly known as Astra Carlisa Cunningham—and hence is the same individual. (*See* Ex. A, para. 608.) The Second Amended Complaint provides this name clarification for the Plaintiffs included in Appendix A.

Further, a number of minor plaintiffs have reached the age of majority since the filing of the First Amended Complaint. The Second Amended Complaint identifies the full names of these now-adult Plaintiffs.

Substantively, the Second Amended Complaint contains the exact same defendants, causes of action, theories, and claims, and it does not add any new parties to the lawsuit. Other than the corrections identified above, it is identical to the First Amended Complaint. In support of their request for leave to amend, Plaintiffs state as follows:

Defendants have not made an appearance in this litigation and have not acknowledged other efforts to contact them in this case or similar cases. Therefore, their position either

consenting to or opposing this motion could not be obtained. In such situations, where defendants have defaulted, the Court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of the bases for denying leave to amend are present here.

Plaintiffs have not delayed in seeking to revise or amend the complaint. Nor does the proposed amendment prejudice Defendants. *See Atchinson v. District of Columbia*, 73 F. 3d 418, 426 (D.C. Cir. 1996) ("Consideration of whether delay is undue…should generally take into account the actions of other parties and the possibility of any resulting prejudice."). To establish prejudice, "opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *In re Vitamins Antitrust Litig.,* 217 F.R.D. 30, 32 (D.D.C. 2003). Furthermore, "an amendment would be unduly prejudicial if it 'substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation'; it would 'put [the opponent] to added expense and the burden of a more complicated and lengthy trial'; or it raises 'issues [that] are remote from the other issues in the case'." *United States ex rel. Scott v. Pacific Architects and Engineers (PAE), Inc.,* 327 F.R.D. 17, 20 (quoting *Djourabchi v. Self,* 240 F.R.D. 5, 13 (D.D.C. 2006). Plaintiffs seek leave to include an additional form of relief—prejudgment and post-judgment interest. Plaintiffs do not seek to add new factual allegations or causes of action that would impose any additional litigation burden on Defendants. Plaintiffs' inclusion of the remedy of prejudgment

and post-judgment interest in this suit is due to the fact that it was inadvertently omitted from the original complaint. The other minor changes in the proposed Second Amended Complaint will not meaningfully impact the complexity, length, or burden of resolving the Plaintiffs' claims—on the contrary, the changes will clarify and streamline the case. Moreover, and critically, Defendants have never appeared or responded in this case, such that they have not (and could not) contend that their "burden" of defending this case would in any way be enhanced by the proposed revisions.

Plaintiffs' requested amendment is not futile. "When a plaintiff fails to establish the facts or circumstances to make a claim in seeking to amend a pleading, amendment is futile and the court acts within its discretion to refuse amendment." *Ambellu v. Re'ese Adbarat Debre Selam Kidist Mariam*, 403 F. Supp. 3d 72, (D.C.2019). The proposed changes are not responsive to any adverse determination by the Court regarding the merits of Plaintiffs' claims. Rather, the form of relief Plaintiffs seek to include by amendment—prejudgment and post-judgment interest—has been sought by similarly-situated Plaintiffs and awarded by the Court in prior cases arising from acts of terrorism. *See Reed v. Islamic Republic of Iran,* 845 F. Supp. 2d 204, 214-15 (pre-judgment interest appropriate on the whole award, including pain and suffering and solatium, but not punitive damages), *see also Opati v. Republic of Sudan,* 60 F. Supp. 3d 82; *Estate of Doe v. Islamic Republic of Iran,* 943 F. Supp. 2d 180, 185.

Indeed, this Court has granted similar relief under similar circumstances. *See, e.g., Force, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 16-cv-1468-RDM, D.D.C., September 7, 2020 Minute Order (granting motion for leave to add prejudgment and post-judgment interest in terrorism case against Iran where Iran was in default); *Holladay, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 17-cv-915-RDM, D.D.C., July 26, 2021

Minute Order (same).

WHEREFORE, the undersigned moves this Honorable Court to enter an Order granting Plaintiffs' motion for leave to file their Second Amended Complaint as proposed.

Dated: September 6, 2022.

Respectfully submitted,

*/s/ Christopher G. Paulos*
Christopher G. Paulos
DC Bar No. 1615782
Florida Bar No. 0091579
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR, AND MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7067
Facsimile: (850) 436-6067
E-Mail: cpaulos@levinlaw.com

***Counsel for Plaintiffs***