UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER<br>BROOK FISHBECK, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>　　　　Defendants | )<br>)<br>)<br>)<br>)　Civil Action No. 1:18-cv-2248-CRC<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' BELLWETHER PREHEARING BRIEF AND
EVIDENTIARY SUBMISSION AND MOTION TO ADMIT CERTAIN EXHIBITS
AS EVIDENCE AND TO ADMIT EXPERT REPORTS BEFORE TRIAL**

Pursuant to the Minute Order of July 20, 2022, Plaintiffs now submit their prehearing brief and documents related to the admissibility of evidence. Further, Plaintiffs respectfully move this Court for an order admitting certain exhibits and expert reports as evidence before trial.

**I.     Introduction**

Plaintiffs have selected 15 attacks to present at the upcoming bellwether hearing. *See* ECF No. 92. The primary purpose of the hearing is to prove attribution—*i.e.*, that the bellwether attacks were committed by terrorist groups that were materially supported by Iran. Plaintiffs previously submitted a brief and evidence identifying those groups and detailing the material support Iran provided them during the relevant timeframe. *See generally* ECF No. 84. Another purpose of the hearing is to prove the fact of injury for the directly injured Plaintiffs (*i.e.*, the non-solatium Plaintiffs).

In connection with the bellwether hearing, undersigned counsel will present the following categories of evidence to the Court:

- Live oral testimony (in person and by Zoom) of directly injured Plaintiffs;

- Declarations, submitted pursuant to 28 U.S.C. § 1746, of directly injured Plaintiffs and other eyewitnesses to the attack;

- Live oral testimony of expert witnesses Daveed Gartenstein-Ross, Colonel Mark Lee Walters, U.S. Army (Ret.), and Michael Pregent;

- Expert reports and declarations of those same expert witnesses;

- Attack-specific documents from CENTCOM, including Intelligence analyses, Operation Reports, Improvised Explosive Device (IED) Reports, SIGACT Reports, Photographs, and Story Boards;

- Casualty or Overseas Death Reports from the appropriate military department completed and signed by order of the respective military branch authority;

- Official, De-Classified Memorandums from the Multi-National Force – Iraq, signed by commanding U.S. officers;

- U.S. Department of Defense News Releases, Press Statements, Unclassified Briefings, Official Historical Publications, Document Libraries/Archives, formally issued and published by the Department of Defense and available on its formal government websites and in its archives;

- Official, Declassified Multi-National Corps-Iraq (MNC-I) documents produced and released by CENTCOM, including Command Briefings, Area Assessment, Orders, Detainee Reports, Criminal Investigation Reports, Targeting Packages, Tactical Assessments, and Interrogation Reports;

- Official military records specific to the directly injured Plaintiffs, including Official Military Personnel Files, DD214/DD1300/DD2064 forms, medals and citations (*e.g.*, Purple Hearts, Bronze Stars), Enlisted Record Briefs, and Discharge Orders.

- Medical records of the directly injured Plaintiffs;

- Autopsy Reports completed by the Armed Forces Institute of Pathology, Office of the Armed Forces Medical Examiner, or other government medical examination office;

- Death Certificates; and

- Court filings, orders, and probate records related to the deceased Plaintiffs and their estates.

To streamline the hearing, Plaintiffs submit herewith documentary evidence related to the bellwether attacks and ask that the Court deem these documents admitted in evidence. Those documents are identified by categories in Section III below and specifically in Appendix A, attached hereto.

**II.    Evidentiary Standard**

The evidentiary standard applicable to this case requires Plaintiffs to demonstrate their right to relief "by evidence satisfactory to the court." 28 U.S.C. § 1608(e). In light of Congress's purpose in enacting the terrorism exception to the jurisdictional immunity of a foreign state (28 U.S.C. §1605A)—to "compensate the victims of terrorism" and "punish foreign states who have committed or sponsored such acts"—as well as the "difficulty in obtaining firsthand evidence and eyewitness testimony" "from an absent and likely hostile sovereign," courts are afforded great latitude and flexibility in determining the type and quantum of evidence necessary to enter default judgment against a foreign sovereign. *Fritz v. Islamic Republic of Iran*, 320 F. Supp. 3d 48, 57 (D.D.C. 2018)*; see also Force v. Islamic Republic of Iran*, 464 F. Supp. 3d 323, 336 (D.D.C. 2020). Indeed, district courts have "an unusual degree of discretion over evidentiary rulings in a FSIA case against a defaulting state sponsor of terrorism." *Owens v. Republic of Sudan*, 864 F.3d

3

751, 785 (D.C. Cir. 2017); *accord Karcher, et. al. v. Islamic Republic of Iran*, No. 1:16-cv-00232-CKK, Nov. 27, 2018 Order (ECF No. 64) (exercising the court's discretion to pre-admit exhibits).

