UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF CHRISTOPHER BROOK FISHBECK, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**THE ISLAMIC REPUBLIC OF IRAN, et al.,** )<br>)<br>**Defendants** )<br>_____ ) | ) Civil Action No. 1:18-cv-02248-CRC |

**PLAINTIFFS' REPORT TO COURT CONCERNING A
DISCOVERY PRODUCTION SCHEDULE WITH THE DEPARTMENT OF DEFENSE**

On October 18, 2022, the Court entered a Minute Order directing Plaintiffs "to file a further status report by November 1, 2022 and a proposed discovery plan by November 10, 2022" on their effort to cooperatively develop a discovery production schedule with the Department of Defense (DoD). Based on the information contained below and the continued efforts to work with DoD to reach a plan acceptable to both Plaintiffs and DoD, Plaintiffs respectfully request an extension until December 9, 2022, to submit a proposed discovery production schedule.

On November 1, 2022, the undersigned filed a report with this Court advising the Court that Plaintiffs identified 89 non-bellwether attacks on October 27, 2022. Plaintiffs provided DoD specific information related to the victims, dates, times, locations, munitions, and the DoD units involved in these 89 non-bellwether attacks. If publicly available, Plaintiffs also provided the specific identifying numbers used internally by DoD to track/locate the Significant Activity Reports for these attacks.[1] If an attack involved the death of a U.S. national, Plaintiffs also provided

---

[1] The information on this list was the same as that provided in Plaintiffs initial subpoenas, albeit, included only the specific attacks that Plaintiffs anticipate including in the first waves of non-

the names of those killed in the attack, if publicly available. Plaintiffs requested that DoD focus its current production efforts on these 89 attacks.

On October 31, 2022, counsel for Plaintiffs and DoD met and conferred to discuss the 89-attack list and the need for a discovery production schedule. Plaintiffs answered DoD's questions about the list of 89 non-bellwether attacks. DoD Counsel stated he would meet with DoD about the list and respond to Plaintiffs' request that DoD prioritize the listed attacks and DoD's projected timeframe for conducting its review process for these attacks. Plaintiffs also asked DoD to provide its position and/or ideas related to using reasonably quantifiable metrics (*e.g.*, number of pages, number of attacks, and/or number of documents able to be reviewed and produced within specific timeframes) that would assist the parties in formulating a production schedule that would be in harmony with the case management schedule. DoD Counsel indicated he would attempt to do so, however, to date has not been able to do so.

During the conversations, Plaintiffs' counsel advised DoD Counsel of the November 10, 2022, deadline to submit a discovery production schedule and asked that DoD respond to Plaintiffs' requests to prioritize the 89 non-bellwether attacks list and DoD's input on a production schedule in sufficient time to meet that deadline. DoD Counsel was unable to offer an assurance as to what information or response could be provided prior to November 10, 2022.

Since Plaintiffs' November 1st Report to the Court, Plaintiffs' counsel has been in communication with DoD's counsel and have been advised that DoD is not in a position to provide a substantive response to Plaintiffs request for it to focus its efforts on the 89 non-bellwether attacks and for quantifiable production metrics by November 10, 2022. DoD has, however, advised

---

bellwether attacks to be submitted to Special Masters pursuant the Case Management Order. *See* ECF No. 75, paras. 8-10.

that it was considering Plaintiffs' proposal regarding the 89 non-bellwether attacks and speaking with the necessary entities within the Government, and should be ready to speak with Plaintiffs' counsel during the week of November 14, 2022.

Plaintiffs are working to further refine a proposed schedule for rolling productions for the remaining 334 non-bellwether attacks involved in this action. This proposal revolves around Plaintiffs identifying groups of attacks (along with certain information about each attack consistent with the information provided for the initial wave of 89 non-bellwether attacks) on a regular basis and DoD producing the information responsive to the Plaintiffs' subpoenas within a certain amount of time thereafter. The details related to the number of attacks per group, the frequency of Plaintiffs' requests, and the amount of time for DoD to respond are still being worked out and, in part, the quantifiable metrics may play a role in establishing these dates and time frames. Agreement on these issues may or may not be reached between Plaintiffs and DoD for DoD Counsel has indicated that an additional 30 days will allow him the necessary time to finish his conversations with DoD about the processing of the remaining attacks and consider Plaintiffs' proposed schedule.

Plaintiffs continue to work cooperatively with the DoD to develop a discovery production schedule for the first wave of 89 non-bellwether attacks and for the remaining 334 non-bellwether attacks. Accordingly, Plaintiffs' counsel respectfully request until **December 9, 2022**, to file a proposed discovery production schedule addressing all of the remaining non-bellwether attacks, whether or not Plaintiffs and DoD are able to reach agreement on the proposed schedule.

Dated: November 10, 2022.                                   Respectfully submitted,

                                                            By: */s/ Christopher G. Paulos*
                                                            Christopher G. Paulos
                                                            DC Bar No. 1615782

**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7067
Facsimile: (850) 436-6067
Email: cpaulos@levinlaw.com

Jeremy A. Tor (*Pro Hac Vice*)
Ohio Bar No. 0091151
**SPANGENBERG, SHIBLEY & LIBER LLP**
1001 Lakeside Ave., East, Suite 1700
Cleveland, Ohio 44114
Telephone: 216-696-3232
Facsimile: 216-696-3924
Email: jtor@spanglaw.com

*Counsel for Plaintiffs*