UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF CHRISTOPHER BROOK FISHBECK, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**THE ISLAMIC REPUBLIC OF IRAN, et al.,** )<br>)<br>**Defendants** )<br>) | Civil Action No. 1:18-cv-2248-CRC |

### MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY FOR THE BELLWETHER ATTACKS

Plaintiffs respectfully move this Court for an entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b) against Defendants The Islamic Republic of Iran, The Islamic Revolutionary Guard Corps, Iranian Ministry of Intelligence and Security, Bank Markazi Jomhouri Islami Iran, Bank Melli Iran, and the National Iranian Oil Company (hereafter, "Defendants") as to liability with respect to the bellwether attacks presented to the Court and identified in Plaintiffs' Proposed Findings of Fact and Conclusions of Law, filed concurrently herewith and incorporated by reference. In support thereof, Plaintiffs state the following:

1. Plaintiffs' Complaint was properly served on Defendants Bank Markazi Jomhouri Islami Iran ("Bank Markazi") and National Iranian Oil Company on May 29, 2019; on Defendant Bank Melli ("Bank Melli") Iran on May 30, 2019; and on Defendants Islamic Republic of Iran ("Iran"), Iranian Ministry of Intelligence and Security ("MOIS"), and Islamic Revolutionary Guard Corps ("IRGC") on September 4, 2019. *See* ECF Nos. 24, 25, 26, and 36.

2. Bank Markazi and National Iranian Oil Company had until July 28, 2019 to file a responsive pleading; Bank Melli had until July 29, 2019 to file a responsive pleading; and Iran,

MOIS, and IRGC had until November 3, 2019 to file a responsive pleading. *See id*. Thereafter and until the present, Defendants have failed to plead or otherwise defend this case as required by the Federal Rules of Civil Procedure.

    3.    On August 21, 2019, the Clerk entered default as to Bank Markazi, Bank Melli, and National Iranian Oil Company. *See* ECF Nos. 32, 33, and 34. On November 7, 2019, the Clerk entered default as to Iran, MOIS, and IRGC. *See* ECF No. 38.

    4.    The Foreign Sovereign Immunities Act provides:

> No judgment by default shall be entered by a court of the United States…against a foreign state…unless the claimant establishes his claim or right to relief by evidence satisfactory to the court…

28 U.S.C § 1608(e).

    5.    Plaintiffs now move for default judgment as to liability pursuant to Rule 55(b)(2) with respect to the fifteen bellwether attacks presented to the Court during the three-day hearing on September 12, 13, and 14, 2022.

    6.    As Plaintiffs have demonstrated, Defendants provided material support to the bellwether attacks that resulted in serious injury and death to certain Plaintiffs. Specifically, Defendants:

        a.  provided material support for bellwether attack # 1 and should be held jointly and severally liable to Plaintiffs Salvador Beltran-Soto, Richard Dewayne Foster, Alexander Rodriguez Bryant, Anthony Ferris, and Franklin Doss under 28 U.S.C. § 1605A(c);

        b.  provided material support for bellwether attack # 2 and should be held jointly and severally liable to Plaintiffs Estate of Dale Alan Burger, Jr., Samuel Williams, Shane Kevin Housmans, Joe Sanchez, Jr., and Curtis Joseph

    Mighaccio under 28 U.S.C. § 1605A(c);

c. provided material support for bellwether attack # 3 and should be held jointly and severally liable to Plaintiffs Estate of Jonathan Williams Bowling, Andrew Howard Rothman, and Juan Martinez Rubio under 28 U.S.C. § 1605A(c);

d. provided material support for bellwether attack # 4 and should be held jointly and severally liable to Plaintiffs Estate of Robert William Briggs, Estate of Randy Lee Stevens, Estate of Tromaine K. Toy, and Jose Miguel Jauregui under 28 U.S.C. § 1605A(c);

e. provided material support for bellwether attack # 5 and should be held jointly and severally liable to Plaintiff Estate of Anthony Capra, Jr., under 28 U.S.C. § 1605A(c);

f. provided material support for bellwether attack # 6 and should be held jointly and severally liable to Plaintiffs Joshua Dale Coy and Estate of Adam Michael Malson under 28 U.S.C. § 1605A(c);

g. provided material support for bellwether attack # 7 and should be held jointly and severally liable to Plaintiff Endi Cisneros Herrera under 28 U.S.C. § 1605A(c);

h. provided material support for bellwether attack # 8 and should be held jointly and severally liable to Plaintiffs Raleigh James Heekin, III, and Estate of Joshua Ryan Hager under 28 U.S.C. § 1605A(c);

i. provided material support for bellwether attack # 9 and should be held jointly and severally liable to Plaintiff Philip Ryan Trimble under 28 U.S.C. § 1605A(c);

    j.   provided material support for bellwether attack # 10 and should be held jointly and severally liable to Plaintiff Estate of Adam J. Kohlhaas under 28 U.S.C. § 1605A(c);

    k.   provided material support for bellwether attack # 11 and should be held jointly and severally liable to Plaintiff Steve Nunez under 28 U.S.C. § 1605A(c);

    l.   provided material support for bellwether attack # 12 and should be held jointly and severally liable to Plaintiff Estate of Taylor Prazynski under 28 U.S.C. § 1605A(c);

    m.   provided material support for bellwether attack # 13 and should be held jointly and severally liable to Plaintiff Paul Eric Haines under 28 U.S.C. § 1605A(c);

    n.   provided material support for bellwether attack # 14 and should be held jointly and severally liable to Plaintiffs Larry Diaz Cabral, Jr., and Robert Lee McCormick under 28 U.S.C. § 1605A(c); and

    o.   provided material support for bellwether attack # 15 and should be held jointly and severally liable to Plaintiff Joel Tavera under 28 U.S.C. § 1605A(c).

7.    An entry of default judgment as to liability against Defendants, together with Plaintiffs' proposed findings of fact and conclusions of law, can be applied by Special Masters appointed in this case to make liability recommendations for Plaintiffs' non-bellwether attacks, as contemplated by the case management plan entered by the Court. *See* ECF No. 75.

WHEREFORE, Plaintiffs respectfully request this Court enter an order entering default judgment as to liability for the bellwether attacks against Defendants pursuant to Federal Rule of Civil Procedure 55(b).

Dated: November 14, 2022.	Respectfully submitted,

/s/ *Christopher G. Paulos*
Christopher G. Paulos
DC Bar No. 1615782
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR, AND MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7067
Facsimile: (850) 436-6067
E-Mail: cpaulos@levinlaw.com

*Counsel for Plaintiff*s