UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>Defendants | )<br>)<br>)<br>)<br>)  Civil Action No. 1:18-cv-2248-CRC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL

This is a civil action, brought pursuant to the Foreign Sovereign Immunities Act ("FSIA"), against Iran and several of its political subdivisions, agencies and instrumentalities. See generally, Second Amended Complaint, ECF No. 96-1. The case arises out of terrorist attacks materially supported and sponsored by Iran and committed against U.S. soldiers in Iraq between 2003 and 2011. In support of their cases Plaintiffs intend to file their military and medical records and psychiatric reports. Those records contain highly sensitive data, including private health data, psychiatric notes, and personal identifiers, and should not be made available for unrestricted public access. Plaintiffs also intend to file confidential materials received from the Department of Defense pursuant to a protective order. This Court previously granted a request by Plaintiffs to file the same types of documents under seal for the Plaintiffs that were presented during the Bellwether hearing.[1] (See Motion to File Certain Documents Under Seal, ECF No. 93, and September 6, 2022 Minute Entry by the Court).

---

[1] The Court also permitted Plaintiffs to file under seal the Expert Reports and Declarations of Dr. Rael Strous, M.D., who performs psychiatric evaluations of Plaintiffs. Although introduced as expert reports, they contain detailed session notes and specific references to and quotes from Plaintiffs' medical records, and thus contain the same information Plaintiffs seek to seal here.

Courts in this district routinely permit litigants to file these types of documents under seal. See, e.g., *Cabrera v. Islamic Republic of Iran*, No. 19-3835 (JDB), 2022 U.S. Dist. LEXIS 127290, at *204 (D.D.C. July 19, 2022) ("granting plaintiffs leave to file 'medical records, family member affidavits, military administrative files, and proof of citizenship' under seal"); *Doe v. Syrian Arab Republic*, No. 1:18-cv-00066-KBJ, 2020 U.S. Dist. LEXIS 167697, at *3 n.4 (D.D.C. Sep. 10, 2020) (permitting plaintiffs to file under seal exhibits containing medical information, medical histories, social security numbers, dates of birth, and names "because they contained personally identifiable information"); *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (permitting plaintiffs to file addresses under seal and *ex parte* "to preserve the confidentiality" of identifying information in light of safety concerns).

The D.C. Circuit articulated six factors in *United States v. Hubbard* that the Court may weigh to overcome the presumption of public access to judicial proceedings: (1) the need for public access to the documents at issue; (2) public use of the documents; (3) whether someone has objected to disclosure and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice; and (6) the purposes for which the documents were introduced. 650 F.2d 293, 317–22.

Here, the *Hubbard* factors all weight in favor of filing these documents under seal.  First, there is no need for public access to these documents.  No public interest is served by allowing unrestricted access to Plaintiffs' health information and personal identifiers, and Plaintiffs have not filed the complaint under seal, so the public already has access to the critical allegations underlying this suit.  Second, Plaintiffs are not aware of any previous instance where the public has had access to this confidential information. To the third Hubbard factor, "the fact that a party moves to seal the record weighs in favor of the party's motion." *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  Fourth, given Iran's longstanding history of purposeful support of terrorism, see,

e.g., *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12 (D.D.C. 2019), maintaining the privacy of this information is paramount because the public disclosure of Plaintiffs' personally identifiable information could jeopardize the safety of Plaintiffs due to their participation in this litigation. Plaintiffs cited this concern in moving at the outset of this case to file their residence addresses under seal, which the Court permitted. See ECF Dkt. Nos. 2, 8.  Further, certain Plaintiffs are minors, which warrants "heightened protection" of their privacy interests. *Yaman*, 786 F. Supp. 2d at 153 (citation omitted). For the fifth Hubbard factor, the Defendants have not historically appeared to defend actions brought against it under the terrorism exception to the FSIA. Because the Defendants have not made an appearance in this matter, there is no prejudice to them.  Finally, although this information will be introduced as evidence for Plaintiffs to meet their burden of proof, there has been no opposition to this motion by the Defendants.  Filing these documents under seal will in no way undermine this litigation.

Finally, granting this motion will save judicial time and resources, and allow Plaintiffs to continue to file their records with the Court during the wave process without the need to continuously make new motions upon the Court to put them under seal.

## CONCLUSION

Accordingly, for the reasons set forth above, Plaintiffs respectfully request that the Court enter an order permitting all Plaintiffs to file their military and medical records, as well as psychiatric reports, under seal going forward.

Dated: November 21, 2022.                    Respectfully submitted,

*/s/ Chad E. Ihrig*
Chad E. Ihrig (*Pro Hac Vice*)
Texas Bar No. 2408437
Nix Patterson, LLP
8701 Bee Cave Road
Seven Oaks East, Suite 500
Austin, Texas 78746
Fax: 512.328.5335

Tel: 512.328.5333

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by electronic filing with the Clerk via the CM/ECF system, which electronically notifies all registered participants.

*/s/ Chad E. Ihrig*
Chad E. Ihrig