UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF CHRISTOPHER BROOK FISHBECK, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**THE ISLAMIC REPUBLIC OF IRAN, et al.,** )<br>)<br>**Defendants** )<br>) | Civil Action No. 1:18-cv-2248-CRC |

**[PROPOSED] ORDER
IMPLEMENTING ADMINISTRATIVE PLAN
FOR NON-BELLWETHER LIABILITY DETERMINATIONS**

Upon consideration of Plaintiffs' motion to implement an administrative plan concerning Special Masters in the above-captioned cases, and the entire record herein, it is hereby

**ORDERED** that the following Administrative Plan shall govern further proceedings as to the review of evidence and determination of the defendants' liability for non-bellwether attacks at issue in this case:

**I.   Qualifications**

Each person appointed as a Special Master of this Court under this Administrative Plan shall have not less than five years of experience as a licensed attorney or as a judge of a court of any state, the District of Columbia, or the United States. Such person shall not be related to any party or counsel appearing in this action, nor have any financial or other interest that would create a conflict of interest. See Fed. R. Civ. P. 53(a)(2), (b)(3). To the extent not already submitted to the Court, plaintiffs shall submit the *curriculum vitae* of each proposed Special Master. Any appointed Special Master shall submit, within thirty days after entry of an order appointing that

1

individual as a Special Master, a signed declaration disclosing any ground for disqualification under 28 U.S.C. § 455 and agreeing to abide by this Administrative Plan.

## II.   Divisions of Responsibilities

If more than one Special Master is appointed, Plaintiffs shall submit for the Court's approval a plan identifying which Special Masters shall be responsible for which non-bellwether attack. Plaintiffs' proposed plan should assign the attacks so as to ensure that each Special Master will complete their work as efficiently as possible. Plaintiffs shall submit the proposed assignments for the non-bellwether attacks not later than thirty days after the Court enters its findings regarding liability on to the Bellwether Attacks.

## III.   Powers

The Special Master shall consider the remaining issues related to Defendants' liability for providing material support to the groups responsible for committing each non-bellwether attack. To assess defendants' liability and the applicable law, the Special Master shall be guided the provisions of 28 U.S.C. § 1605A, this Court's prior findings of fact and conclusions of law, any further orders this Court may enter, and other relevant precedent.

The Special Master shall make or recommend findings of fact on the following:

  a. The terrorist group(s) involved in the commission of the attack;
  b. The personal injuries or deaths that occurred from the attack; and
  c. The relationship of the victims of the attack to the respective plaintiffs.

Using the Court's prior orders and analytical framework, the Special Master shall then make or recommend conclusions of law on the following:

  a. The attack involved a group(s) that received material support from Defendants;
  b. The attack involved a requisite act or acts listed in 28 U.S.C §1605A(a)(1); and
  c. Defendant's provision of material support was a proximate cause of the attack.

The Special Master shall have authority to exercise all powers set forth in Federal Rule of Civil Procedure 53(c), including but not limited to, the power to compel production of evidence. If needed, testimony may be recorded by electronic means and the copy shall clearly identify the parties and be turned over to counsel for the Plaintiffs who shall preserve it for use by the Court.

As to the admissibility of evidence, the Special Master should liberally construe the Federal Rules of Evidence. Plaintiffs may prove their claims "using evidence that might not be admissible in a trial," because the Court is not required "to step into the shoes of the defaulting party and pursue every possible evidentiary challenge." *Owens*, 864 F.3d at 785. As this Court did in the bellwether hearing, the Special Master should be permitted to receive testimony by sworn declarations, including Plaintiffs' Facts Sheets and accompanying materials for which declarants and Plaintiffs certify to the contents pursuant 28 U.S.C § 1746 and consider declarations or affidavits in lieu of live testimony. *See Lonnquist v. Islamic Republic of Iran*, No. 17-cv-1630 (JDB) (D.D.C. Feb. 11, 2020), ECF Dkt. No. 38; R. & R. at 2, *Chogo v. Republic of Sudan*, No. 15-cv-951 (JDB) (D.D.C. Oct. 10, 2019), ECF Dkt. No. 41. *See also* 28 U.S.C. § 1746 (declarations have same legal effect as affidavits).

Plaintiffs are not required to qualify documents as genuine pursuant to Federal Rule of Evidence 901. Plaintiffs' counsel is permitted to state that a proffered document is genuine and is an accurate copy of what counsel proffers it to be. *See, e.g.*, *Sheikh* Administrative Plan at 7.

### IV. Communication

The Special Master may communicate *ex parte* with the Court or with counsel for plaintiffs if they determine it is reasonable and efficient. Counsel for Plaintiffs may also communicate *ex parte* with the Special Master, and if multiple special masters are appointed then the Special Masters

may communicate *ex parte* with each other, as reasonably necessary to facilitate the carrying out of the Administrative Plan and the Special Masters' duties.

V.   **Materials**

Plaintiffs shall provide the following materials to the Special Master upon their appointment by the Court to assist the performance of their duties:

- Second Amended Complaint;
- Orders entered in this case;
- Master exhibit list and exhibits;
- Expert reports; and
- Evidentiary hearing transcripts

Plaintiffs may also provide other materials the Special Master may request or the Court deems necessary.

