UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF CHRISTOPHER BROOK FISHBECK**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **THE ISLAMIC REPUBLIC OF IRAN,** et al., <br><br> Defendants. | Case No. 18-cv-2248 (CRC) |

**OPINION AND ORDER**

The plaintiffs in this case are United States nationals and members of the U.S. armed forces allegedly killed or injured in terrorist attacks in Iraq from 2003 to 2011, as well as their estates and family members.  They bring claims under the Foreign Sovereign Immunities Act ("FSIA") against the Islamic Republic of Iran and various of its constituent entities or instrumentalities.  The plaintiffs claim that Iran provided material support to the terrorist organizations responsible for the relevant attacks, and they seek damages under the FSIA for Iran's role in causing their injuries.

The plaintiffs contend that the Court has subject matter jurisdiction over their claims under the state-sponsored terrorism exception to the FSIA, 28 U.S.C. § 1605A.  To that end, and pursuant to the operative case management plan, the plaintiffs have moved for an order finding that they have sufficiently established two elements of the Court's jurisdiction:  first, that Iran was a state sponsor of terrorism during the relevant periods, 28 U.S.C. § 1605A(a)(2)(A)(i)(I); second, that certain plaintiffs have submitted sufficient documentation to establish that they were U.S. nationals and/or members of the U.S. armed forces at the time of the attacks, 28 U.S.C. § 1605A(a)(2)(A)(ii).  As explained in further detail below, the Court will grant the motion.

## I. Legal Standards

"The Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602 et seq., affords the sole basis for obtaining jurisdiction over a foreign state in United States courts." Mohammadi v. Islamic Republic of Iran, 782 F.3d 9, 13 (D.C. Cir. 2015) (internal quotation marks omitted). Although immunity is the default under the FSIA, the statute contains several exceptions. Id. at 13–14. Among those is the state-sponsored terrorism exception, which the plaintiffs invoke here. See Mot. Regarding Subject Matter Jurisdiction ("SMJ Mot.") at 1–2, ECF No. 81.

"The terrorism exception abrogates immunity in cases in which a plaintiff seeks damages for personal injury or death caused by 'torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act,' if 'engaged in by an official, employee, or agent' of a foreign country." Mohammadi, 782 F.3d at 14 (quoting 28 U.S.C. § 1605A(a)(1)). In addition, courts may only hear a claim under this section if (1) "the foreign state was designated as a state sponsor of terrorism" at the time of the relevant terrorist act (or was designated as a result of the act in question), and at the time the suit was filed (or was so designated in the six months before suit was filed), 28 U.S.C. § 1605A(a)(2)(A)(i); and (2) the claimant or victim was, at the time of the act, a U.S. national, member of the U.S. armed forces, or qualifying employee or contractor of the U.S. government, id. § 1605A(a)(2)(A)(ii).[1]

Because the application of an immunity exception goes to the Court's subject matter jurisdiction, the Court has an independent obligation to assure itself that the plaintiffs' suit triggers the claimed exception. See Verlinden B.V. v. Cent. Bank of Nigeria, 461 U.S. 480, 493

---

[1] When the terrorist act occurred "in the foreign state against which the claim has been brought," the statute also requires that claimants offer to arbitrate their claims. See 28 U.S.C. § 1605A(a)(2)(A)(iii). This requirement does not apply because the acts here all occurred in Iraq and the claims are brought against Iran and its agents.

2

n.20 (1983); Fritz v. Islamic Republic of Iran, 320 F. Supp. 3d 48, 75 (D.D.C. 2018). "The plaintiff bears an initial burden of production to show an exception to immunity, such as § 1605A, applies." Owens v. Republic of Sudan, 864 F.3d 751, 784 (D.C. Cir. 2017). "[I]f a plaintiff satisfies his burden of production and the defendant fails to present any evidence in rebuttal, then jurisdiction attaches." Id.

