UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE ISLAMIC REPUBLIC OF IRAN, et al., )<br>)<br>Defendants )<br>) | Civil Action No. 1:18-cv-2248-CRC |

## SUPPLEMENTAL BRIEF REGARDING MENTAL DISTRESS INJURIES WITHIN THE MEANING OF THE FOREIGN SOVEREIGN IMMUNITIES ACT

Per the Court's August 18, 2023 Memorandum Opinion and Order (ECF Dkt. No. 137), Plaintiffs submit this supplemental brief regarding whether the Foreign Sovereign Immunities Act ("FSIA" or "the Act") allows for claims involving mental distress where the injured party was not physically present at the time of the terrorist attack. Specifically, the Court asked whether Plaintiff Robert McCormick could bring such a claim when he was at Forward Operating Base (FOB) Justice monitoring the radio at the time of the November 14, 2006 EFP attack, and did not observe the destroyed vehicle until it was returned to base. Robert McCormick does state a claim, as it has been defined and applied by other courts in this district and as more fully discussed below, as he (a) witnessed the attack over the radio in real time; and (b) participated in the post-attack recovery efforts.

This issue has been addressed by several Courts in this district, which have found that plaintiffs have a valid claim under FSIA, provided they participated in the recovery efforts or observed the aftermath of the attack. Most illustrative is the case of *Ayres v. Islamic Republic of*

*Iran*, No. 1:18-cv-00265-RCL, 2022 WL 1438605, 2022 U.S. Dist. LEXIS 76139 (D.D.C. May 3, 2022).

In *Ayres,* there was one terrorist attack at issue, the October 23, 1983 bombing of the U.S. Marine barrack in Beirut, Lebanon. *Id.* at *1. Amongst the many plaintiffs, the court considered several claims for mental injury stemming from the attack by plaintiffs who were not on the base at the time of the bombing. *Id.* at *2. Two of the plaintiffs, Kevin Ayres and Megunah Ben Qehath, observed the aftermath of the attack but did not participate in recovery efforts. *Id.* at **5-7. Mr. Ayres heard about the attack while manning the radios on the USS El Paso. *Id.* at *5. He did not return to shore and witness the aftermath for two weeks, by which time the bodies and injured had been removed from the scene. *Id*. Similarly, Mr. Qehath was posted a mile away from the bombing and spent the next two weeks on security detail "far from the barracks." *Id.* at **19-20. He did not view the scene until several days after he was relieved. *Id.* at 6. The court found they both had stated a valid claim for relief under FSIA. *Id.* at **6-7. Other courts in this District have reached the same result. *See Relvas v. Islamic Republic of Iran*, No. 1:14-cv-01752-RCL, 2018 U.S. Dist. LEXIS 32443, at **11-13 (D.D.C. Feb. 27, 2018) (finding plaintiffs Al Duncan and Ross Morrison were entitled to $750,000 in damages each for only viewing aftermath of attack, neither was present at time of attack and did not participate in recovery efforts.); *Wamai v. Republic of Sudan*, No. 1:08-cv-01349-JDB, 2014 LEXIS 107559, at **11-12 (D.D.C. 2014) (determining Plaintiff Gad Achola entitled to $500,000 in damages, even though he was in Finland at time of attack on embassy in Kenya, because he visited friends upon return and continued working at embassy); *Wamai v. Republic of Sudan*, 60 F. Supp. 3d 84, 92 (D.D.C. 2014) (finding Plaintiff Edward Muthama entitled to $1,500,000 in damages when he was offsite at the time of attack and then participated in recovery efforts); *see also, e.g.*, *Ackley v. Islamic Republic of Iran*, No. 1:20-cv-

00621-BAH, 2022 WL 3354720 (D.D.C. Aug. 12, 2022) (finding damages appropriate for seven plaintiffs who were not at scene of the attack but assisted in recovery efforts).

