UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF CHRISTOPHER BROOK FISHBECK, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**THE ISLAMIC REPUBLIC OF IRAN, et al.,** )<br>)<br>**Defendants** )<br>) | Civil Action No. 1:18-cv-02248-CRC |

**[PROPOSED] ORDER**
**APPOINTING SPECIAL MASTERS FOR NON-BELLWETHER**
**LIABILITY & DAMAGES PHASE**

Upon consideration of the circumstances of this case, in addition to Plaintiffs' Motion to Amend Appointment of Special Masters for Non-Bellwether Liability & Damages Determinations, and the entire record herein, the Court finds it appropriate to appoint additional Special Masters and to expand the scope of the duties of the Special Masters to include assisting the Court with the issue of damages. Pursuant to Fed. R. Civ. P. 53 and 28 U.SC. § 1605A(e), it is hereby:

**ORDERED** that Angela Gupta, Esq.; the Honorable Ellen Koblitz (Ret.); and Jaime Dodge, Esq., are **APPOINTED** as Special Masters for the purpose of assisting this Court with the determination of liability for claims related to the non-bellwether attacks in this case.

**IT IS FURTHER ORDERED** that the above-mentioned Special Masters and the six Special Masters previously appointed in this matter (Dkt. 139) including: The Hon. David R. Herndon (Ret.); Matthew E.D. Besser, Esq.; Michael J. Borden, Esq.; the Hon. Ronald V. Swanson (Ret.); the Hon. John P. Kuder (Ret.); and Captain J. Daniel McCarthy, Esq. (Ret.), are also

**APPOINTED** as Special Masters for the purpose of assisting this Court with the determination of damages for the non-bellwether attacks in this case.

**IT IS FURTHER ORDERED** that each of the appointed Special Masters shall have the following powers and duties:

- To consider and make recommendations to the Court related to damages, including compensatory, economic, solatium, pain and suffering, and punitive damages, pre and post-judgment interest, pursuant to 28 U.S.C. § 1605(A);

- To exercise all powers set forth in Fed. R. Civ. P. Rule 53(c), including but not limited to, if conducting an evidentiary hearing, exercising the Court's power to compel, take, and record evidence;

- To receive testimony by sworn declarations, including Plaintiffs' Facts Sheets and accompanying materials for which declarants and Plaintiffs certify to the contents pursuant 28 U.S.C § 1746 and consider declarations or affidavits in lieu of live testimony;

- To not require Plaintiffs to qualify documents as genuine pursuant to Federal Rule of Evidence 901. Instead, the Special Masters may rely upon statements/testimony by Plaintiffs' counsel that a proffered document is genuine and is an accurate copy of what counsel proffers it to be;

- To communicate *ex parte* with the Court, with other Special Masters appointed in this matter by the Court, as well as with counsel for Plaintiffs if they determine it reasonably necessary to facilitate the carrying out of the Administrative Plan and the Special Masters' duties; and

- To receive and maintain documents from Plaintiffs that are filed under seal with the Court.

**IT IS FURTHER ORDERED** that the Special Masters shall file their damages report for the Plaintiffs harmed in an attack within sixty (60) days after Plaintiffs submit the damages evidence for those Plaintiffs. Such damages report shall be a single damages report for all the Plaintiffs harmed in a given attack.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 53(g), the Court hereby agrees that the proposed hourly rate for the Special Masters work on issues relating to damages is a fair and appropriate method of compensation of the Special Masters under the circumstances. As

such, compensating each Special Master at a rate that is the equivalent of 50% of what their ordinary hourly rate would be under the Laffey Matrix is appropriate and fair in this matter. Further, pursuant to 34 U.S.C. § 20106(b), the emergency reserve funds referred to in 34 U.S.C. § 20101(d)(5)(A) shall be used to compensate each Special Master for the work to be performed pursuant to this Order and all such other Orders as may be entered by this Court as they relate to the Special Masters. Specifically, and pursuant to the Laffey Matrix, the Special Masters shall be compensated as follows:

- Special Master Matt Besser shall be compensated at an hourly rate of $371.00 per hour.

- All other Special Masters shall be compensated at an hourly rate of $447.00 per hour.

**IT IS FURTHER ORDERED** that within thirty (30) days after a Special Master files a damages report with respect to an attack, that Special Master shall provide Plaintiffs' counsel with a statement itemizing the amount of time worked and the nature of the work done in relation to that report. Such statements shall include a calculation of the total payment sought. Within two weeks of receiving any such statement, Plaintiffs shall file a motion with the Court seeking an order directing the Clerk to coordinate payment with the Office for Victims of Crime.

The Court directs the Special Masters the Special Masters "to proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2).

**SO ORDERED.**


**Dated:**_____            _____
                                       **CHRISTOPHER R. COOPER**
                                       **UNITED STATES DISTRICT JUDGE**