UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER ) <br> BROOK FISHBECK, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE ISLAMIC REPUBLIC OF IRAN, et al., ) <br> ) <br> ) <br> Defendants ) <br> ) <br> This Document Relates To: ) <br> DANIEL DENNIS IBACH, ) <br> MARY ANN IBACH & DENNIS BURNELL ) <br> IBACH ) | Civil Action No. 1:18-cv-2248-CRC <br><br> Judge Christopher D. Cooper <br><br> Special Master Matthew D. Besser |

**Report and Recommendation**
**Wave 1 Attack Number 23**

In its August 30, 2023, the Court assigned the Special Masters to review non-bellwether attacks and to make certain findings of fact and conclusions of law. ECF No. 140. For each attack, the Special Masters are to make or recommend findings of fact as to: (a) the terrorist group involved in the commission of the attack; (b) the personal injuries or deaths that occurred from the attack; and, (c) the relationship of the victims of the attack to the respective plaintiffs. *Id*. at 2. The Special Masters are to then make or recommend conclusions of law as to whether: (a) the attack involved a group that received material support from Defendants; (b) the attack involved an act listed in 28 U.S.C. § 1605A(a)(1); and, (c) Defendants' provision of material support was a proximate cause of the attack. *Id*. In accordance with this Court's order, the undersigned submits the following report and recommendation regarding wave 1 attack number 23.

**Recommended Findings of Fact**

On August 25, 2005, Sergeant Daniel Ibach was in an armored vehicle as part of a six-vehicle convoy in Al Qa'im, Al Anbar province, near the Syrian Border. PX5401, Michael Ibach Dec. at ¶¶ f–g. As the convoy approached a chokepoint, his vehicle triggered a complex-IED explosion that blew his armored vehicle 50 meters away, killing three soldiers, paralyzing another, and injuring three more. *Id.*; PX5407, Charles Yerry Decl. at ¶ e. Ibach avers that he suffered severe injuries, including sinus fractures, a traumatic brain injury, facial lacerations, pulmonary contusion and pneumothorax, shrapnel wounds to his leg, as well as neck and spine injuries. PX5401 at ¶ h. He states that he has been diagnosed with post-concussive syndrome, a neurocognitive disorder, PTSD, adjustment disorder, depression, epilepsy, seizures, chronic post-traumatic headache, and papilledema. *Id*. Ibach has submitted medical records confirming this litany of injuries. *See* PX5408–24.

To determine whether a terrorist group receiving material support from Defendants was responsible for the attack that injured Sgt. Ibach, this Court's order on the bellwether attacks counsels consideration of several factors, including:

   (1) whether the tactics, methods, or weapons used in the attack could be linked to the groups Iran supported;

   (2) whether the attack occurred in an area operationally controlled by one of the subject terrorist groups Iran supported;

   (3) whether an expert credibly opined that the attack was committed by an Iran-backed terrorist group; and

   (3) any other indicia that one of the subject terrorist groups was responsible for the attack.

ECF No. 137 at pg. 7. When considering these factors, the evidence shows it is more likely than not that Al-Qaeda in Iraq ("AQI") was responsible for the attack.

Plaintiff submits the expert report of Michael P. Pregent, who reviewed the evidence and concludes that AQI "planned, committed and/or authorized the attack." PX5400, Report of Michael P. Pregent at 1. He first bases that opinion on the location of the attack. Pregent explains that attack occurred in an area where AQI "maintained freedom of movement and operational dominance." *Id.* He notes that AQI's presence in the area was "so pervasive that in September 2005, shortly after the attack on Ibach, AQI openly declared that Al Qa'im was under its control." *Id*. at 2. Pregent adds that the presence of foreign insurgents from Syria and other national is also a "strong indicator of AQI's primacy and control" in the area. *Id*. By contrast, he states that when he searched available Significant Action Reports for evidence of Shia groups committing attacks in the area from 2004 to 2009, he found none. *Id*. at 3. The absence of such reports, he says, further supports his conclusion that AQI was the group that committed the attack. *Id*.

Pregent next opines that the tactics and munitions used also lead to the conclusion AQI was responsible for the attack. Because the convoy was not traveling on defined roads, the responsible group must have "had a clear intelligence picture of U.S. patrols and established routes." *Id*. at 2. In turn, he concludes it was AQI whom would have been able to obtain that intelligence due to its operational dominance in the area. *Id*. On top of that, the IED used in the attack consisted of 5 rounds of 155mm shells wired together and triggered by a pressure plate. PX5401 at ¶ g; PX5400 at 1. According to Pregent, building and placing an IED with that level of complexity so as to ensure it would detonate only against heavy U.S. vehicles "would have required skilled training." PX5400 at 1. The Court has previously recognized in this case that AQI was known for using sophisticated IEDs in the region. *See* ECF No. 137.

Based on these facts, it is more likely than not that AQI was responsible for the August 2005 IED attack that injured Sgt. Ibach.

### Recommended Conclusions of Law

With respect to the conclusions of law, the Court has previously determined that AQI received material support from Defendants. *See* ECF No. 137. The IED attack falls squarely within the exceptions from immunity in 28 U.S.C. § 1605A(a)(1). Upon review of the evidence, the expert concluded that Defendants' material support was essential to AQI's "primacy, control and operations in and around Al Qa'im before and after the attack." PX5400 at 3. It was this operational dominance that permitted AQI to carry out the attack. Defendants' material support was therefore a proximate cause of the attack.

### Recommendation

Based on the foregoing, I recommend that the Court enter judgment on behalf of Sgt. Ibach and hold Defendants liable for the attack that injured him.

February 13, 2024                                  Respectfully submitted,

                                                   _____
                                                   Matthew D. Besser,
                                                   Special Master