UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER BROOK FISHBECK, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE ISLAMIC REPUBLIC OF IRAN, et al., )<br>)<br>Defendants )<br>)<br>This Document Relates To: )<br>ESTATE OF JASON ALAN )<br>BENFORD, KIMBERLY ANN BENFORD )<br>LANE ALAN BENFORD & J.A.B., )<br>A MINOR CHILD ) | Civil Action No. 1:18-cv-2248-CRC<br><br>Judge Christopher D. Cooper<br><br>Special Master Matthew D. Besser |

**Report and Recommendation**
**Wave 1 Attack Number 25**

In its August 30, 2023, the Court assigned the Special Masters to review non-bellwether attacks and to make certain findings of fact and conclusions of law. ECF No. 140. For each attack, the Special Masters are to make or recommend findings of fact as to: (a) the terrorist group involved in the commission of the attack; (b) the personal injuries or deaths that occurred from the attack; and, (c) the relationship of the victims of the attack to the respective plaintiffs. *Id*. at 2. The Special Masters are to then make or recommend conclusions of law as to whether: (a) the attack involved a group that received material support from Defendants; (b) the attack involved an act listed in 28 U.S.C. § 1605A(a)(1); and, (c) Defendants' provision of material support was a proximate cause of the attack. *Id*. In accordance with this Court's order, the undersigned submits the following report and recommendation regarding wave 1 attack number 25.

**Recommended Findings of Fact**

Just before 6 p.m. on September 27, 2005, Staff Sergeant Jason Benford was part of a security and observation patrol in northeast Ramadi, Iraq when a sniper's bullet fired from 700 meters away struck him just below his helmet and killed him. PX5804, Ops Report; PX5805, James Eric Orr Decl. at ¶ i.

To determine whether a terrorist group receiving material support from Defendants was responsible for the attack that took SSgt. Benford's life, this Court's order on the bellwether attacks counsels consideration of several factors, including:

(1) whether the tactics, methods, or weapons used in the attack could be linked to the groups Iran supported;

(2) whether the attack occurred in an area operationally controlled by one of the subject terrorist groups Iran supported;

(3) whether an expert credibly opined that the attack was committed by an Iran-backed terrorist group; and

(3) any other indicia that one of the subject terrorist groups was responsible for the attack

ECF No. 137 at 7. Considering these factors, Plaintiff has shown it is more likely than not that Al-Qaeda in Iraq ("AQI") was responsible for the attack.

Plaintiff submitted a joint expert report by Col. Mark Lee Walters, CW4 Ronald Evans, and CW3 David Sultzer, which concludes that the sniper attack killing SSG Benford "was executed by al-Qaeda in Iraq." PX5809, Report of Walters, Evans, Sultzer at 8. In reaching their conclusion, the experts noted that the attack was well planned; that the accuracy of the sniper's bullet from 700 meters away "could only be achieved with significant training and a high-quality/powered sniper rifle," and; that such an attack bore the hallmarks of the training used by AQI at that time. *Id.* at 9. More specifically, Plaintiffs have submitted evidence showing that AQI used snipers in Ramadi for targeted attacks during this time period. PX1067, Report of the

Institute for the Study of War at 5. It was able to conduct these sorts of attacks, according to the experts, because it was "a dominant organization" in Ramadi, thus creating a permissive environment sufficient to enable them. PX5809 at 5. It bears noting as well that bellwether attack number 4 in April 2005 was also in Ramadi, and in evaluating that attack, the Court found that "AQI was the dominant insurgent actor in the area…" at that time. ECF No. 137 at 12. Based on the above, I recommend the Court find that AQI was responsible for the September 2005 sniper attack that killed SSG Benford.

### Recommended Conclusions of Law

The legal analysis for this attack is uncomplicated. The Court has previously determined that AQI received material support from Defendants. *See* ECF No. 137. An extrajudicial killing, the attack falls squarely within the exceptions from immunity in 28 U.S.C. § 1605A(a)(1). The expert report credibly concludes that the attack was "likely a result of the material support that AQI received" from Defendants. PX5809 at 1, 8. That material support was therefore a proximate cause of the attack.

### Recommendation

Based on the foregoing, I recommend that the Court enter judgment on behalf of the Estate of Jason Benford and hold Defendants liable for the attack that took his life.

February 13, 2024                                Respectfully submitted,

                                                 _____
                                                 Matthew D. Besser,
                                                 Special Master