## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Estate of Christopher Brook Fishbeck, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:18-cv-02248-CRC |
| | ) | |
| v. | ) | Judge Christopher R. Cooper |
| | ) | |
| The Islamic Republic of Iran, *et al.,* | ) | Special Master Matthew D. Besser |
| | ) | |
| Defendants. | ) | |
| | ) | |

### Report and Recommendation
### Wave 1 Attack Number 10

In its August 30, 2023, the Court assigned the Special Masters to review non-bellwether attacks and to make certain findings of fact and conclusions of law. ECF No. 140. For each attack, the Special Masters are to make or recommend findings of fact as to: (a) the terrorist group involved in the commission of the attack; (b) the personal injuries or deaths that occurred from the attack; and, (c) the relationship of the victims of the attack to the respective plaintiffs. *Id*. at 2. The Special Masters are to then make or recommend conclusions of law as to whether: (a) the attack involved a group that received material support from Defendants; (b) the attack involved an act listed in 28 U.S.C. § 1605A(a)(1); and, (c) Defendants' provision of material support was a proximate cause of the attack. *Id*. In accordance with this Court's order, the undersigned submits the following report and recommendation regarding wave 1 attack number 10.

### Recommended Findings of Fact

On November 8, 2004, U.S. forces began an assault on Fallujah with the goal

of driving insurgents out of the City. PX4014, Expert Report of Dr. Daveed Gartenstein-Ross at pg. 4. Known as the Second Battle of Fallujah, the operation was focused particularly on al Qaeda in Iraq ("AQI"). On two separate days in November 2004, U.S. Marine Corps Staff Sergeant Terry McElwain and Corporal Garrett Marsh were injured while fighting in the Battle.

On the morning of November 9th, SSgt. McElwain's unit was clearing houses down MSR Michigan and taking enemy fire. PX4000, SSgt. Terry McElwain Dec. at ¶ f. During the fight, SSgt. McElwain entered a house first as the point man and as he did, an insurgent threw a grenade at him. *Id*. Taking the force of the blast, he received shrapnel in his right thigh and face.[1] *Id*.; PX4013, Medical Records at pg. 699. He refused medical evacuation and remained with his unit. *Id*.

Cpl. Marsh's unit was also clearing houses down MSR Michigan that day. PX3900, Cpl. Garrett Marsh Dec. at ¶ f. He was manning the machine gun of his Humvee, which was in a small alley between two buildings, when either an RPG or mortar struck the building above his head and exploded. *Id*. Cpl. Marsh was momentarily knocked unconscious and received a shrapnel wound in his left arm. *Id*. A corpsman checked on him and he was cleared to return to combat. *Id*.

Both men continued combat over the ensuing days. On November15th, SSgt. McElwain's unit was attacking a series of buildings somewhere in the midst of

---

[1] The Casualty Report states that the injury was to SSgt. McElwain's left thigh. PX4003, SSgt. McElwain 11/09/04 Casualty Report. But whichever leg it was, there is no reason to question whether he did in fact suffer a shrapnel injury to a thigh on that day.

Fallujah. PX4000 at ¶ g. He gathered his squad near the base of a building. An insurgent shot an RPG towards SSgt. McElwain and the squad, striking the building "about a foot above" his head before exploding directly behind him. *Id*. The blast sent shrapnel into SSgt. McElwain's face and ruptured both his eardrums. *Id*. Again, he refused medical attention and returned to combat. *Id*.

Cpl. Marsh was also on patrol in the City that day. While he was on "foot patrol," insurgents began throwing grenades over a concrete wall. PX3900 at ¶ g. The explosions sent shrapnel into his arm, neck, and leg. *Id*; *See* PX3904, Cpl. Marsh 11/15/04 Casualty Report. A corpsman tended to his wounds and Cpl. Marsh reengaged into the fight. PX3900 at ¶ g.

Plaintiffs attribute the attacks on both days to AQI. To determine whether a terrorist group receiving material support from Defendants was responsible for the attacks that injured SSgt. McElwain and Cpl. Marsh, this Court's order on the bellwether attacks counsels consideration of several factors, including:

     (1) whether the tactics, methods, or weapons used in the attack could be linked to the groups Iran supported;

     (2) whether the attack occurred in an area operationally controlled by one of the subject terrorist groups Iran supported;

     (3) whether an expert credibly opined that the attack was committed by an Iran-backed terrorist group; and

     (3) any other indicia that one of the subject terrorist groups was responsible for the attack.

ECF No. 137 at pg. 7. When considering these factors, the evidence shows it is more likely than not that AQI was responsible for the attacks.

As a starting point, in its order and opinion regarding the Bellwether attacks, this Court found that AQI controlled Fallujah in November 2004, during the Second Battle of Fallujah. ECF No. 137 pgs. at 9–10. Plaintiff's expert offers the same opinion. Citing a CENTCOM report, Plaintiffs' expert similarly notes that Fallujah was one of AQI's "major strongholds," and it was able to stockpile "'tons of arms and munitions in 35 locations around the city…'" PX 4014 at pg. 4 (*citing* PX937 at pg. 2–3). The expert points out further that AQI was the "central insurgent force" in both Battles of Fallujah, and more than that, had "operational dominance" in Fallujah at the time. *Id.* at pgs. 5–6. On this point, the expert concludes that the geography and time of the attacks "serve as strong indicators that AQI conducted them." *Id.* at 5.

The expert also opines that the weapons and tactics used point to AQI's culpability. He explains attacks were "large-scale and coordinated," which was "characteristic of AQI's operations in Fallujah at this time." *Id.* at 6. Those attacks involved the use of "RPGs, mortars, sniper fire, and small arms fire," all weapons AQI insurgents were known to repeatedly use in Fallujah at the time. *Id.* Another of Plaintiffs' experts opined the same. *See* PX6, Expert Report of Dr. Michael Rubin at pg. 91 (*citing* PX215 at pg. 37). The evidence thus suggests that tactics, methods, and weapons employed point to AQI as the culpable party.

Based on this combination of geography, time, weapons, and tactics, the expert report Plaintiffs submitted specific to this attack concludes that AQI "very likely committed these complex attacks." PX4014 at pg. 4. The evidence in the

record supports that conclusion and I recommend the Court find that AQI committed the attacks that injured SSgt. McElwain and Cpl. Marsh.

## Recommended Conclusions of Law

The Court has previously determined that AQI received material support from Defendants. *See* ECF No. 137. The IED attack falls squarely within the exceptions from immunity in 28 U.S.C. § 1605A(a)(1). The expert report concludes that Iran's provision of material support was a proximate cause of the attack and that conclusion is supported by the record and previous rulings of this Court. *See* ECF No. 137.

## Recommendation

Based on the foregoing, I recommend that the Court enter judgment on behalf of Staff Sergeant Terry McElwain and Corporal Garret Marsh and hold Defendants liable for the attack that injured them.

Respectfully submitted,

Matthew D. Besser,
Special Master

 March 19, 2024

5