# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Estate of Christopher Brook Fishbeck, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:18-cv-02248-CRC |
| v. | ) ) | Judge Christopher R. Cooper |
| The Islamic Republic of Iran, *et al.*, | ) ) | Special Master Matthew D. Besser |
| Defendants. | ) ) ) | |

## Report and Recommendation
## Wave 2 Attack Number 40

In its August 30, 2023 Order, the Court assigned the Special Masters to review non-bellwether attacks and to make certain findings of fact and conclusions of law. ECF No. 140. For each attack, the Special Masters are to make or recommend findings of fact as to: (a) the terrorist group involved in the commission of the attack; (b) the personal injuries or deaths that occurred from the attack; and, (c) the relationship of the victims of the attack to the respective plaintiffs. *Id.* at 2. The Special Masters are to then make or recommend conclusions of law as to whether: (a) the attack involved a group that received material support from Defendants; (b) the attack involved an act listed in 28 U.S.C. § 1605A(a)(1); and, (c) Defendants' provision of material support was a proximate cause of the attack. *Id.* In accordance with this Court's order, the undersigned submits the following report and recommendation regarding wave 2 attack number 40.

**<u>Recommended Findings of Fact</u>**

On July 21, 2004, an IED attack in Salah ad-Din Province in Iraq destroyed the Bradley Fighting Vehicle U.S. Army Staff Sergeant Bradley Shadden was riding in, injuring him and killed a fellow soldier. *See* PX7911, Bradley Shadden Decl. at ¶¶ f–g; PX7901, Ops Report. Part of A Troop, 1-4 Cavalry operating out of FOB Mackenzie, Shadden's mission that day was to extract six soldiers waiting near the Tigris River who had been on a multi-day counter-IED mission. PX7911 at ¶ f. Shadden's convoy of two Bradley Fighting Vehicles picked up the soldiers and was returning to FOB MacKenzie just after midnight when an IED explosion briefly knocked Shadden unconscious. *Id.* at ¶ g. He awoke to find his vehicle on fire and filling up with smoke with members of his squad stuck inside screaming. *Id.* at ¶ h. Because he was in the open turret when the IED exploded, Shadden was able to jump off the vehicle and help pop open the back door to free the trapped soldiers. *Id.* at ¶¶ g–h. Terribly, the Bradley's driver, PFC Nicholas Blodgett, had already died from the IED explosion. *Id.* at ¶ h. Shadden himself suffered burns to his arms and hands from the blast and his efforts to free the trapped soldiers. *Id.* at ¶ i. The force of the IED "catastrophically destroyed" the 25-ton armored Bradley. *Id.* at ¶ k; *see* PX7914, Expert Report of Col. Mark Lee Walters, CW4 Ronald Evans, and CW3 David Sultzer at pg. 9.

Plaintiff's expert report attributes the attack to either Al Qaeda in Iraq or Ansar al-Islam. To determine whether a terrorist group receiving material support from Defendants was responsible for the attack, this Court's order on the bellwether attacks counsels consideration of several factors, including:

> (1) whether the tactics, methods, or weapons used in the attack could be linked to the groups Iran supported;
>
> (2) whether the attack occurred in an area operationally controlled by one of the subject terrorist groups Iran supported;
>
> (3) whether an expert credibly opined that the attack was committed by an Iran-backed terrorist group; and
>
> (3) any other indicia that one of the subject terrorist groups was responsible for the attack.

ECF No. 137 at pg. 7. When considering these factors, the evidence shows it is more likely than not that either AQI or AAI was responsible for the attack.

For one thing, the tactics, methods, and weapons used in the attack link it to AQI or AAI. As the expert report explains, to conduct a successful IED attack in darkness against a fast-moving heavily armored Bradley Fighting Vehicle required a level of training, weaponry, tactics, and overall sophistication associated with AQI and AAI. PX7914 at pgs. 8–9.

For another, the location of the attack southeast of Samarrah along the Tigris River further ties it to AQI or AAI. Those organizations "often worked in concert" in 2003 and 2004, conducting attacks against U.S. and coalition forces in this vicinity. *Id.* at 9. To that point, in late-December 2023, a DOD press briefing revealed that coalition forces raided an IED manufacturer southeast of Samarrah and uncovered a large cache of weapons and bomb-making materials alongside written and video Al Qaeda propaganda. PX 7914 at 5 (*citing* PX416, DOD press briefing). Meanwhile, declassified intelligence shows that AQI's leader Abu Musab al Zarqawi was able to travel to region three months after the attack, which suggests AQI enjoyed the

3

freedom of movement in the area that likely would have been needed to pull off an IED attack of this sophistication. PX7914 at pg. 8 (*citing* PX7915, December 2004 Intelligence Report).

Based on the totality of the evidence, it is more likely than not that either AQI or AAI was responsible for the attack that injured Staff Sergeant Bradley Shadden.

## Recommended Conclusions of Law

The Court has previously determined that AQI and AAI received material support from Defendants. *See* ECF No. 137. The IED attack falls squarely within the exceptions from immunity in 28 U.S.C. § 1605A(a)(1). And the evidence submitted by Plaintiffs specific to this attack and in general reflects that Iran's provision of material support enabled and was a proximate cause of the attack. *See, e.g.*, PX7914.

## Recommendation

Based on the foregoing, I recommend that the Court hold Defendants liable for the attack that injured Staff Sergeant Bradley Shadden.

Respectfully submitted,

_____
Matthew D. Besser,
Special Master

April 12, 2024