UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHRISTOPHER ) <br> BROOK FISHBECK, et al., ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> THE ISLAMIC REPUBLIC OF IRAN, et al., ) <br>  ) <br> Defendants ) <br>  ) | Civil Action No. 1:18-cv-2248-CRC |

### MOTION TO ADOPT REPORTS AND RECOMMENDATIONS
### AND FOR ENTRY OF FINAL JUDGMENT

Pursuant to the Administrative Plan (ECF Nos. 140 & 145), Plaintiffs now move this Court to adopt the Special Masters' Bellwether Damages and Wave 1 Reports and Recommendations and for entry of final judgment jointly and severally against Defendants[1] the Islamic Republic of Iran, Islamic Revolutionary Guard Corps, Iranian Ministry of Intelligence & Security, Bank Markazi, and Bank Melli Iran for the claims and plaintiffs addressed by the aforementioned Reports and Recommendations.[2]

This motion comes with urgency. On April 30, 2024, the Special Master overseeing the U.S. Victims of State Sponsored Terrorism Fund ("the Fund") announced the deadline for new applications of **July 1, 2024**, to be considered for a 2025 disbursement.[3] This new deadline is shorter than any prior year since the Fund's existence and lands earlier than any previous year. For

---

[1] Plaintiffs do not seek final judgment as to Defendant National Iranian Oil Company consistent with the Court's August 18, 2023 Memorandum Opinion and Order. *See* ECF No. 136.
[2] For the Court's convenience, a chart identifying the attack, plaintiffs, and corresponding damages awards recommended for each plaintiff, as well as relevant docket numbers for reports and recommendations is included in the proposed order filed herewith.
[3] *See* https://www.usvsst.com/Home/Announcements?id=20240429.

Plaintiffs to be in a position to submit a valid claim to the Fund by July 1, they must, after final judgment is issued, take additional steps, including translating the final judgment, serving that judgment on Defendants, and completing the 17-page Fund application. The Court and Plaintiffs could not have reasonably anticipated the July 1 deadline given the claim deadlines imposed in prior years. Because the Fund sunsets in 2039 and exhausts all available funds with each round of payments, additional payments beyond 2025 are not guaranteed.

The Special Masters have filed the following reports and recommendations:

- A global Report and Recommendation Regarding Legal Standards and Damages Frameworks, signed by all the Special Masters. *See* ECF No. 149;

- Reports and Recommendations regarding damages owed to plaintiffs whose claims arise from the Bellwether Attacks. *See* ECF Nos. 150, 151, 152, 153, 154, 155, 156, 158, 159, 161, 169, 183, and 196;

- Reports and Recommendations regarding liability for the Wave 1 Attacks. *See* ECF Nos. 174, 175, 176, 177, 178, 179, 182, 184, 185, 195, 203, and 209;

- Reports and Recommendations regarding damages owed to plaintiffs whose claims arise from the Wave 1 Attacks. *See* ECF Nos. 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 226, 227, 229, 230, 231, 232, 233, 234, and 235

Plaintiffs do not object to any of the above-mentioned Reports and Recommendations and respectfully ask the Court to adopt each and enter final judgment consistent with the Special Masters' recommendations.

By adopting the above Reports and Recommendations, 234 plaintiffs will have "establish[ed their] claim or right to relief by evidence satisfactory to the Court." 28 U.S.C. § 1608(e); *see also Warmbier v. Democratic People's Republic of Korea*, 356 F. Supp. 3d 30, 42 (D.D.C. 2018). Therefore, Plaintiffs hereby apply to the Court, under Rules 55(b)(2) and 54(b), for entry of final judgment jointly and severally against Defendants for the claims of these 237 specific plaintiffs.

Under Rule. 54(b), "[W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). There is no just reason for delay here. Because Defendants are absent defendants, they will not be prejudiced by "staggered appeals or the like." *Sheikh v. Republic of Sudan*, 485 F. Supp. 3d 255, 274 (D.D.C. 2020) (Bates, J.). Each Plaintiff's claim stands or falls on its own and, by entering final judgments now, the Court would help ensure that the Plaintiffs whose claims are now fully before the Court are able to apply to the Fund as quickly as possible, increasing their chance of receiving payment in the next payment cycle in 2025. *See Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 66 (D.D.C. 2018) (entering judgment pursuant to Rule 54(b) so plaintiffs would not be "prejudiced in their ability to receive prompt payment of all or some of their compensatory damages awarded from" the Fund); *see also* 34 U.S.C. § 20144(c)(2)(A) (plaintiffs will be eligible only with "a final judgment").

A proposed order is attached.

Dated: May 10, 2024.                                                                 Respectfully submitted,


                                                            */s/ Christopher G. Paulos*
Christopher G. Paulos
DC Bar No. 1615782
Florida Bar No. 0091579
Alyson M. Petrick
DC Bar No. 90015455
Missouri Bar No. 68323
**LEVIN, PAPANTONIO, RAFFERTY, PROCTOR, BUCHANAN, O'BRIEN, BARR, AND MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7067
Facsimile: (850) 436-6067

cpaulos@levinlaw.com
apetrick@levinlaw.com