The FSIA "leaves it to the court to determine precisely how much and what kinds of evidence the plaintiff must provide." *Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1047 (D.C. Cir. 2014). In fact, "the quantum and quality of evidence that might satisfy a court can be less than that normally required." *Abedini v. Gov't of Islamic Republic of Iran*, 422 F. Supp. 3d 118, 128 (D.D.C. 2019)*; accord Sotloff v. Syrian Arab Republic*, 525 F. Supp. 3d 121, 134 (D.D.C. 2021) ("In a FSIA default proceeding, a court can find that the evidence presented is satisfactory when the plaintiff shows her claim has some factual basis, even if she might not have prevailed in a contested proceeding.").

The D.C. Court of Appeals explained this unusual degree of discretion:

> For example, we have allowed plaintiffs to prove their claims using evidence that might not be admissible in a trial…This broad discretion extends to the admission of expert testimony, which, even in the ordinary case, does not constitute an abuse of discretion merely because the factual bases for an expert's opinion are weak … Section 1608(e) does not require a court to step into the shoes of the defaulting party and pursue every possible evidentiary challenge … This is part of the risk a sovereign runs when it does not appear and alert the court to evidentiary problems.

*Owens*, 864 F.3d at 785-86.

As for expert opinions, they are "not only entirely proper, but often sufficient, and even indispensable in terrorism cases…because firsthand evidence of terrorist activities is difficult, if not impossible to obtain." *Fritz*, 320 F. Supp. 3d at 57 (quoting *Owens*, 864 F.3d at 787-88); *Force*, 464 F. Supp. 3d at 336-37, 366. Moreover, "an expert is not limited to relying on admissible evidence in forming his opinion," since "experts don't characteristically base their expert judgments on legally admissible evidence; the rules of evidence are not intended for the guidance of experts." *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 704 (7th Cir. 2008)

4

(interpreting expert opinion evidentiary rules). In fact, the Federal Rules of Evidence expressly provide that expert opinions are admissible even if based on inadmissible facts or data provided that they are the kind of facts and data "experts in the particular field would reasonably rely on." *See* Fed.R.Evid. 703. Expert testimony has special importance in FSIA default cases because "[t]he types of records or direct evidence available in civil litigation are unlikely to be available in FSIA cases – particularly when, as here, plaintiffs have no access to discovery." *Flanagan v. Islamic Republic of Iran*, 190 F. Supp. 3d 138, 175 (D.D.C. 2016).

In addition, courts may receive and consider declarations (or affidavits) in lieu of live testimony. *See Lonnquist v. Islamic Republic of Iran*, No. 17-cv-1630 (JDB) (D.D.C. Feb. 11, 2020), ECF No. 38 (considering affidavits of plaintiffs); R. & R. at 2, *Chogo v. Republic of Sudan*, No. 15-cv-951 (JDB) (D.D.C. Oct. 10, 2019), ECF No. 41 (considering affidavit of plaintiff). *See* 28 U.S.C. § 1746 (declarations have the same legal effect as affidavits).

As the *Owens* court stated, "[p]ursuant to the 'broad approach to admissibility' under Rule 803(8), a court may also admit 'conclusion[s] or opinion[s]' contained within a public record." 864 F.3d at 792 (*citing Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988)); *see also Beech Aircraft,* 488 U.S. at 170 ("[a]s long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report."). As shown below, the information contained in Plaintiffs' proffered evidence is trustworthy, and Defendants have not appeared in this action to argue otherwise. *See, e.g.*, *Union Pac. R.R. Co. v. Kirby Inland Marine, Inc. of Miss.*, 296 F.3d 671, 679 (8th Cir. 2002) (burden of showing untrustworthiness is on party opposing admission); *Owens*, *supra* (same). Accordingly, the proposed exhibits should be admitted in their entirety.