Plaintiffs' counsel and the Special Master shall work jointly to develop the following materials prior to the first group of non-bellwether attacks being assigned for review:

i.   **Special Master Documents:** To include, a proposed standardized template for the report and recommendation (and any other expected routine documents) for the Special Master to use in addressing the liability issues. The template will ensure consistency with the Court's prior rulings and analytical framework, and confirm inclusion of consistent essential content. A uniform template will also provide organizational uniformity, reduce the possibility of errors and delays; and promote the efficient and ease of review for the Court and parties when reviewing the reports and recommendations.

ii.   **Non-Bellwether Presentment Package:** This will include a standardized format and method of presenting the evidence and materials for the non-bellwether attacks, including how information for each attack and the corresponding plaintiffs shall be

organized, summarized, and produced. This will include the use of Plaintiff Fact Sheets, abridged attribution expert reports, and other documents that the Special Master determines to be necessary and routine for their review of the liability evidence and issues. This will also ensure compliance with protective orders, sealed materials, and protecting personal identifier information pursuant to LCvR 5.4 (f) (1)-(4).

1. **Status Reports on Special Master Process:** On Plaintiffs' routine status reports, they shall work with the Special Master to include a specific section that will update the Court on the progress of the Special Master's work. This will include information on the assignments of attacks, status of the attacks within the review process (e.g. Pending, In Progress, Complete, etc.), important dates or deadlines that apply, and any other information the Court, Special Master, or Plaintiffs find necessary to keep the Court fully informed of the process.

2. **Filing Special Master Materials**:

The Special Master shall submit their reports and recommendations to the Court via ECF regarding each attack assigned to them, and shall recommend findings of fact and conclusions of law regarding liability issues within the scope of their duties as detailed in this Order. Where appropriate, the reports and recommendations shall cite the Court's prior rulings or the record (*e.g.* established facts and law of the case, exhibits from the master exhibit list, hearing transcripts, *etc*.). Plaintiffs may submit new evidence to the Special Master. Newly proffered evidence need not be filed on the docket but shall be marked, cited, stored and tracked as necessary, and provided to the Court as needed to answer any questions or to respond to objections, motions, or other matters.

**VI.    Timing**

Under Federal Rule of Civil Procedure 53(b)(2), the Special Master shall proceed with reasonable diligence in completing their duties. Per the Scheduling Order, Plaintiffs shall submit the first tranche of non-bellwether attacks one hundred and twenty (120) days after entry of the Court's order on the pending motion for default judgment (ECF Dkt. No. 115) and the Court's findings of facts and conclusions of law for the bellwether attacks (ECF Dkt. No. 115-1).

Every sixty (60) days thereafter, Plaintiffs shall submit a subsequent group of attacks to be reviewed by Special Master for issues related to liability. Upon submitting each subsequent group to the Special Master, Plaintiffs shall file with the Court a Status Report detailing the specific attacks/plaintiffs assigned to each Special Master, and will work jointly with the Special Master to keep the Court apprised of the status of the attacks/plaintiffs in the queue for review by the Special Master.

The Special Master shall file their reports with proposed findings and conclusions by no later than sixty (60) days after Plaintiffs submit the necessary materials and evidence for each group. If the Special Master requests additional information, Plaintiffs shall submit the requested information no later than thirty (30) days after the request, and the Special Master shall file the completed report for that attack on the docket no later than thirty (30) days after Plaintiffs submit the additional materials or evidence.

**VII.    Standards of Review**

Pursuant to the Scheduling Order (ECF Dkt. No. 75, at 8) and Fed. R. Civ. P. Rule 53(f)(2), Plaintiffs may file an objection to, or motion to modify/adopt, a finding, report, or recommendation by Special Master within twenty-one (21) calendar days of the date it was electronically filed. The Court shall decide *de novo* all objections to findings of fact or conclusions of law made or

recommended by the Special Master. The Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. *See* Fed. R. Civ. P. Rule 53(f)(3), (4), and (5).

## VIII. Protective Orders & Seals

Plaintiffs may provide documents to the Special Master that are under seal. Plaintiffs' counsel shall preserve for the Court all relevant evidence submitted to the Special Master (*see* Section C.4 above discussing newly offered evidence). The Special Master shall be provided copies of, and review and comply with, all applicable protective orders in this case.

## IX. Compensation

Plaintiffs seek appointment of the Special Masters to assist the Court at the liability phase of the case, no Defendant has appeared to share the expense, and Plaintiffs have accepted responsibility for the compensation of the Special Master for this phase.

The following rates and terms of compensation are:

### i. Initial Payment:

The Special Master will receive an initial payment of $10,000 upon appointment by the Court to compensate them for review of the materials necessary to learn about the case and the case history, review the operative Administrative Plan, and prepare with the assistance of counsel for Plaintiffs the standardized template documents and packages detailed above.

### ii. Per-Attack Payment:

In addition to the initial payment of $10,000, each Special Master shall be paid a flat rate of $1,000 per attack. This will include payment for (a) reviewing materials and evidence submitted to the Special Master regarding Defendants' liability for the attacks assigned to Special Master; and (b) preparing a report and recommendation to the Court related to the assigned attacks. The Special Master shall be paid within 30 days of filing a report and recommendation for an assigned

attack. Any amount paid in compensation to the Special Master should constitute an item of court costs and taxed upon Defendants found liable.

Plaintiffs are permitted to seek an amendment of the Administrative Plan to seek compensation from any fund existing as a result of a grant from the Office of Justice Programs of the United States Department of Justice or from any other public or private source, should such funds exist or arise. In the event such sources arise, Plaintiffs are allowed to seek reimbursement of Special Master compensation costs they incur prior to their knowledge or the availability of such sources.

Only a Special Master who has been appointed by the Court is entitled to compensation for work performed under this Administrative Plan.

**SO ORDERED**.

Dated: _____                       _____
                                             CHRISTOPHER R. COOPER
                                             UNITED STATES DISTRICT JUDGE