On the merits, the Court may not enter a default judgment against a foreign state or instrumentality "unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). This standard "leaves it to the court to determine precisely how much and what kinds of evidence the plaintiff must provide." Han Kim v. Democratic People's Republic of Korea, 774 F.3d 1044, 1047 (D.C. Cir. 2014). Under these "rather liberal evidentiary standards," Karcher v. Islamic Republic of Iran, 396 F. Supp. 3d 12, 16 (D.D.C. 2019), "the quantum and quality of evidence that might satisfy a court can be less than that normally required," Owens, 864 F.3d at 785.

**II. Analysis**

    A. Defendants Are State Sponsors of Terrorism

To be subject to jurisdiction in U.S. courts under the FSIA, a foreign state must have been designated as a state sponsor of terrorism both at the time of the act and at the time plaintiffs filed suit, with certain exceptions not relevant here. See 28 U.S.C. § 1605A(a)(2)(A). The Court easily concludes that this element is satisfied for each defendant, for the purposes of both establishing subject matter jurisdiction and evaluating the plaintiffs' claims on the merits.

Iran was designated a state sponsor of terrorism in 1984. See Determination Pursuant to Section 6(i) of the Export Administration Act of 1979—Iran, 49 Fed. Reg. 2,836 (Jan. 23, 1984) (determination by Secretary of State that Iran "has repeatedly provided support for acts of

international terrorism"). The Secretary of State has maintained that designation to this day. See State Sponsors of Terrorism, U.S. Dep't of State Bureau of Counterterrorism, https://www.state.gov/state-sponsors-of-terrorism/ (last visited July 5, 2022). The first named defendant, the Islamic Republic of Iran, was therefore designated as a state sponsor of terrorism during each relevant period—2003 to 2011, when the subject attacks occurred, and 2018, when the plaintiffs filed suit.

Iran's designation is sufficient to satisfy this element as to the remaining defendants. The Court has already determined that two—the Iranian Revolutionary Guard Corps ("IRGC") and the Iranian Ministry of Intelligence and Security ("MOIS")—are political subdivisions of Iran for the purposes of the FSIA. See Op. & Order Regarding Service ("Service Op.") at 4, Mar. 1, 2021, ECF No. 55. Because such subdivisions are "integral part[s] of Iran's political structure," id., the designation of Iran as a state sponsor of terrorism extends to IRGC and MOIS, too, Fritz, 320 F. Supp. 3d at 77–78. See also id. (holding element satisfied as to IRGC); Braun v. Islamic Republic of Iran, 228 F. Supp. 3d 64, 75 n.3 (D.D.C. 2017) (treating MOIS as "a foreign sovereign for the purposes" of FSIA suit). At earlier stages of this case, the Court further held that the three remaining defendants—Bank Markazi Jomhouri Islami Iran ("Bank Markazi"), Bank Melli Iran ("Bank Melli"), and the National Iranian Oil Company ("NIOC")—are agencies or instrumentalities of Iran. See Service Op. at 4–7. The FSIA's definition of "foreign state" includes "an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). The designation of Iran as a state sponsor of terrorism thus satisfies the relevant element for Bank Markazi, Bank Melli, and NIOC, as well.

B.  Plaintiffs are U.S. Citizens and/or Members of the U.S. Armed Forces

To bring suit under the FSIA's terrorism exception, each claimant or victim must also have been a U.S. national, member of the U.S. armed forces, or U.S. government employee or contractor at the time of the terrorist attack.  28 U.S.C. § 1605A(a)(2)(A)(ii).  To establish their qualifying statuses, the plaintiffs have submitted a variety of evidence—including birth, marriage, and death certificates; military personnel records; and signed declarations.[2]  See Paulos Decl. ¶ 4 (Mar. 15, 2022), ECF No. 81-1.  The plaintiffs explain in their motion, however, that not every individual named in the Amended Complaint is represented in this submission.  See SMJ Mot. at 8 n.2.  Some are missing because they have expressed a desire to withdraw from the case; others are absent because counsel is still awaiting adequate documentation.  Id.  The Court will limit its order to those plaintiffs who have already submitted documentation.  For those plaintiffs, the Court will admit the relevant evidence and conclude that these individuals have adequately established a qualifying status for the purposes of 28 U.S.C. § 1605A(a)(2)(A)(ii).