Robert McCormick not only witnessed the immediate aftermath of the attack, but also participated in recovery efforts – he performed the initial inspection of the destroyed Humvee and removed electronic systems that were still coated with the flesh and blood of the soldiers who were killed.[1] Additionally, Mr. McCormick heard the attack in real time as it came in over the radio, including the news of the death of Col. Felts.[2] Considering the *Ayres* court found that those plaintiffs had a valid claim, so too should this Court find Mr. McCormick has stated a valid claim.[3]

The *Ayres* court further identified when a claim stretches the boundaries of the FSIA too far – specifically, that of Myron Kyle, who was training in Arizona at the time of the Beirut bombing. 2022 WL 1438605 at **7-8. Mr. Kyle did not participate in the recovery efforts and did not witness the destruction afterwards. *Id.* at *7. His claim was based solely on being in the same unit several months prior with some of the soldiers killed in the bombing. *Id.* at *7. In denying Mr. Kyle's claim, the *Ayres* court made a clear distinction between his experience and those that actually saw the aftermath. *Id.* at *8. The court stated that if it were to allow Mr. Kyle's

---

[1] Mr. McCormick stated that "[t]he damage caused by EFP going through the HMMVW had completely eviscerated the bodies of the vehicle occupants. As I inspected and secured items from the vehicle, I observed large amounts of blood, flesh, body fluids and tissue all over the HMMVW. The remains of the victims coated the electronic systems that I was responsible for removing and securing from the destroyed vehicle…. The carnage I observed within the vehicle while performing the inspection and retrieval of equipment corresponded with the catastrophic injuries to COL Felts and to his driver, SFC Larry Cabral, that were reported to me by the men who had helped to evacuate Col Felts' body." PX2404 Declaration of Robert McCormick, para. i.
[2] PX2404 Declaration of Robert McCormick, para. h.
[3] Although this brief is focused on whether Mr. McCormick can assert a claim for relief, it is worth noting that the Court in *Ayers* gave downward departures from the frameworks in *Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006) to Mr. Ayers and Mr. Qehath because they only viewed the aftermath and did not participate in recovery efforts. *Ayers*, 2022 WL 1438605 at**6-7. Mr. McCormick, by contrast, **did** participate in recovery efforts.

claim, it would "open the floodgates to prospective litigants who were neither exposed to the attack nor involved in any facet of the search, rescue, or recovery efforts." *Id.* at *11. The court further noted that without such restrictions, it would be difficult to find any members of the military who did not suffer anguish over the bombing. *Id.*

In expressing its initial skepticism that Mr. McCormick had suffered a personal injury within the scope of FSIA, this Court cited three separate decisions from courts in this District for the proposition that claims of emotional distress are usually limited to the immediate family members of the killed or injured person. (ECF. Dkt. No. 137, p. 26, *citing Force v. Islamic Republic of Iran*, 464 F. Supp. 3d 323, 359 (D.D.C. 2020); *Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44 (D.D.C. 2012); *Est. of Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20 (D.D.C. 2009).) While the *Force*, *Oveissi*, and *Heiser* decisions cited by the Court addressed the ability of family members of those injured or killed to bring personal injury claims under FSIA, here, as discussed *supra*, Mr. McCormick was involved in the direct aftermath of the attack.[4] Both are valid and cognizable claims under the FSIA. Mr. McCormick's claim, however, is rooted in his involvement in the recovery efforts, not solely his relationship with the soldiers in the destroyed Humvee.[5] As with the *Ayres* plaintiffs, Mr. McCormick suffered a personal injury – PTSD – as a direct result of his involvement in the recovery after the attack and his claims for that injury are valid under FSIA.

---

[4] PX2404 Declaration of Robert McCormick, para. i.
[5] The PTSD Mr. McCormick suffered as a result of the attack was compounded by his relationship with Col. Felts and has severely impacted his military career and personal life, *see* PX2404 Declaration of Robert McCormick, para. o; *See also* PX2414 Declaration of Dr. Rael Strous, MD – Psychiatric Evaluation of Robert McCormick, p. 16 ("[McCormick] exhibits signs and symptoms of anxiety, and post-traumatic stress disorder following his service in Iraq, in particular one seminal event when he witnessed and experienced the aftermath of an IED attack on his group of soldiers in Iraq.")

This Court should adopt the same rationale as *Ayers*, placing clear and discernable limitations while preserving the purpose of 28 U.S.C. § 1605A to provide broad avenues of relief to victims of state sponsored terrorism, like Mr. McCormick. Thus, this Court should also find that Mr. McCormick has stated a valid claim for relief.

Dated: September 15, 2023			Respectfully submitted,

*By: /s/ Matthew W. Langenberg*
Matthew W. Langenberg DC Bar No. CO00119
**BURG SIMPSON ELDREDGE HERSH JARDINE PC**
40 Inverness Drive E
Englewood, CO 80112
Telephone:  303-792-5595
Facsimile:  303-708-0527
Email:  mlangenberg@burgsimpson.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by electronic filing with theClerk via the CM/ECF system, which electronically notifies all registered participants.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 15, 2023			Respectfully submitted,

*/s/ Matthew W. Langenberg*