Further, a government report is admissible even if it contains a layer of hearsay from

unidentified witnesses. *Holliday v. J S Exp., Inc.,* No. 4:12-cv-01732-ERW, 2013 WL 2395333, at *5 (E.D. Mo. May 30, 2013). An agency investigator's reliance on hearsay evidence does not render the report itself untrustworthy. *See id. See also Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1309-10 (5th Cir. 1991) ("Many government reports, as with many expert witnesses, have to rely in part on hearsay evidence, and the reports are not generally excluded for this reason."). This conclusion is guided by Fed. R. Evid. 703, which allows experts to rely on otherwise inadmissible facts to reach their opinions if experts in that field would reasonably rely on those facts in forming an opinion on that subject. Accordingly, "[t]here is no reason that government officials preparing reports do not have the same latitude." *Holliday*, 2013 WL 2395333, at *5, *citing Moss*, 933 F.2d at 1310. In *Holliday*, the court held that "regardless of whether the [Department of Labor's] conclusions were drawn from the statements of others, it does not render the Report inadmissible under Federal Rule of Evidence Rule 803(8)." *Id.*

With respect to documentary evidence, they "need not be qualified as genuine pursuant to Federal Rule of Evidence 901." *Cabrera v. Iran*, No. 19cv-3835 (JDB) (D.D.C. July 19, 2022), ECF No. 79, p. 4. Instead, "[a]uthentication may be made by counsel's representation that a proffered document is genuine and is an accurate copy of what counsel proffers it to be." *Id.*

### III. Documentary Evidence

The documents Plaintiffs are now requesting be admitted are directly related to the bellwether attacks and are identified in the attached appendix, which identifies the documents Plaintiffs now seek to admit. Those same documents (other than those being filed under seal) are also attached hereto.

The admissibility of these documents is based on the following:

- Signed declarations that contain the requisite language in 28 U.S.C. § 1746 are valid and admissible. *See* Fed.R.Evid. 602 and 803(6), (8) *Stephenson v. Fam. Sols. of Ohio, Inc.*, 2020 WL 6685301, at *5–6 (N.D. Ohio Nov. 12, 2020) ("electronically signed declarations that contain the requisite language noted above are sufficient to comply with § 1746"); *Hale v. Emporia State Univ.*, 2018 WL 5884543, at *2 (D. Kan. Nov. 9, 2018) (declaration with electronic signature complied with § 1746).

- Expert reports and declarations are admissible under 28 U.S.C. § 1746 and Fed.R.Evid. 702-703.

- Public records, including death certificates, autopsy reports, and military records are admissible under Fed.R.Evid. 803(6) and (8).

- Court filings and court records are admissible under Fed.R.Evid. 803(8) and Fed.R.Civ.P. 44.

- Medical records are admissible under Fed.R.Evid. 803(4), (6).

- Official military documents, including those produced by CENTCOM, official, declassified memorandums, casualty or overseas death reports, and Department of Defense News Releases, Press Statements, and other formal publications, are admissible as official government records. *See* Fed.R.Evid. 803(6) and (8); *LaBonte v. United States*, 150 Fed. Cl. 552, 559 (2020).

- Military records that pertain to specific servicemembers are also admissible as official government records. *See* Fed.R.Evid. 803(6) and (8); *LaBonte v. United States*, 150 Fed. Cl. 552, 559 (2020).

The admissibility of the documents is also supported by the attached declarations of counsel attesting to their genuineness and accuracy. *See* Declarations of Christopher Paulos, Esq., Jeremy Tor, Esq., and David Teselle, Esq.

### IV.  Testimony

At the hearing next week, Plaintiffs intend to present the following live testimony. The method of testimony (live versus by Zoom) is also specified below.