The Court first determines that the evidence submitted is reliable and admissible.  Many of the exhibits are public records of U.S. government agencies—including military personnel records; passports; birth, death, and marriage certificates; and certificates of naturalization and citizenship.  See Paulos Decl. ¶ 9.  The Court is satisfied these items are authentic because each bears a qualifying government seal and signature, Fed. R. Evid. 902(1); is signed and certified by a qualifying government officer, Fed. R. Evid. 902(2); represents a certified copy of an official record, Fed. R. Evid. 902(4); and/or is accompanied by a certificate of acknowledgment lawfully executed by a notary public or other authorized officer, Fed. R. Evid. 902(8).

---

[2] To protect the plaintiffs' privacy, the Court granted permission to file the underlying documents for each claimant under seal.  See Min. Order of Mar. 4, 2022.

This evidence is likewise admissible to prove the relevant citizenship or military service. By statute, U.S. passports, reports of births abroad by U.S. citizens, and certificates of naturalization or citizenship are sufficient to prove citizenship. 22 U.S.C. § 2705; 8 U.S.C. § 1443(e). They are thus admissible for that purpose under Federal Rule of Evidence 802. See Fed. R. Evid. 802 (allowing admission of hearsay if a "federal statute" "provides otherwise"); United States v. Clarke, 628 F. Supp. 2d 15, 17–22 (D.D.C. 2009) (admitting certificate of naturalization and passports on these grounds). The birth, death, and marriage certificates, as well as the military personnel records, are admissible as public records. See Fed. R. Evid. 803(8)(A) (allowing admission of a "record or statement of a public office if . . . it sets out (i) the office's activities"); Fed. R. Evid. 803(9) (allowing admission of "[a] record of a birth, death, or marriage, if reported to a public office in accordance with a legal duty").

Finally, the Court finds it appropriate to rely on two additional categories of documents generated for the purposes of this litigation and submitted by the plaintiffs with their motion. First, certain claimants have submitted declarations, signed under penalty of perjury, attesting to his or her qualifying status under § 1605A(a)(2)(A)(ii). The Court may rely on these statements because they satisfy 28 U.S.C. § 1746. Second, in light of the number of documents necessary to support their motion—1,921 pages of exhibits in total—the plaintiffs have prepared a summary of the evidence submitted on their behalf. Paulos Decl. ¶ 16; see Fed. R. Evid. 1006 Summary (Mar. 15, 2022), ECF No. 81-2. The Court agrees that this summary is admissible to "prove the content" of the plaintiffs' "voluminous" evidentiary submissions. Fed. R. Evid. 1006.

After reviewing all this evidence, the Court is satisfied that each plaintiff who has submitted documentation has adequately established his or her status as a U.S. national or

member of the armed forces at the time of the relevant attack.[3] The Court will reserve judgment on whether any of the remaining plaintiffs can satisfy this element of their FSIA claims until such a time when they submit analogous documentation.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [81] Plaintiffs' Motion Regarding Subject Matter Jurisdiction is GRANTED.  It is further

**ORDERED** that Plaintiffs have satisfied the element under 28 U.S.C. § 1605A(a)(2)(A)(i)(I) by proving with evidence satisfactory to the Court that the Islamic Republic of Iran was a designated state sponsor of terrorism at the time the subject terror attacks occurred and at the time this lawsuit was filed.

**ORDERED** that Plaintiffs identified in the Fed. R. Evid. 1006 summary spreadsheet attached to Plaintiffs' Motion Regarding Subject Matter Jurisdiction and subsequent filing of sealed evidence at ECF No. 95 have proven with evidence satisfactory to the Court the requirement under 28 U.S.C. § 1605A(a)(2)(A)(ii), namely that they were U.S. nationals and/or members of the U.S. armed forces at the time of the subject terror attacks.

**SO ORDERED**.

                                                    CHRISTOPHER R. COOPER
                                                    United States District Judge

Date:  March 27, 2023

---

[3] In particular, the Court notes that each certificate of naturalization or citizenship bears a date of citizenship before the relevant attack associated with the individual plaintiff.