1. **April 4, 2004 "Black Sunday" Attack in Sadr City**

   **Live testimony:**
   - Expert testimony from Dr. Daveed Gartenstein-Ross
   - In-person testimony from Plaintiff Sgt. Salvador Beltran-Soto
   - In-person testimony from Plaintiff Pvt. Anthony Ferris
   - In-person testimony from Plaintiff Sgt. Franklin Doss

2. **November 14, 2004 Complex Attack in Fallujah**

   **Live testimony:**
   - Expert testimony from Dr. Daveed Gartenstein-Ross
   - In-person testimony from Plaintiff HM2 Samuel Williams
   - In-person testimony from Plaintiff GySgt. Shane Housmans

3. **January 26, 2005 Complex Attack in Haqlaniyah**

   **Live testimony:**
   - Expert testimony from Dr. Daveed Gartenstein-Ross
   - In-person testimony from Plaintiff Juan Rubio

4. **April 16, 2005 Rocket Attack in Ramadi**

   **Live testimony:**
   - Expert testimony from Dr. Daveed Gartenstein-Ross
   - In-person testimony from Plaintiff Spc. Jose Jauregui

5. **April 9, 2008 IED Attack in Golden Hills, Salah al Din**

   **Live testimony:**
   - Expert testimony from Dr. Daveed Gartenstein-Ross

6. **February 19, 2005 PBIED Attack in Kadhimiya**

   **Live testimony:**
   - In-person testimony from Plaintiff Sgt. Joshua Coy
   - Expert testimony from Colonel Mark Lee Walters, U.S. Army (Ret.)

7. **September 17, 2006 EFP Attack in Adhamiya**

   **Live testimony:**
   - In-person testimony from Plaintiff Spc. Endi Cisneros Herrera;
   - Expert testimony from Colonel Mark Lee Walters, U.S. Army (Ret.);

8. **February 22, 2007 IED Attack in Ramadi**

   **Live testimony:**
   - Zoom testimony from Plaintiff Sfc. Raleigh Heekin;
   - Expert testimony from Colonel Mark Lee Walters, U.S. Army (Ret.);

9. **March 23, 2008 Rocket Attack in Green Zone, Baghdad**

   **Live testimony:**
   - Zoom testimony from Plaintiff Spc. Phillip Trimble
   - Expert testimony from Colonel Mark Lee Walters, U.S. Army (Ret.);

10. **April 21, 2008 IED Attack in Salah al Din**

    **Live testimony:**
    - Expert testimony from Colonel Mark Lee Walters, U.S. Army (Ret.);

11. **April 5, 2005 VBIED Attack in Dora**

    **Live testimony:**
    - Live testimony from Steve Nunez Jr.
    - Expert testimony from Michael Pregent

12. **May 9, 2005 Mortar Attack in Karma**

    **Live testimony:**
    - Zoom testimony from Brian Jenkins
    - Live testimony from Nicholas Siewert
    - Expert testimony from Michael Pregent

13. **June 4, 2006 IED Attack in Tarmiyah**

    **Live testimony:**
    - Live testimony from Paul Eric Haines
    - Expert testimony from Michael Pregent

14. **November 14, 2006 EFP Attack in Kadhimiya**

    **Live testimony:**
    - Live testimony from Larry Cabral
    - Expert testimony from Michael Pregent

15. **March 12, 2008 Rocket Attack at Tallil Air Base**

    **Live testimony:**
    - Live testimony from Joel Tavera
    - Expert testimony from Michael Pregent

V.   **Conclusion**

Given the broad approach to admissibility set forth by the Supreme Court in *Beech Aircraft*, and the reasons set forth above, Plaintiffs respectfully request that the Court admit into evidence before trial the documents and reports noted herein and attached hereto. *See* Appendix A.

Dated: September 6, 2022          Respectfully submitted,

By: */s/ Christopher G. Paulos*
Christopher G. Paulos
DC Bar No. 1615782
Florida Bar No. 0091579
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7067
Facsimile: (850) 436-6067
Email: cpaulos@levinlaw.com

>Jeremy A. Tor (*Pro Hac Vice*)
>Ohio Bar No. 0091151
>**SPANGENBERG, SHIBLEY & LIBER LLP**
>1001 Lakeside Ave., East., Suite 1700
>Cleveland, Ohio 44114
>Telephone: 216-696-3232
>Facsimile: 216-696-3924
>Email: jtor@spanglaw.com
>
>*Counsel for Plaintiffs*